UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S<small>ADE</small> C<small>OKER</small>,<br><br>       Plaintiff,<br><br>v.<br><br>G<small>OLDBERG</small> & A<small>SSOCIATES</small> P.C., and<br>J<small>ULIE</small> G<small>OLDBERG</small>, E<small>SQ</small>., an individual,<br><br>       Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 21-cv-1803<br><br><u>**J<small>URY</small> T<small>RIAL</small> R<small>EQUESTED</small>**</u> |

## INTRODUCTION

1. Plaintiff Sade Coker worked as an executive assistant and personal assistant for Defendants' law firm and its principal for several weeks in the fall of 2020. Defendants misclassified her as an exempt salaried employee, and when she worked considerably more than 40 hours in a workweek they did not pay her anything extra for overtime or "spread of hours" pay. When Plaintiff complained about not receiving overtime pay despite working long hours in a nonexempt role, Defendants fired her.

2. To challenge these and other wage law violations, Plaintiff brings this action, by and through her attorneys, against Defendants Goldberg & Associates P.C. and Julie Goldberg to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

A<small>NDERSON</small>D<small>ODSON</small>, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' law office located in the Bronx and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Goldberg & Associates P.C.**

6. Defendant Goldberg & Associates P.C. is a foreign corporation doing business within Bronx County at 5586 Broadway. 3rd Floor, Bronx, NY 10463. Its principal place of business is located at 14370 Ventura Blvd., Sherman Oaks, California. It is not registered with the NYS Department of State.

7. Goldberg & Associates P.C. holds itself out as being an immigration law firm.

8. Goldberg & Associates P.C. regularly transacts business in New York.

9. At all relevant times, Defendant Goldberg & Associates was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all relevant times, Defendant Goldberg & Associates had annual gross revenues in excess of $500,000.

11. At all times material to this action, Defendant Goldberg & Associates was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803 (SDNY)

Complaint
Page 2

**Defendant Julie Goldberg**

12. Defendant Julie Goldberg, an individual, resides in California and New York, upon information and belief.

13. Defendant Julie Goldberg maintains a residence in New York.

14. Julie Goldberg is an attorney licensed to practice in the state of California.

15. Julie Goldberg is not licensed to practice law in the state of New York.

16. Defendant Goldberg has an ownership interest in and/or is a shareholder of Goldberg & Associates.

17. Defendant Julie Goldberg is one of the ten largest shareholders of Goldberg & Associates.

18. At all times material to this action, Defendant Goldberg actively participated in the business of the Goldberg & Associates law firm.

19. At all times material to this action, Defendant Goldberg exercised substantial control over the functions of the company's employees including Plaintiff.

20. Defendant Goldberg hired Plaintiff, fired her, assigned her day-to-day tasks, directed her activities, and supervised her work.

21. Defendant Goldberg was Plaintiff's boss.

22. At all times material to this action, Defendant Goldberg was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA, and the NYLL.

**Plaintiff Sade Coker**

23. Plaintiff Sade Coker is a resident of New York.

24. Plaintiff Sade Coker worked for Goldberg & Associates as an Executive Assistant from September 25, 2020 to October 30, 2020.

25. All of Plaintiff's work for the Defendants occurred within the state of New York.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803 (SDNY)

Complaint
Page 3

26. At all times material to this action, Plaintiff Coker was an "employee" within the meaning of 29 U.S.C. § 203(e).

27. As an executive assistant/ personal assistant, Plaintiff's duties and responsibilities were varied. Sometimes she performed the work of a legal assistant such as organizing case documents, and on other days Plaintiff would be asked to assist Defendant's mother and to schedule personal appointments.

28. While working in this capacity, Plaintiff Coker was expected to record time worked by keeping a handwritten daily log.

29. Plaintiff worked 83 hours of overtime, or thereabouts, during the course of her employment with Defendants, as follows:

| Dates | Hours Worked | Overtime Hours |
|---|---|---|
| 9/25 – 9/30/2020 | 45 | 5 |
| 10/1 – 10/15 | 145 | 65 |
| 10/16-10/30 | 53 | 13 |
| **TOTAL** | | **83** |

30. For hours over 40 worked in the workweek, Plaintiff was not compensated anything above her regular salary.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

31. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

***Failure to Pay Time Overtime Properly***

32. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803 (SDNY)

Complaint
Page 4

hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

***Willful & Not Based on Good Faith & Entitlement to Damages***

33. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

34. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

35. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

36. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

37. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

***Failure to Pay Overtime***

38. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

***Spread of Hours***

39. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay her an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803 (SDNY)

Complaint
Page 5

*Damages*

40. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover her unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### FLSA – RETALIATION

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

42. Plaintiff inquired or complained verbally about her lack of overtime pay to her immediate superior, Julie Goldberg.

43. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

44. Shortly thereafter, Defendant Goldberg terminated Plaintiff's employment.

45. Plaintiff's termination from employment was an adverse employment action.

46. Plaintiff's termination from employment was causally connected to her inquiries regarding her overtime pay.

47. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

48. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803 (SDNY)

Complaint
Page 6

### As And For A First Cause of Action:
### NYLL – RETALIATION

49. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

50. By complaining about overtime issues to Defendants, Plaintiff engaged in an activity protected under NYLL § 215(2).

51. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

52. As a result of these violations by Defendants of the NYLL, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803 (SDNY)

Complaint
Page 7

(E)   Award Plaintiff appropriate damages for the retaliatory acts taken against her, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(F)   Award Plaintiff interest;

(G)   Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H)   Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **2nd** day of **March, 2021.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803 (SDNY)

Complaint
Page 8