# Fair Labor Defense LLC
188 Grand Street, Suite 225, New York, NY 10013

May 6, 2021

Hon. Edgardo Ramos
U.S. District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: Defendants' Pre-Motion Letter in *Coker v. Goldberg & Associates P.C. et al.*, No. 21 Civ. 01803 (S.D.N.Y.)

Judge Ramos:

  This firm represents the defendants, Goldberg & Associates P.C. and Julie Goldberg, in the above-captioned action. I write pursuant to Part 2.A. of the Court's Individual Practices in order to request a pre-motion conference prior to filing a motion to dismiss.

**A.** **Brief Background**

  The following allegations are based on Plaintiff's complaint and accepted as true for purposes of this letter. ¶¶1-52.[1] Defendant Goldberg & Associates P.C. is a law firm that focuses on immigration law, ¶7, and "Julie Goldberg is an attorney licensed to practice in the state of California." ¶14.

  "Plaintiff Sade Coker worked for Goldberg & Associates as an Executive Assistant from September 25, 2020 to October 30, 2020." ¶24. During this five week period, "Defendant Goldberg was Plaintiff's boss." ¶21. "As an executive assistant/ personal assistant, Plaintiff's duties and responsibilities were varied. Sometimes she performed the work of a legal assistant such as organizing case documents, and on other days Plaintiff would be asked to assist Defendant's mother and to schedule personal appointments." ¶ 27. "Plaintiff inquired . . . about her lack of overtime pay to her immediate superior, Julie Goldberg. . . . Shortly thereafter, Defendant Goldberg terminated Plaintiff's employment." ¶¶41-43.

  Through counsel, Plaintiff filed a complaint on March 2, 2021, in which she has asserted two federal claims against Defendants for failure to pay overtime (¶¶ 31-35) and retaliation (¶¶ 41-48) under the Fair Labor Standard Acts ("FLSA"), 29 U.S.C. 201 *et seq*. Plaintiff also brings three claims under New York Labor Law and alleges supplement jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

---

[1] ¶_ refers to paragraph _ of the Complaint filed on March 2, 2021. *See* Dkt. #1.

# Fair Labor Defense LLC
188 Grand Street, Suite 225, New York, NY 10013

**B.     Plaintiff's Federal Overtime Claim Should Be Dismissed**

Plaintiff's own allegations establish that she worked as an executive assistant and is, thus, exempt from the FLSA's overtime requirements. The Complaint states: "Plaintiff Sade Coker worked for Goldberg & Associates as an Executive Assistant from September 25, 2020 to October 30, 2020." ¶ 24. Department of Labor regulations state: "An *executive assistant* or administrative assistant to a business owner . . . meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." 29 C.F.R. § 541.203(d) (emphasis added); *see also Opinion Letter Fair Labor Standards Act (FLSA)*, 2006 WL 4512965, *1-*2, *6 (U.S. Dep't of Labor Oct. 26, 2006) (executive assistant job fell within the administrative exemption).

Even though it is an affirmative defense, an FLSA exemption "may be raised in a pre-answer Rule 12(b)(6) motion 'if the defense appears on the face of the complaint.'" *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) (quoting *Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007). Plaintiff's claim must therefore be dismissed.

In addition, if Plaintiff were to argue that she did not "really" work as an executive assistant, then Plaintiff's allegations are simply too vague to satisfy the requirements of the Federal Rules and Plaintiff has failed to adequately describe the work she performed. A plaintiff is "reasonably expected to recall basic facts about [her] own work experience, such as . . . the types of tasks he performed during his overtime hours." *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014).

Plaintiff has only one allegation about her job: "As an executive assistant/personal assistant, Plaintiff's duties and responsibilities were varied. Sometimes she performed the work of a legal assistant such as organizing case documents, and on other days Plaintiff would be asked to assist Defendant's mother and to schedule personal appointments." ¶ 27. Indeed, it is telling that even though this is a dispute about overtime, Plaintiff does not allege her salary of $85,000. Plaintiff's allegations fundamentally lack "factual context or content." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

The paucity of facts about Plaintiff's own work experience in light of this well-known defense (*i.e.*, executive assistants are exempt from the FLSA) leads to the conclusion that Plaintiff is, to borrow a phrase used by courts in this Circuit, "hiding the ball." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 111 (2d Cir. 2013). Regardless, this claim is subject to a defense that appears on the face of the complaint or should be dismissed for being too vague to sustain a claim particularly given that Plaintiff could have easily alleged any relevant facts to state a plausible claim if they exist.

# Fair Labor Defense LLC
188 Grand Street, Suite 225, New York, NY 10013

### C.	Plaintiff's Federal Retaliation Claim Should Be Dismissed

Plaintiff has also failed to state a plausible retaliation claim under the FLSA. Buried in the legal claims section of the Complaint are the following allegations: "Plaintiff ***inquired or*** complained verbally about her lack of overtime pay to her immediate superior, Julie Goldberg. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA. Shortly thereafter, Defendant Goldberg terminated Plaintiff's employment." ¶¶ 41-43 (emphasis added).

An oral complaint is protected activity under the FLSA only if "the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). Plaintiff "must show that that 'a reasonable employer' could find that her complaint would fall under the scope of the FLSA's protection." *Marcotte v. City of Rochester*, 677 F. App'x 723, 726 (2d Cir. 2017).

Plaintiff has, at most, alleged facts "merely consistent with" liability and, thus, failed to cross "the line between possibility and plausibility of 'entitlement of relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Making an "inquiry" about "lack of overtime pay" is not an assertion of rights protected by federal law along with a call for their protection. Nor, even crediting this allegation as true, is it plausible that any reasonable employer would find that <u>an inquiry</u> falls under the FLSA's protection. Rule 8 itself requires a showing of entitlement to relief for retaliation, which Plaintiff's Complaint fails to provide.

### D.	Conclusion

Defendants request a pre-motion conference as they intend to move to dismiss the federal claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. If the federal claims are dismissed, then the Court should decline supplemental jurisdiction over the state claims at this early stage of the litigation. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Respectfully,

/s/ *David Kasell*
David Kasell
Fair Labor Defense LLC
188 Grand Street, Suite 225
New York, NY 10013
(800) 724-3341