

May 22, 2021

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

<u>Via ECF Only</u>

    RE:    *Coker v. Goldberg & Associates P.C.,* Case No. 1:21-cv-1803-ER
                <u>Plaintiff's Response to Defendants' Proposed Motion to Dismiss</u>

Your Honor:

On behalf of the Plaintiff, we contend that Defendants' proposed arguments are better suited to post-discovery summary judgment than to a Rule 12 motion. Not only does the crux of their argument relate to an affirmative defense rather than an element of pleading, but they depend heavily if not entirely on how the underlying facts will bear out in discovery.

It is well settled in wage law jurisprudence that an employee's title is not determinative of her exemption status. 29 CFR § 541.2. Thus, even if hypothetically one were to allege that a plaintiff's title were "manager," that would not automatically mean that he was subject to the executive exemption. What we have to focus on is, of course, the nature of the employee's duties. *Id.* Here, Defendants assert the "administrative" exemption. In order to qualify for that she would have to have independent judgment and discretion regarding matters of significance. 29 C.F.R. § 541.202. We contend that the nature of her duties simply was not of that character. Discovery will bear this out one way or the other.

There is no hiding of the ball here. The Plaintiff did not work for the Defendants long enough for there to be much of a ball to hide. In this case Defendants referred to the Plaintiff as a hybrid "EA/PA" – executive assistant and personal assistant. As alleged, sometimes her duties were that of a more personal nature, and sometimes they related more to the business. Regardless, in both cases she was a "Girl Friday" who was essentially tasked to do the individual Defendant's bidding. In the pecking order she was below the paralegals in terms of anything relating to firm work (and paralegals themselves are generally not exempt, barring unusual circumstances). She did some

minor filing and similar. Beyond that she did personal tasks for Defendant such as picking up dry cleaning. In due course, in discovery, we believe it will become apparent that Defendants will not be able to satisfy their burden to show that she was exempt.

Perhaps more importantly, Defendants have not proven with a preponderance of the evidence that her duties *did* reach the requisite level of have independent judgment and discretion. Thus, as a matter of law their motion could not survive at this juncture.

For the retaliation claims, similarly, the "whole story" need not be recited in the complaint. We have indicated that the plaintiff complained to her boss after not being paid overtime pay and then was fired. While *Iqbal* and *Twombly* did clarify that FRCP 8 requires more than threadbare allegations and legal conclusions, they do not require the level of detail that Defendants contend are warranted here. Overly detailed factual allegations need not be asserted, and the court reading a complaint is instructed to read it "generously, drawing all reasonable inferences from its allegations in favor of the plaintiff." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515, (1972). The Complaint must simply set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard," is a flexible one, "obliging a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Nichols*, 608 F. Supp. 2d at 530, citing *Iqbal*. Here, Plaintiffs' claims have been more than adequately pled under the standards set forth

Should the Court feel that further detail is warranted in the Complaint we would ask for leave to amend our complaint. However, we feel that even this stage is unnecessary and would only serve to delay the case. Our firm recently received a ruling on a motion to dismiss in the EDNY after a wait of over five years, so we are perhaps especially sensitive to trying to avoid delays where we can.

We appreciate the Court's attention to this matter.

Sincerely,

Penn Dodson, Esq.
penn@andersondodson.com