UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SADE COKER,

                Plaintiff,

    -- against --

GOLDBERG & ASSOCIATES P.C., and
JULIE GOLDBERG, ESQ., an individual,

                Defendants.
------------------------------------------------------------X

No. 21 Civ. 1803 (ER)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

David Kasell
Fair Labor Defense LLC
188 Grand Street, Suite 225
New York, NY 10013
(800) 724-3341
Counsel for Defendants

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), Defendants Goldberg & Associates P.C. and Julie Goldberg ("Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Plaintiff Sade Coker ("Plaintiff").

## I. BRIEF BACKGROUND

Defendant Goldberg & Associates P.C. is a law firm that focuses on immigration law. ¶7.[1] "Julie Goldberg is an attorney licensed to practice in the state of California." ¶14. "Plaintiff Sade Coker worked for Goldberg & Associates as an Executive Assistant from September 25, 2020 to October 30, 2020." ¶24. For these five weeks, "Defendant Goldberg was Plaintiff's boss." ¶21.

"As an executive assistant / personal assistant, Plaintiff's duties and responsibilities were varied. Sometimes she performed the work of a legal assistant such as organizing case documents, and on other days Plaintiff would be asked to assist Defendant's mother and to schedule personal appointments." ¶ 27. "Plaintiff inquired . . . about her lack of overtime pay to her immediate superior, Julie Goldberg. . . . Shortly thereafter, Defendant Goldberg terminated Plaintiff's employment." ¶¶41-43.

Through counsel, Plaintiff filed a complaint asserting two federal claims against Defendants for failure to pay overtime (¶¶ 31-35) and retaliation (¶¶ 41-48) under the Fair Labor Standard Acts ("FLSA"), 29 U.S.C. 201 *et seq*. Plaintiff also brings three claims under New York Labor Law and alleges supplement jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

## II. OVERVIEW OF FLSA REQUIREMENTS

The FLSA, the federal wage-and-hour statute enacted in 1938, requires that employers pay specified minimum and overtime wages. See 29 U.S.C. §§ 206, 207. Section 13 of the Act

---

[1] This background is based on the allegations in the Complaint, which are accepted as true solely for purposes of Defendants' motion to dismiss. ¶_ refers to paragraph _ of the Complaint filed on March 2, 2021. *See* Dkt. #1.

exempts thirty-eight categories of employees from the Act's overtime wage requirements. The United States Supreme Court has held that the FLSA's exemptions "are as much a part of the FLSA's purpose as the overtime-pay requirement," and thus courts "have no license to give the exemption anything but a fair reading." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018); *see also Munoz-Gonzalez v. D.L.C. Limousine Service, Inc.*, 904 F.3d 208 (2d. Cir. 2018) (applying a "fair" rather than "narrow" reading to exemptions to the Fair Labor Standard Act's overtime wage requirements)

### III. STANDARD ON A MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are `merely consistent with' a defendant's liability, it `stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick*, 861 F.3d at 35 (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)). In other words, the Court must evaluate the motion to dismiss by "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Even though it is an affirmative defense, an FLSA exemption "may be raised in a pre-answer Rule 12(b)(6) motion 'if the defense appears on the face of the complaint.'" *Chen v.*

2

*Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) (quoting *Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007).

## IV.    EXECUTIVE ASSISTANTS ARE EXEMPT FROM THE FLSA

Plaintiff's own allegations establish that she **worked** as an executive assistant and is, thus, exempt from the FLSA's overtime requirements. The Complaint clearly alleges: "Plaintiff Sade Coker **worked for Goldberg & Associates as an Executive Assistant** from September 25, 2020 to October 30, 2020." ¶ 24 (emphasis added).  In addition, Department of Labor regulations state: "An executive assistant or administrative assistant to a business owner . . . meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." 29 C.F.R. § 541.203(d) (emphasis added); *see also* Opinion Letter Fair Labor Standards Act (FLSA), 2006 WL 4512965, *1-*2, *6 (U.S. Dep't of Labor Oct. 26, 2006) (executive assistant job fell within the administrative exemption).

Even though it is an affirmative defense, an FLSA exemption "may be raised in a pre-answer Rule 12(b)(6) motion 'if the defense appears on the face of the complaint.'" *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) (quoting *Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007).

Defendants well understand that DOL regulations provide that the exempt or nonexempt status of an employee cannot be assessed from an employee's job title alone, but instead must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations. 29 C.F.R. § 541.2.  But here, Plaintiff's allegations far exceed alleging that she only

3

had the title of "executive assistant." Rather, the Complaint states: "Plaintiff Sade Coker **worked . . . as an Executive Assistant** . . . ." ¶ 24 (emphasis added).

In addition, if Plaintiff were to argue based on <u>this Complaint</u> that she did not "really" work as an executive assistant, then Plaintiff's allegations are simply too vague to satisfy the requirements of the Federal Rules and Plaintiff has failed to adequately describe the work she performed. A plaintiff is "reasonably expected to recall basic facts about [her] own work experience, such as . . . the types of tasks he performed during his overtime hours." *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014). Plaintiff has only one allegation about her job: "As an executive assistant/personal assistant, Plaintiff's duties and responsibilities were varied. Sometimes she performed the work of a legal assistant such as organizing case documents, and on other days Plaintiff would be asked to assist Defendant's mother and to schedule personal appointments." ¶ 27.

Indeed, it is telling that even though this is a dispute about overtime, Plaintiff does not allege her salary of $85,000. Plaintiff's allegations fundamentally lack "factual context or content." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013). The paucity of facts about Plaintiff's own work experience in light of this well-known defense (i.e., executive assistants are exempt from the FLSA) leads to the conclusion that Plaintiff is, to borrow a phrase used by courts in this Circuit, "hiding the ball." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 111 (2d Cir. 2013). Regardless, this claim is subject to a defense that appears on the face of the complaint or should be dismissed for being too vague to sustain a claim particularly given that Plaintiff could have easily alleged any relevant facts to state a plausible claim if they exist.

## V.     PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE RETALIATION CLAIM

Plaintiff has also failed to state a plausible retaliation claim under the FLSA. Buried in the legal claims section of the Complaint are the following allegations: "Plaintiff inquired or complained verbally about her lack of overtime pay to her immediate superior, Julie Goldberg. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA. Shortly thereafter, Defendant Goldberg terminated Plaintiff's employment." ¶¶ 41-43 (emphasis added).

An oral complaint is protected activity under the FLSA only if "the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" Greathouse v. JHS Sec. Inc., 784 F.3d 105, 107 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). Plaintiff "must show that that 'a reasonable employer' could find that her complaint would fall under the scope of the FLSA's protection." *Marcotte v. City of Rochester*, 677 F. App'x 723, 726 (2d Cir. 2017).

Plaintiff has, at most, alleged facts "merely consistent with" liability and, thus, failed to cross "the line between possibility and plausibility of 'entitlement of relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Making an "inquiry" about "lack of overtime pay" is not an assertion of rights protected by federal law along with a call for their protection. Nor, even crediting this allegation as true, is it plausible that any reasonable employer would find that an inquiry falls under the FLSA's protection. Rule 8 itself requires a showing of entitlement to relief for retaliation, which Plaintiff's Complaint fails to provide.

## VI. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION

Because the federal claims must be dismissed, the Court should decline supplemental jurisdiction over the state claims at such an early stage of the litigation. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie-Mellon*, *supra*).

Because the Court will have addressed, and Defendants respectfully submit should dismiss the federal claims early in the litigation, declining jurisdiction over the remaining state and municipal claims would not disserve the principles of judicial economy, convenience, or fairness.

## VII. CONCLUSION

For the reasons above, Defendants respectfully submit that the Complaint be dismissed.

/s/  David Kasell<br>
David Kasell<br>
Fair Labor Defense LLC<br>
188 Grand Street, Suite 225<br>
New York, NY 10013<br>
(800) 724-3341<br>
Counsel for Defendants

All Counsel served by CM/ECF