# Fair Labor Defense LLC
188 Grand Street, Suite 225, New York, NY 10013

August 4, 2021

Hon. Edgardo Ramos
U.S. District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    **Defendants' Letter Motion for Order Enjoining Plaintiff's Counsel in**
              *Coker v. Goldberg & Associates P.C. et al.*, No. 21 Civ. 01803 (S.D.N.Y.)

Judge Ramos:

      This firm represents the defendants, Goldberg & Associates P.C. and Julie Goldberg, in the above-captioned action. I write pursuant to Part 2.A. of the Court's Individual Practices in order to request an order: (1) referring the matter described herein to the designated Magistrate Judge for an *in camera* review and argument, (2) enjoining Plaintiff's counsel from filing a purported "Rule 11" letter with the Court containing confidential information received exclusively for the mediation process, and (3) enjoining Plaintiff's counsel from filing any motion without first complying with Part 2.A.ii of the Court's Individual Practices, which requires a pre-motion conference letter.

**A.**    **Background**

      Early this year, Plaintiff filed a complaint (Dkt. 1) asserting two federal claims under the Fair Labor Standard Acts ("FLSA"), 29 U.S.C. 201 *et seq.* and three claims under New York Labor Law. On May 6, 2021, Defendants submitted a pre-motion letter (Dkt. 10) requesting a conference on their anticipated motion to dismiss the complaint in compliance with Part 2.A.ii of the Court's Individual Practices. By the end of the day, the Court granted Defendants' request (Dkt. 11) and set a conference for four weeks later on June 2, 2021.

      The Court issued a standing order to send "FLSA cases" to mandatory mediation (Dkt. 12). As this Court knows well: "Cases filed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, assigned to District Judges Abrams, Briccetti, Carter, Daniels, Ramos, Seibel, and Woods will, once the defendant appears, be ordered directly to mediation with limited pre-mediation disclosures."[1] Under the Court's Order, the parties were directed to participate in mediation. On May 18, 2021, a mediator was assigned.

---

[1] https://www.nysd.uscourts.gov/sites/default/files/pdf/Mediation/Mediation%20Rules%20and%20Procedures/FLSA%20Announcement%20and%20Order.pdf

# Fair Labor Defense LLC
188 Grand Street, Suite 225, New York, NY 10013

Despite the fact that the Court's Individual Practices are clear that "opposing party shall submit a letter . . . setting forth its position **within three business days** from the service of the moving party's [pre-motion to dismiss] letter," opposing counsel waited fifteen days to file a response on May 22, 2021 (Dkt. 13) (emphasis added). Plaintiff's untimely letter is filed with allegations **not** in the Complaint.  Such statements include counsel's statement that:

> Plaintiff "was a 'Girl Friday' who was essentially tasked to do the individual Defendant's bidding. In the pecking order she was below the paralegals in terms of anything relating to firm work (and paralegals themselves are generally not exempt, barring unusual circumstances). She did some minor filing and similar. Beyond that she did personal tasks for Defendant such as picking up dry cleaning. In due course, in discovery, we believe it will become apparent that Defendants will not be able to satisfy their burden to show that she was exempt.

Dkt. 13 at 1-2.

Nowhere does the Complaint allege the "pecking order" of the workplace.  Moreover, stating that Plaintiff was treated like "Girl Friday" is offensive as it is an obvious reference to "My Man Friday" from the 1719 novel "Robinson Crusoe," where a castaway treats another man as a slave and egregiously calls him "Friday."  The novel "is actually a handbook of how Europeans could efficiently colonize territories in Africa and the Americas, and exploit both the resources and the working people there." Gaby Reucher, "Avoiding racism: The struggle to use the right word," *Deutsche Welle* (Oct. 3, 2018).[2]

Putting this to one side, the fact is this:  Counsel's statements are **not** in the Complaint.  For this reason, Defendants have **repeatedly** asked Plaintiff to file an amended complaint -- something Plaintiff has the right to do under Fed. R. Civ. P. 15(a)(1)(B) without asking anyone's permission.  Plaintiff's counsel has refused to amend the complaint and instead -- slyly -- stating they "believe" that in "due course, in discovery," Plaintiff will prevail.  Discovery, of course, is expensive -- as Plaintiff's counsel must be aware.

Instead of filing an amended complaint that comports counsel's unsworn statements to the **actual** complaint to which Defendants must answer and which will guide the entire litigation, Plaintiff's counsel sent defense counsel a "safe harbor" letter and a proposed motion under Rule 11 giving Defendants 21 days to withdraw the motion to dismiss.

If and when defense counsel needs to respond to the ludicrous notion that no reasonable attorney could file a motion to dismiss Plaintiff's actual complaint, counsel will do so.  It bears briefly noting that all the arguments on the motion to dismiss (Dkt. 20) were already presented to this Court (Dkt. 10) and the Court then issued the Order:  "If at that time

---

[2] https://www.dw.com/en/avoiding-racism-the-struggle-to-use-the-right-words/a-37767796

# Fair Labor Defense LLC
188 Grand Street, Suite 225, New York, NY 10013

[meditation fails and] the defendants wish to move to dismiss the parties shall provide a proposed briefing schedule." (Dkt. 13) (June 4, 2021).

This Court has seen many motions to dismiss. If Defendants were presenting a patently unmeritorious or frivolous motion, that argument would have come up at the conference or at the very least in the letter submitted by Plaintiff's counsel in opposition to the request for a pre-motion conference on the motion to dismiss.

However, there are two far more pressing problems now: *First*, Plaintiff's counsel has included in their safe harbor letter and proposed motion, material (or a description of material) related to information received exclusively for the mediation process and their own description of **what occurred** in parts of the mediation. Furthermore, Plaintiff's counsel refused to agree to remove the portions of the letter that Defendants asked to be removed on the grounds they violate the mediation agreement, which was signed by Plaintiff's counsel and, frankly, underpinned the entire mediation program.

*Second*, Plaintiff's counsel has refused to agree that they will comply with the Court's Individual Practices that require them to request a pre-motion conference. Instead, counsel vaguely claims that there is "an intersection of procedural rules potentially at odds with each other" -- whatever that means. Plaintiff's counsel doesn't elaborate on what rules they are referring to, how they are "potentially at odds" or -- far more importantly -- how this allows them to ignore this Court's Individual Practices.

Plaintiff's counsel's refusal to remove the material related to the mediation and refusal to agree they must first have a pre-motion conference before filing a motion leads to one conclusion: At the end of the 21 days (August 24, 2021), or perhaps before, Plaintiff's counsel will file the safe harbor letter disclosing material (or a description of material) related to information received exclusively for the mediation process and their own description of **what occurred** in parts of the mediation.

In light of this conclusion, Defense counsel requests that the Court issue an order: (1) referring the matter involving the confidential material to the designated Magistrate Judge for an *in camera* review and argument, (2) enjoining Plaintiff's counsel from filing anything related to a Rule 11 motion including but not limited to the safe harbor letter until the Magistrate Judge has resolved what information is protected by mediation, and (3) enjoining Plaintiff's counsel from filing any motion without first complying with Part 2.A.ii of the Court's Individual Practices, which requires a letter requesting a pre-motion conference.

Respectfully,

/s/ *David Kasell*
David Kasell
Fair Labor Defense LLC