

August 5, 2021

Hon. Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
<u>Via ECF Only</u>

      Re:    *Coker v Goldberg & Associates P.C.* 1:21-cv-1803-ER
              Plaintiff's Response to Defendant's Letter Motion [Dkt. 21]

Your Honor:

It is hard not to start this response with the phrase "with all due respect to defense counsel…" but instead we will begin with "It is hard not to…"

We ask that the court deny Defendant's letter motion as moot.

Defendants and/or their counsel continue to attempt to get mired in elaborate procedural gamesmanship rather than focusing on the merits and substance of the issues and also to create opportunities for "getting the judge's ear" when it's not the right time in the case to do so. This is what we object to – both in this letter motion and more generally.

Please see the attached emails, for context.

Our current intention is to file our response to defendants' motion to dismiss in accordance with the briefing schedule in place. Once the "safe harbor" period has expired, if defendants have not withdrawn their motion, we intend to file a letter motion to the court, with the Rule 11 motion attached, asking whether an additional premotion conference was warranted, as it seemed to be defendants' position that one was but ours that it was part of the motion to dismiss process already at issue. (See Ex. A, emails & attached proposed letter.) As to what would be attached to that or the ultimate Rule 11 motion, it was/ is our intent to take another look and ensure that none of the submissions were of a confidential nature, in light of the concerns that opposing counsel raised.

It was not originally our intention to raise the Rule 11 motion's existence to the court's attention prior to the expiration of the 21 safe harbor period, and were surprised when the defendants seemed to want to bring it up before that.

Defendants' requests to the court are as follows:

> in order to request an order: (1) referring the matter described herein to the designated Magistrate Judge for an *in camera* review and argument, (2) enjoining Plaintiff's counsel from filing a purported "Rule 11" letter with the Court containing confidential information received exclusively for the mediation process, and (3) enjoining Plaintiff's counsel from filing any motion without first complying with Part 2.A.ii of the Court's Individual Practices, which requires a pre-motion conference letter.

None of these are warranted given what has happened or was going to happen, which is why we ask that the court deny these requests as moot.

As an aside, but because counsel brought up the allegedly offensive terminology, I do want to re-state: what I emailed to counsel on July 15, 2021: "First, and I mean this in all seriousness, thank you for bringing it to my attention that there might be a perception that that phrase has race-related or racist undertones. I had no idea. Literally in my mind when I used that phrase the image that popped into my mind was a Caucasian woman with big 80s hair and one of those blouses that has the built in bow-tie attached. My intent was to try to simplify rather than complicate the issues by using an informal phrase. I intended it as something along the lines of the [Merriam-Webster Dictionary definition](#) ("a female assistant (as in an office) entrusted with a wide variety of tasks") or even the [Urban Dictionary](#) definition – "A 'go to' girl; a female who will help you get things taken care of; a female you can rely on when you are in need of extra assistance." To the extent that there may be connotations of anything outside of that, I'm happy to revise my lingo going fwd."

This is, or should be, a straight-forward short-tenured single-plaintiff wage and hour case. There is primarily one legal question – an affirmative defense regarding alleged exemption status - that requires factual development. We ask that as that unfolds, Defendants' attempts at distraction from doing so be kept in check.

Thank you for your consideration of these matters.

Sincerely,

*Penn Dodson*

Penn Dodson, Esq.
*penn@andersondodson.com*

Attachments:
    A. Emails re: pre-motion conference re: Rule 11 motion
    B. Emails re: "confidential" sections of Rule 11 cover letter