**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SADE COKER,

                    Plaintiff,

v.

GOLDBERG & ASSOCIATES P.C., and
JULIE GOLDBERG, ESQ., an individual,

                    Defendants.

---

Case No. 21-cv-01803 (ER)

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS

Plaintiff Sade Coker, through her undersigned counsel, submits the following in Opposition to Defendants' Motion to Dismiss, as follows:

## I.   INTRODUCTION

Plaintiff Sade Coker worked for Defendants' law firm for a brief period of time as a "Personal Assistant/Executive Assistant."  During her employment, Plaintiff worked overtime and was not paid for that overtime. When Plaintiff raised the issue of lack of overtime, Defendants fired her in retaliation. This is the gravamen of Plaintiff's claims.

Defendants have sought to move to dismiss the Plaintiff's Complaint. Defendants' first argument can be summarized as follows: "Plaintiff alleges in her Complaint that she was an Executive Assistant. Therefore, she should be deemed exempt from the FLSA (and NYLL)." As a matter of law, this argument must be denied. Exemption status is an affirmative defense, for which the Defendants bear the burden of proof. The only "evidence" they have stated to allegedly support their position is that part of her title was Executive Assistant. The law is

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

clear that titles are not determinative of exemption status; the actual duties performed must be evaluated. *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (2000); see also 29 C.F.R. § 541.2. Further, even if one were to examine the substance or merits of the defense, it fails. The tasks she performed were those of a legal assistant and personal assistant. Her "primary duty" was to do what her boss told her to do. She was not subject to any exemptions. All of this will be borne out through discovery, summary judgment, and/or trial. A Rule 12 motion to dismiss is the wrong procedural mechanism to address these issues. Plaintiff therefore respectfully asks the Court to deny Defendants' Motion to Dismiss and allow this case to proceed to discovery.

## II.  STANDARD OF LAW

The Complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlanlic Corp. v. Twombly*, 5 U.S. 544, 555 (2007). This "plausibility standard," however, is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts *where such amplification is needed* to render the claim plausible." *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 530 (S.D.N.Y. 2009), citing *Iqbal* (emphasis added).

A motion to dismiss claims under Fed. R. Civ. P. 12(b)(6) is subject to an extremely high standard - even in a post-*Iqbal* and *Twombly* legal environment.  After all, these cases did not abnegate the Fed. R. Civ. P. 8(a)(2) requirement that a Complaint be "a *short* and *plain* statement of  the  claim." Fed. R. Civ. P. 8(a)(2) (emphasis added). Even *Iqbal* itself, citing *Twombly*, said that "the pleading standard Rule 8 announces *does not require 'detailed factual allegations,'* but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 129 S. Ct at 1949 (emphasis added).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 2

In deciding a motion to dismiss, a court may consider the pleadings and attached exhibits, statements, or documents incorporated by reference, and matters subject to judicial notice, but no more. *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008) (citing *Prentice v. Apfel*, 11 F.Supp.2d 420, 424 (S.D.N.Y. 1998) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 621-22 (S.D.N.Y. 2008).

Here, Plaintiff need not have alleged that she was a non-exempt employee at all since that is an affirmative defense. However, even so, she has alleged that her duties were of a character that do not subject her to any exemptions.

### III. PROCEDURAL BACKGROUND

On March 2, 2021, Plaintiff, through counsel, filed her Complaint [Dkt. 1]. On May 6, 2021, Defendants filed a pre-motion conference letter regarding their proposed motion to dismiss. [Dkt. 10]. Plaintiff responded to the letter on May 22, 2021 [Dkt. 13]. On June 4, 2021, the parties engaged in a telephone conference with the Court, at which time the Court reiterated that the parties must engage in mandatory mediation before proceeding with litigation. On July 16, 2021, the parties engaged in mediation via remote technology. After this was unsuccessful, the parties submitted a briefing schedule within 48 hours, as the Court had directed. Defendants then filed their Motion to Dismiss in alignment with that schedule. Plaintiff now submits this timely response.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 3

## IV. ARGUMENT

### A. DEFENDANTS' MOTION TO DISMISS MUST BE DENIED.

In response to a motion to dismiss, the Court could a) grant the motion and dismiss the case on substantive grounds (i.e. when there is no set of facts that reasonably could be pled that would suffice) b) grant the motion but permit the plaintiff to re-plead (when the complaint simply lacks specificity) or c) deny the motion, and allow litigation to continue.

Here, option a) would be improper because the only basis upon which Defendants have made their assertion is that Plaintiff has included in her Complaint the title that Defendants gave Plaintiff, half of which (executive assistant) can sometimes, in some contexts, be the title of someone who turns out to be subject to the FLSA's administrative exemption. Plaintiff of course contends that her duties do not meet the criteria for the exemption and that eventually a court of law should determine that she was not exempt. However, that is a question for Rule 56 summary judgment, premised upon facts and evidence, not one for Rule 12 treatment.

Option b) also would not be appropriate in this circumstance. It is well settled that a plaintiff need not plead elements of defendants' affirmative defenses in their complaints. *Black*, 76 F.3d at 75. Furthermore, overly detailed factual allegations need not be asserted, and the court reading a complaint is instructed to read it "generously, drawing all reasonable inferences from its allegations in favor of the plaintiff." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972).

Plaintiff's Complaint is adequately pled as it is.  Further, even if Plaintiff were to revise her complaint to include a more elaborate description of her duties, it would only serve to bolster her position even more. Thus, doing so would not advance the litigation or even the resolution of any issues involved in it.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 4

Therefore, by process of elimination, option c) must therefore be chosen – denial of Defendants' motion to dismiss.

**B.  PLAINTIFF WAS UNDER NO OBLIGATION TO PLEAD FACTS REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES**

Exemption status is an affirmative defense, and nothing that would tend to support or refute that status need be pled in a plaintiff's complaint. *Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996).  It is well settled that a plaintiff need not plead elements of defendants' affirmative defenses in their complaints. *Id.*

Titles are not determinative of exemption status. *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (2000); see also 29 C.F.R. § 541.2.

The duties alleged in Plaintiff's Complaint are not consistent with those of an exempt employee. Cplt ¶ 27.

Therefore, their argument must, by law, fail.

**C.  PLAINTIFF'S JOB DUTIES AND RESPONSIBILITIES, REGARDLESS OF TITLE, DO NOT EXEMPT HER FROM OVERTIME REQUIREMENTS**

Executive Assistants are not automatically exempt from the FLSA. Plaintiff was not, and did not plead, that she was solely an Executive Assistant (as that title is applied in some other contexts) but rather, her title was Personal Assistant/Executive Assistant and her job duties and responsibilities were more fairly described as those of personal assistant/legal clerk. Defendants' cited authority actually supports Plaintiff's position, not Defendants'. As a result, Defendants' Motion to Dismiss should be denied.

**1.  Plaintiff's Role Did Not Meet the Criteria for the Administrative Exemption.**

Determining whether an employee is entitled to overtime is not title-dependent; it is the result of a carefully analyzed multi-part test. The framework is familiar but these cases always

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 5

come down to the specific facts of the case.  As per 29 C.F.R. § 541.200(a) the administrative exemption applies to employees

(1) who earn a salary of at least $684 per week;

(2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

Defendants cannot meet their burden on either prong two or prong three.

### i.  Management of General Business Operations

The administrative exemption requires the tasks to be, in essence, internally oriented – not tasks related to what the company actually does in a public-facing kind of way. Such work normally includes

work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

29 C.F.R. § 541.201(b). Other examples the regulations list as being exempt include "An employee who leads a team of other employees assigned to complete major projects for the employer (such as purchasing, selling or closing all or part of the business" and "Human resources managers who formulate, interpret or implement employment policies and management consultants who study the operations of a business and propose changes in organization" 29 CFR § 541.203.

There are no known cases holding that pure "personal assistants" are exempt (other than in cases in which the duties would implicate domestic service or companionship type

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson..com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 6

exemptions, inapplicable here). This makes sense: assistants who help their bosses with personal errands, booking hair and nail appointments, and similar, are not exempt. None of these kinds of tasks have anything to do with general business operations.

Here, it is undisputed that the Defendants' business is that of an immigration law firm. Plaintiff's *non*-personal tasks were *also* not about the "business operations" – they were case work.

ii. **Primary Duty - Exercise of Discretion and Independent Judgment - Matters of Significance**

An employee's "primary duty" depends on such factors as "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." 29 C.F.R. § 541.700(a). "The amount of time an employee spends performing exempt work, as opposed to nonexempt work, is a useful guide in determining whether exempt work is the primary duty of the employee, but time alone is not the sole test." *Dineley v. Coach, Inc*., No. 16-CV-3197, 2017 WL 2963499, at *6 (S.D.N.Y. July 11, 2017). "The term 'matters of significance' refers to the level of importance or consequence of the work performed." 29 C.F.R. § 541.202(a).

It's not entirely clear what Defendants claim her "primary duty" was, but it would be a fair characterization to describe it as doing whatever Defendant Goldberg told her to do.  The analysis here really on one thing: did Defendants delegate ***tasks*** to her, or did they delegate ***authority*** (regarding matters of significance) and let her run with it?  Here, the Plaintiff performed specific tasks others (primarily Defendant Goldberg) told her to do. This means she lacked the requisite "discretion and independent judgment" altogether.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson..com

### 2.   Only Some Executive Assistants Are Exempt

Defendants point to 29 C.F.R. § 541.203 holding that some executive assistants indeed are exempt, where certain criteria are met: "An executive assistant or administrative assistant to a business owner or senior executive of a *large business* generally meets the duties requirements for the administrative exemption *if* such employee, *without specific instructions* or prescribed procedures, has been *delegated authority* regarding *matters of significance.*" 29 C.F.R. § 541.203(d) (emphasis added). The "if" part of this sentence is critical. If the criteria following it are not met, then the exemption does not apply.

In caselaw, executive assistants who <u>have</u> been found to be exempt include the following:

- Dorothy Altemus: *Altemus v. Fed. Realty Inv. Trust*, Case No. 11-2213, at *9 (4th Cir. 2012) (unpublished): executive assistant to the CEO of a ~400 employee equity real estate investment trust, whose salary was about twice that of the company's nonexempt employees.

- Danielle Dineley: *Dineley v. Coach, Inc*. 16cv3197 (DLC), at *14 (S.D.N.Y. Jul. 11, 2017). Ms. Dinsely was an Executive Assistant for a Vice President of Human Resources and the second most senior member of the HR department (the "HR VP"), and a Senior Director of Human Resources (the "Senior Director"). During Dineley's employment, the international fashion accessory brand Coach had approximately 17,000 employees worldwide. Dineley was responsible for selecting and interviewing applicants for full-time and temporary administrative assistants and executive assistants , as well as making hiring recommendations.

- Honey Seltzer: *Seltzer v. Dresdner Kleinwort Wasserstein, Inc*., 356 F. Supp. 2d 288, 293 (S.D.N.Y. 2005): Ms. Seltzer worked for the Defendants for 14 years, starting when she was 64 years old. She was an executive assistant to the president of the company. The company had hundreds of employees. She personally worked with the heads of many Fortune 500 companies. Her salary was significantly higher than non-exempt assistants. She was the "primary" or "lead assistant" among a number of assistants.

Unlike the executive assistants that these courts found to be exempt, the company at issue here is not one of hundreds of employees. The Plaintiff was not a "high level" assistant. She took

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 8

direction from paralegals. Defendants simply have not met their burden – nor can they – that her duties were at all similar to those in the above cases.

Defendants cite to a nonbinding Department of Labor Opinion Letter Fair Labor Standards Act (FLSA), 2006,[1] Mot. to Dismiss at 3. However, the letter (FLSA 2006-23NA) refers to a request for opinion for the job classification "Executive Assistant 2 Meeting and Travel Coordinator," and two employees classified as "Administrative Assistant 2 for Operations Directors." FLSA 2006-23NA. The FLSA Opinion letter carefully analyzed each of the employees' duties and responsibilities, breaking them down by weekly hourly allocation. At the end of its nine-page analysis, the DOL found that the "Executive Assistant 2, Meeting and Travel Coordinator," qualified as an exempt administrative employee, but the Administrative Assistant 2 for Operations Directors did not. FLSA 2006-23NA at 9. Its description of the former individual's duties and responsibilities were not the same as those that the Plaintiff has alleged that she performed, in terms of substance, extent, and independence. Defendants' attempt to rely on it to dismiss Plaintiff's claims is therefore misplaced.

Plaintiff alleged that her duties and responsibilities were varied: "Sometimes she performed the work of a legal assistant such as organizing case documents, and on other days Plaintiff would be asked to assist Defendant's mother and to schedule personal appointments." Cplt. ¶ 27. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance. She therefore was not exempt, regardless of the title given to her by Defendants.

---

[1] FLSA 2006-23NA, accessible at
https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/2006_10_26_23NA_FLSA.pdf (last accessed August 10, 2021).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson..com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 9

### D.  PLAINTIFF ADEQUATELY PLED HER RETALIATION CLAIMS

A plaintiff alleging retaliation under FLSA must first establish a *prima facie* case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) (citing *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000)). Plaintiff has more than alleged enough to satisfy these requirements. Defendants' second argument, regarding Plaintiff's retaliation claims, essentially states that the allegations lack specificity, even though they admit that Plaintiff alleged a) the manner of the complaint (i.e. verbal as opposed to written), b) the substance of the complaint (lack of overtime pay) c) the recipient of the complaint (Defendant Goldberg) and d) the timeframe (shortly before she was fired). This level of detail more than satisfies Rule 8 and *Iqbal/Twombly* standards.

Plaintiff alleged that from October 30, 2020, through September 25, 2020, she worked as an Executive Assistant for Defendants. Cplt. at ¶ 1. During that time, Plaintiff worked 83 hours of overtime and was not paid for it. Cplt. at ¶¶ 29-30. Plaintiff inquired or complained verbally about her lack of overtime pay to her immediate superior, Defendant Julie Goldberg. Cplt. at ¶ 42. Plaintiff complained about the propriety of these pay practices to Defendants, and thereby engaged in activity protected under the FLSA. Cplt. at ¶ 43. Shortly thereafter, Defendants terminated Plaintiff's employment. Cplt. at ¶ 44. Terminating Plaintiff was an employment action disadvantaging Plaintiff. Plaintiff was only fired after she complained, and shortly thereafter, thereby implying a causal connection between the two.

Based on the pleadings, which must be accepted as true, Plaintiff's allegations meet the Rule 12(b)(6) requirements, and her complaint should not be dismissed.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 10

### E.  THE COURT SHOULD NOT DECLINE JURISDICTION OVER THE STATE CLAIMS

As stated above, there is no basis to dismiss Plaintiff's federal claims of violation of the FLSA. Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Kolari v. New York-Presbyterian Hosp*, 455 F.3d 118, 121-22 (2d Cir. 2006) (<u>citing</u> 28 U.S.C. § 1367(a)). Given that there is no basis to dismiss Plaintiff's federal claims, the Court can and should continue to exercise supplemental jurisdiction over her state claims.

## V.  CONCLUSION

Plaintiff Sade Coker worked for Defendants in a role they titled "Personal Assistant/Executive Assistant." Her duties were not of a character that would have made her exempt. Plaintiff worked overtime and was not paid for that overtime. When Plaintiff raised the issue of lack of overtime, Defendants fired her in retaliation. Plaintiff's allegations as to these claims of FLSA violations were sufficiently pled and therefore Defendants' Motion to Dismiss should be denied, with prejudice.

Respectfully submitted, this **12th** day of **August, 2021.**

ANDERSONDODSON, P.C.

**Penn Dodson (PD2244)**
*penn@andersondodson.com*
Attorney for Plaintiff
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER (SDNY)

Opposition to MTD
Page 11