UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SADE COKER,**<br><br>                    Plaintiff,<br><br>v.<br><br>**GOLDBERG & ASSOCIATES P.C.**, and<br>**JULIE GOLDBERG, ESQ.,** an individual,<br><br>                    Defendants. | Case No. 21-cv-01803 (ER) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS
PURSUANT TO FED. R. CIV. P. 11(c)**

Plaintiff Sade Coker, through her undersigned counsel, submits the following Motion for Sanctions under Rule 11(c) of the Federal Rules of Civil Procedure, as follows:

**I.   INTRODUCTION**

Defending a case substantively and on the merits is a cornerstone of our jurisprudence. Misuse of procedural rules and mechanics for improper purposes, however, should not be permitted. Defendants have submitted a Motion to Dismiss that, by law, should have little to no chance of success – even after counsel have engaged in extensive communications about its merits. There was no *good* reason to have filed it. The only reason Defendants can reasonably have for persisting in this course of action is delay, an attempt to gain some kind of tactical advantage, or some other improper purpose.

Defendants and their counsel are all attorneys. Defendants are an attorney and her law firm. Cplt. ¶ 6, 12, 16. Defendant Goldberg is not admitted to practice law in New York, but she is in California. *Id.* at ¶ 14, 15. Prior to litigation, Plaintiff's counsel had some limited

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.AndersonDodson.com*

interactions with Defendants. Defendants refused to engage in substantive or productive discussions regarding the merits of the claims.  Once litigation commenced, Defendants hired the law firm of Fair Labor Defense, LLC to defend their case. Dkt. 9 (NOA). Appearing attorney David Kasell is an attorney licensed to practice in New York. Attorney Brian Lehman is an attorney, licensed to practice in Connecticut but not New York. All of the above should appreciate that cases should be adjudicated on their merits rather than attempts at clever gamesmanship.

## II.  RELEVANT PROCEDURAL HISTORY

On March 2, 2021 Plaintiff, through counsel, filed her Complaint [Dkt. 1].  On May 6, 2021 Defendants filed a pre-motion conference letter regarding their proposed motion to dismiss. [Dkt. 10]. Plaintiff responded to the letter on May 22, 2021 [Dkt. 13]. On June 4, 2021, the parties engaged in a telephone conference with the Court, at which time the Court reiterated that the parties must engage in mandatory mediation before proceeding with litigation. On July 16, 2021 the parties engaged in mediation via remote technology. After this was unsuccessful, the parties submitted a briefing schedule within 48 hours, as the Court had directed. Defendants then filed their Motion to Dismiss in alignment with that schedule.

Pursuant to Fed. R. Civ. P. 11(b)(2), Plaintiff's counsel served a copy of this Motion on Defendants' counsel, via email on August 2, 2021, in accordance with the safe harbor provisions of Rule 11(c)(2), providing Defendants an opportunity to withdraw their motion. As of August 24, 2021, more than 21 days have lapsed since this Motion was served on Defendants' counsel. To date, Defendants have refused to withdraw their motion to dismiss.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson..com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 21-cv-01803

Memoranda of Law for R11 Motion
Page 2

### III. STANDARD OF REVIEW

A court has authority to sanction a party under Rule 11(c) if it determines that the party has made false, misleading, improper, or frivolous representations to the court in violation of Rule 11(b). *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008). "A claim is legally frivolous for Rule 11 purposes if, under a standard of objective reasonableness, it is clear that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands." *Friedman v. Self Help Cmty. Servs.*, No. 11-CV-3210, 2015 WL 1246538, at *23 (E.D.N.Y. Mar. 17, 2015).  In order to impose a Rule 11 sanction against an attorney on the basis that the attorney took a position that was unwarranted under the facts or law, a district court must evaluate the attorney's conduct under a standard of objective reasonableness, i.e., whether a reasonable attorney admitted to practice before the district court would file such a document. See *Predator Intern, Inc. v. GAMO Outdoor USA, Inc.,* 793 F.3d 1177, 1182 (10th Cir. 2015)

Fed. R. Civ. P. 11(c) provides:  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

### IV. ARGUMENT

#### A. DEFENDANTS' MOTION TO DISMISS LACKS A GOOD FAITH BASIS

In response to a motion to dismiss, the Court could a) grant the motion and dismiss the case (when there is no set of facts that reasonably could be pled that would suffice) b) grant the motion but permit the plaintiff to re-plead (when the complaint simply lacks specificity) or c) deny the motion, and allow litigation to continue.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson..com

Coker v. Goldberg & Associates P.C. et al
Case No. 21-cv-01803

Memoranda of Law for R11 Motion
Page 3

Here, option a) would be improper because the only basis upon which Defendants have made their assertion is that Plaintiff has included in her complaint the title that Defendants gave Plaintiff, half of which (executive assistant) can sometimes, in some contexts, be the title of someone who turns out to be subject to the FLSA's administrative exemption. Plaintiff of course contends that her duties do not meet the criteria for the exemption and that eventually a court of law should determine that she was not exempt. However, that is a question for Rule 56 summary judgment, premised upon facts and evidence, not one for Rule 12 treatment.

Option b) also would not be appropriate in this circumstance. It is well settled that a plaintiff need not plead elements of defendants' affirmative defenses in their complaints. *Black*, 76 F.3d at 75. Furthermore, overly detailed factual allegations need not be asserted, and the court reading a complaint is instructed to read it "generously, drawing all reasonable inferences from its allegations in favor of the plaintiff." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972).

The Complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlanlic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "plausibility standard," however, is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts *where such amplification is needed* to render the claim plausible." *Nichols*, 608 F. Supp. 2d at 530, <u>citing</u> *Iqbal* (emphasis added).

A motion to dismiss claims under Fed. R. Civ. P. 12(b)(6) is subject to an extremely high standard - even in a post-*Iqbal* and *Twombly* legal environment. After all, these cases did not abnegate the Fed. R. Civ. P. 8(a)(2) requirement that a Complaint be "a **short** and **plain** statement of the claim." Fed. R. Civ. P. 8(a)(2) (emphasis added). Even *Iqbal* itself, citing *Twombly*, said that "the pleading standard Rule 8

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.AndersonDodson..com*

Coker v. Goldberg & Associates P.C. et al
Case No. 21-cv-01803

Memoranda of Law for R11 Motion
Page 4

announces ***does not require 'detailed factual allegations,'*** but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 129 S. Ct at 1949 (emphasis added).

Plaintiff's complaint is adequately pled as it is. In addition, Defendants cannot contend that they are not on notice regarding the sustenance of Plaintiff's positions. Outside of the legal pleadings, Plaintiff, through counsel, has shared extensive details about her positions in an attempt to exchange information in pursuit of potential early resolution. Defendants cannot claim that they do not know the basis of Plaintiff's contentions. Even if Plaintiff were to revise her complaint to include a more elaborate description of her duties, it would only serve to bolster her position even more. Thus, doing so would not advance the litigation or even the resolution of any issues involved in it. Therefore, as a matter of logic, the only thing doing so would accomplish would be further delay and wheel spinning.

By process of elimination, option c) must therefore be chosen – denial of Defendants' motion to dismiss. This being the case, then it is a waste of the Court's, the attorneys' and the parties' time for this motion to be pursued at all. The only reason to pursue this motion in light of that is delay and/or other improper purposes such as trying to use the court's procedures in order to put forth an aggressive posture, even though the alleged grounds of that posture are frivolous.

### B. DEFENDANTS' MOTION TO DISMISS IS MERITLESS AND FRIVOLOUS.

Defendants' first argument can be summarized as follows: "Plaintiff alleges in her Complaint that she was an Executive Assistant[1]. Therefore, she should be deemed exempt from the FLSA (and NYLL)."

Exemption status is an affirmative defense, and nothing that would tend to support or

---

[1] Plaintiff actually alleged that her title was Personal Assistant/Executive Assistant. Cplt ¶ 27.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson..com

*Coker v. Goldberg & Associates P.C. et al*  
Case No. 21-cv-01803

Memoranda of Law for R11 Motion  
Page 5

refute that status need be pled in a plaintiff's complaint. *Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996).

Titles are not determinative of exemption status. *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (2000); see also 29 C.F.R. § 541.2.

The duties alleged in Plaintiff's Complaint are not consistent with those of an exempt employee. Cplt ¶ 27.

Therefore, their argument must, by law, fail.

Defendants' second argument, regarding Plaintiff's retaliation claims, essentially states that the allegations lack specificity, even though they admit that Plaintiff alleged a) the manner of the complaint (i.e. verbal as opposed to written), b) the substance of the complaint (lack of overtime pay) c) the recipient of the complaint (Defendant Goldberg) and d) the timeframe (shortly before she was fired). This level of detail more than satisfies Rule 8 and *Iqbal/Twombly* standards.

### C. Delay Matters

Delay matters. In another case, Plaintiff's counsel had to defend against a motion to dismiss that the defendants filed on May 18, 2016. *Velasquez v Vikrant*, Case No. 1:15-cv-02783 (EDNY), Dkt. 60-1. The court made its ruling denying those defendants' motion on March 31, 2021, almost five years later. *Id*. at Dkt. 73. While not every motion takes that long for a decision to be reached, the Court's docket is busy, and the Defendants are presumably aware that rulings are not made instantaneously. There is no good reason to impose any delay on the prosecution of this case.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson..com

Coker v. Goldberg & Associates P.C. et al
Case No. 21-cv-01803

Memoranda of Law for R11 Motion
Page 6

## V. CONCLUSION

As a result of Defendants and their counsel making, standing by, and advocating positions known to be legally untenable, Plaintiff's counsel has had to expend time and other resources in bringing this motion (and addressing their arguments less formally beforehand). Should Defendants go forward with their motion, Plaintiff's counsel will incur additional necessary attorney time in contesting this motion. None of these fees should have to have been incurred, but for the violation of Rule 11 by Defendants

Defendants and their counsel have knowingly violated Rule 11(b)(1) and (3). *See Predator Intern., supra.* The only reason for Defendants and their counsel to continue to make the complained of assertions is to delay and needlessly increase delay, in violation of Rule 11(b)(1) of the Federal Rules of Civil Procedure.

Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court enter an Order assessing sanctions against Defendants Julie Goldberg, Esq. and Goldberg and Associates as well as against Defendants' attorneys, Brian Lehman and David Kasell, and their law firm, Fair Labor Defense LLC, jointly, for Plaintiff's reasonable and necessary attorneys' fees and costs and to present this motion for sanctions and defend against defendants' motion to dismiss. As of the date of propounding the safe harbor notice, Plaintiff's attorney had expended 2.8 hours directly on this motion (billed at $450/hour), with paralegal assistance of another 2.5 hours (billed at $125/hour), totaling $1,572.50.

Respectfully submitted, this _____ day of **August, 2021.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn Dodson (PD2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 21-cv-01803

Memoranda of Law for R11 Motion
Page 7

11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson..com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 21-cv-01803

Memoranda of Law for R11 Motion
Page 8