

August 2, 2021

Brian Lehman
David Kasell
Fair Labor Defense LLC
188 GrandStreet, Suite 225
NewYork, NY 10013
*Brian@fairlabordefense.com*
*david.kasell@fairlabordefense.com*
<u>VIA EMAIL ONLY</u>

      Re:    *Coker v Goldberg & Associates P.C.* 1:21-cv-1803
             "Safe Harbor"/Rule 11 Notice

Mr. Kasell and Mr. Lehman:

I ask you to withdraw your Motion to Dismiss. [Dkt. 20]

After reviewing your/ your clients' motion, we reluctantly submit this Rule 11/"Safe-Harbor" notice, with attached Notice of Motion and Memorandum of Law in support, in accordance with Fed. R. Civ. P. Rule 11(c)(1) and *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.* 682 F.3d 170 (2d Cir. 2012).

It is not our policy nor goal to take action against our colleagues, however, due to your and/or your client's decision to pursue this motion over our multiple objections and attempts to work through this, we are left with no choice. As such, and as described more fully below, notice is provided that unless the above referenced motion is withdrawn within 21-days we will file a motion for sanctions. If you wish to discuss this matter, please feel free to contact us within the 21-day period.

<u>PROCEDURAL BACKGROUND</u>

[redacted]





## DEFENDANTS' MOTION TO DISMISS NEEDS TO BE WITHDRAWN:

Pursuant to Rule 11(b), by signing a "pleading, written motion, [or] other paper" that is presented to the Court, an attorney certifies that, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> *(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*
>
> *(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*
>
> *(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discover; and*
>
> *(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.*

Fed. R. Civ. P. 11(b). Thus, Rule 11 places an "affirmative duty" upon attorneys to make "reasonable inquiry" into the facts and the law. *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir.1998); see also *Glasso v. Eisman* 310 F. Supp. 2d 569, 577 (S.D.N.Y. 2004) ("Rule 11 requires that an attorney signing a pleading conduct a reasonable inquiry to ensure that the claims asserted are

both well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Put more simply, counsel is charged with doing a modicum of legal research before bringing a [claim].")

As to the motion itself, it fails for multiple reasons.  First, looking at this from a procedural perspective, it must as a matter of law fail because its substance is premised upon a faulty argument whereby Defendants seek to require Plaintiff to plead their affirmative defenses. Defendants acknowledge this, but then try to get around it by stating that their affirmative defense can be proven on the face of the complaint because Plaintiff's title was (in part) "executive assistant." Then Defendants go on to partially acknowledge that titles are not determinative of exemption status, but then attempt to get around that by citing a paragraph of the complaint in which Plaintiff's duties are described (none of which would be of an exempt nature). Defendants also attempt to introduce evidence by making reference to Plaintiff's salary, which need not have been pled. You can read further details and citations about our positions in the attached motion that we have drafted.

Your arguments are made in bad faith. It may have been your client's bad faith, but insofar as you are the signatories and advocates for her you are a participant in this procedural gamesmanship. The arguments can only have been made as a delay tactic,  obedience to the marching orders of your client, or something like an attempt to frame the case for the judge, even though the motion itself is likely to fail. Life's too short. Please withdraw, and we can proceed with litigating the case on the merits.

Therefore, in accordance with your obligations under Rule 11, we request that within 21-days from the date of this letter, you withdraw your motion to dismiss and work with me on a letter to the judge to get a discovery schedule set. Thank you.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*