UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SADE COKER,

                Plaintiff,

    -- against --

GOLDBERG & ASSOCIATES P.C., and
JULIE GOLDBERG, ESQ., an individual,

                Defendants.
------------------------------------------------------------X

No. 21 Civ. 1803 (ER)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

David Kasell
Fair Labor Defense LLC
188 Grand Street, Suite 225
New York, NY 10013
(800) 724-3341
Counsel for Defendants

Defendants Goldberg & Associates P.C. and Julie Goldberg ("Defendants") respectfully submit this Reply Memorandum of Law in Support of their Motion to Dismiss the Complaint.

## I.  PLAINTIFF PLED HERSELF OUT OF COURT

The simple fact is this: Plaintiff pled herself out of court. Plaintiff has alleged that she "***worked*** for Goldberg & Associates ***as an Executive Assistant*** from September 25, 2020 to October 30, 2020." ¶24 (emphasis added). "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir.1985).

Exemptions from the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, include an administrative exemption. Department of Labor regulations state: "An ***executive assistant*** . . . to a business owner . . . meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." 29 C.F.R. § 541.203(d) (emphasis added).[1] Therefore, <u>accepting Plaintiff's allegations as true</u>, Plaintiff is exempt from the FLSA's overtime requirements because she worked as an executive assistant to a business owner, Defendant Julie Goldberg.

Plaintiff argues that "Plaintiff need not have alleged that she was a non-exempt employee at all since that is an affirmative defense." Pl. Opp. at 3. But this argument misses the point. Even though it is an affirmative defense, an FLSA exemption "may be raised in a pre-answer Rule 12(b)(6) motion 'if the defense appears on the face of the Complaint.'" *Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010). In this case, the affirmative defense based

---

[1] *See also* Opinion Letter Fair Labor Standards Act (FLSA), 2006 WL 4512965, *1-*2, *6 (U.S. Dep't of Labor Oct. 26, 2006) (executive assistant job fell within the administrative exemption)

1

on the exemption from the federal overtime requirement is facially apparent because Plaintiff pled that she "worked for Goldberg & Associates as an Executive Assistant." ¶24.

The Second Circuit's decision in *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015), demonstrates this point perfectly. In *Chen*, the Court affirmed the district court's dismissal of a complaint alleging FLSA violations even after acknowledging that "applicability of an FLSA exemption -- a necessarily fact-bound inquiry -- often will not be ascertainable on the basis of the complaint alone." *Id.* at 83. Nonetheless, the allegations in the complaint "plainly establish the factors determinative of the exemption." *Id.* Likewise, Plaintiff's allegation that she worked as an executive assistant is determinative of the exemption.

## II. PLAINTIFF'S BRIEF IS OTHERWISE IMPERMISSIBLY VAGUE

Plaintiff's only viable strategy for her opposition to the motion to dismiss is to argue that she did not "really" work as an executive assistant.[2] Thus, Plaintiff continues to argue that a "title" is not determinative of whether a person's job is exempt under the FLSA (a point that Defendants' already acknowledged in their moving papers). Likewise, in the opposition brief - but not in complaint -- Plaintiff argues that her "'primary duty' was to do what her boss told her to do." Pl. Opp. at 2 (no citation to the complaint).

These arguments fail for two reasons. *First*, these allegations are not in the complaint (and, thus, really are not allegations at all). *Second*, the allegations that are in the complaint either support that she is exempt from the FLSA or are simply too vague to satisfy the requirements of the Federal Rules. Plaintiff has failed to adequately describe the work she performed and, thus, her allegations fundamentally lack "factual context or content." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

---

[2] Indeed, in another portion of the brief, Plaintiff's counsel reaffirms, perhaps inadvertently, this allegation. *See* Pl. Opp. at 10 ("Plaintiff alleged that from October 30, 2020, through September 25, 2020, she worked as an Executive Assistant for Defendants.") (citing Compl. ¶ 1).

A plaintiff is "reasonably expected to recall basic facts about [her] own work experience, such as . . . the types of tasks he performed during his overtime hours." *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014). Plaintiff acknowledges that she worked as an executive assistant for five weeks but only provides one allegation about her job: "As an executive assistant/personal assistant, Plaintiff's duties and responsibilities were varied. Sometimes she performed the work of a legal assistant such as organizing case documents, and on other days Plaintiff would be asked to assist Defendant's mother and to schedule personal appointments." ¶ 27.

This single allegation invites the "same sort of speculation that the Second Circuit held 'does not amount to a plausible claim" for failure to pay overtime. *Cromwell v. New York City Health and Hosps. Corp.*, No. 12 Civ. 4251, 2013 WL 2099252, at *4 (S.D.N.Y. May 15, 2013) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)). Without additional contextual detail about the job she performed, which surely the Plaintiff has been able to provide to this Court from the beginning, Plaintiff's claim amounts to little more than a conjecture that she was not an executive assistant and the FLSA was violated.

### III.   PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE RETALIATION CLAIM

Nothing in the opposition brief changes the fact that Plaintiff has also failed to state a plausible retaliation claim under the FLSA. Buried in the legal claims section of the complaint are the following allegations: "Plaintiff inquired or complained verbally about her lack of overtime pay to her immediate superior, Julie Goldberg. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

3

Shortly thereafter, Defendant Goldberg terminated Plaintiff's employment." ¶¶ 41-43 (emphasis added).

An oral complaint is protected activity under the FLSA only if "the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" Greathouse v. JHS Sec. Inc., 784 F.3d 105, 107 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). Plaintiff "must show that that 'a reasonable employer' could find that her complaint would fall under the scope of the FLSA's protection." *Marcotte v. City of Rochester*, 677 F. App'x 723, 726 (2d Cir. 2017).  No such allegations have been made in the complaint.

Plaintiff has, at most, alleged facts "merely consistent with" liability and, thus, failed to cross "the line between possibility and plausibility of 'entitlement of relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Making an "inquiry" about "lack of overtime pay" is not an assertion of rights protected by federal law along with a call for their protection. Nor, even crediting this allegation as true, is it plausible that any reasonable employer would find that an inquiry falls under the FLSA's protection. Rule 8 itself requires a showing of entitlement to relief for retaliation, which Plaintiff's complaint fails to provide.

## IV.   LEAVE TO AMEND SHOULD NOT BE GRANTED *SUA SPONTE*

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Thus, "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir.2008) (citation and internal quotation marks omitted).

The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). A plaintiff must therefore provide some indication of the substance of the contemplated amendment before a court could entertain the request. *See In re WorldCom, Inc. Sec. Litig.*, 303 F. Supp. 2d 385, 391 (S.D.N.Y. 2004) ("In the absence of any identification of how a further amendment would improve upon the [c]omplaint, leave to amend must be denied as futile.").

Here, Plaintiff has not even requested leave to amend the complaint, much less explain what her desired amendment to the complaint would say or how the change would overcome a subsequent motion to dismiss. Moreover, Plaintiff was given a preview of Defendants' motion and arguments in their pre-motion letter and at the pre-motion conference, and yet made no request to amend its pleading at that time.

"While pleading is not a game of skill in which one misstep may be decisive to the outcome, neither is it an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, No. 06 Civ. 643 (GEL), 2008 WL 4962985, *2 (S.D.N.Y. Nov. 20, 2008) (citations and internal quotation marks omitted). Accordingly, as Plaintiff has not even requested leave to amend, and much less offered any

5

explanation or justification for an amendment or provided any details about an amendment, Defendants respectfully request that the Court not give leave to amend the complaint *sua sponte.*

V.      **CONCLUSION**

Plaintiff has initiated a lawsuit in federal court and gone through pre-motion letters, a pre-motion conference, meditation, and now briefing rather than amending the complaint so that it would contain sufficient allegations. Plaintiff has had access to all the information needed to plead the allegations about the job that she actually performed or the details about her employment being terminated from the very beginning.

It is respectfully submitted that the only reasonable conclusion to draw is that Plaintiff refuses to amend the complaint because she would have to continue to tell the truth: Plaintiff worked as an executive assistant, which is exempt from the FLSA's overtime requirements. Moreover, Plaintiff never made an assertion of rights protected by federal law along with a call for their protection even though she may have made an "inquiry" about her overtime pay.

Defendants respectfully submit that the Court should dismiss the federal claims without leave to amend and decline supplemental jurisdiction over the state claims at such an early stage. Thus, the Complaint in its entirety should be dismissed.

Date:   August 27, 2021

/s/ David Kasell
David Kasell
Fair Labor Defense LLC
188 Grand Street, Suite 225
New York, NY 10013
(800) 724-3341
Counsel for Defendants

All Counsel served by CM/ECF