Case 1:21-cv-01803-ER   Document 31   Filed 08/30/21   Page 1 of 3



# MEMO ENDORSED

August 30, 2021

Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

<span style="text-decoration: underline">Via ECF</span>

> Defendant is directed to respond by September 2, 2021. A telephonic pre-motion conference will be held on September 8, 2021 at 10:00 am. The parties are directed to call (877) 411-9748 at that time and enter access code 3029857# when prompted.
>
> It is SO ORDERED.     _____
>                        Edgardo Ramos, U.S.D.J.
>                        Dated: __08/30/2021_____
>                        New York, New York

RE:     *Coker v. Goldberg & Associates P.C. et al; 1:21-cv-01803-ER*
        REQUEST FOR PRE-MOTION CONFERENCE

Your Honor:

Completely my fault. I absolutely should have asked for a phone conference in advance of filing my motion for sanctions [Dkt 26] and I sincerely apologize to the Court and opposing counsel for this oversight. Mea culpa. It was a bad week; I was being a slave to my deadlines calendar and filed it on the basis of the 21 days having elapsed. It was certainly not an intentional disregard for this Court's rules or orders. I hate making mistakes like that. The moment I saw opposing counsel's letter my intent was to ask to withdraw my motion until such time as we could have a phone conference, in compliance with the Court's rules.

As I should have done in the first place, I ask for the Court to schedule a telephonic pre-motion conference to discuss my proposed motion for sanctions at the Court's earliest convenience. In case it is useful for scheduling purposes, I note that Defendant's Motion to Dismiss, which is the subject of the proposed Rule 11 motion, is now fully briefed, as of Friday August 27. It may make sense for the Court to consider both motions concurrently, since they are related.

Following are some proposed times for the court's consideration:
| | |
|---|---|
| 8/31/2021 | 2:00pm |
| 9/3/2021 | 1:00pm or 2:00pm |
| 9/7-10/2021 | 10:00am any of these days |
| 9/8/2021 | 2:00pm, 3:00pm or 4:00pm |
| 9/14-16/2021 | 10:00am any of these days |
| 9/14/2021 | 3:00pm or 4:00pm |
| 9/16/2021 | 3:00pm or 4:00pm |

ANDERSONDODSON, P.C.
11 BROADWAY, SUITE 615 | NEW YORK, NEW YORK 10004
TEL: (212) 961-7639 | FAX: (646) 998-8051
WWW.ANDERSONDODSON.COM

<u>Basis for Proposed Motion</u>
The basis of the proposed Rule 11 motion, which I do not at all take lightly, is that Defendant's Motion to Dismiss can only have been raised for an improper purposes such as to delay proceedings, attempt to frustrate or intimidate the plaintiff by use of procedures, to try to show Plaintiff and/or other workers that they shouldn't challenge them, or similar. FRCP 11(b)(1). Also, the legal contentions are not warranted by law. FRCP 11(b)(1).

The primary substantive issue in this wage and hour case is whether the Plaintiff qualified for the administrative exemption. Of course, Defendants claim that she did, and Plaintiff contends that she did not. It is expected that this will be explored in discovery and, in due course, summary judgment and/or trial.

However, this simply is not an issue that can properly form the basis of a Rule 12 motion. For one, exemption status is an affirmative defense, not an element of the Plaintiff's claim, and as such need not be discussed at all in the pleadings. This is not to say that no affirmative defenses can serve as the basis for a Rule 12 motion. For example, if a plaintiff pleads employment dates ending before the most generous applicable statute of limitations, a defendant could ask for early dismissal even though the subject pertained to an affirmative defense. That is not what has happened here. A) A summary of Defendants' first contention in this regard is that because Plaintiff used the description of part of her title "executive assistant" in her Complaint she should be deemed exempt on that basis. This is contrary to law, as titles alone are not determinative. B) Their second contention here is that Plaintiff should have made more detailed factual allegations so that they could use that to form the basis for dismissal, similar to the statute of limitations example above. 1) This too is contrary to law, as Plaintiff need not have pled any allegations in those regards at all, as a matter of law. In addition, 2), This was not a situation in which the Plaintiff made no mention of her duties in the complaint in an effort to avoid the topic. Rather, she did make allegations that, while not extensive or elaborate, would, if true, tend to lead to a conclusion that she was <u>not</u> exempt. Namely, she made allegations about what her duties were, which is what the administrative exemption test is primarily about.

Defendants also contended that Plaintiffs' other major set of claims (retaliation) should be dismissed. The argument they made here was that Plaintiff's allegations were not specific enough. This is a misuse of the *Iqbal/Twombly* standard, as Plaintiff had alleged what she complained about (lack of overtime pay), to whom (Defendant Goldberg) and approximately when (shortly before her termination). Plaintiff's allegations more than satisfied not only Rule 8 but also *Iqbal/Twombly.*

<u>Broader Context</u>
This is not a case in which the Defendants are unsophisticated, new to the practice of law, or not familiar with how these things work. Defendants are an experienced lawyer and her law firm. Their counsel's firm trade name is "Fair Labor Defense LLC." These are all individuals who know how court procedures play out, and their effects on delay, on the psyche of litigants and the court, etc.

The undersigned has made multiple attempts to discuss these issues – including the substantive underlying issues and the procedural issues more salient in this particular context. While of course defense counsel should not blithely accept everything a plaintiff's counsel says, the rules do require us as lawyers to not dig our heels in where it turns out we do not have a solid basis upon which to do so. Sometimes we think our approaches or read of the law are on point and then later obtain information that causes – or should cause – us to rethink that.  My own failings on the procedural aspects of this Court's individual practices are an intended exemplar of that.

The procedural rules of our jurisprudence  (including how Rule 11 is set up) are designed to steer litigants toward addressing cases on the substantive merits of the claim. Sometimes, a Rule 12 motion can be an extremely valuable procedural tool for assisting the parties to flesh out certain legal issues early on in a case. However, mechanisms like that should not be misused. Here, there just simply is not a solid legal foundation for the Defendants' motion. We ask the Court not only to deny the Defendants' underlying motion, but also to see it for what it is (and is not) from a procedural perspective. To the extent the Court agrees that this has in fact been a misuse of the available procedural mechanisms, we ask the Court to impose appropriate penalties on the Defendants and/or their counsel. The goal is to dissuade future similar behavior, so that the parties can get back to work on addressing the underlying substance and merits of the claims at issue.

We do thank the Court for its consideration of these matters.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*