# Fair Labor Defense LLC

188 Grand Street, Suite 225, New York, NY 10013

September 2, 2021

Hon. Edgardo Ramos
U.S. District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Defendants' Response to Plaintiff's Pre-motion Letter in *Coker v. Goldberg & Associates P.C. et al.*, No. 21 Civ. 01803 (S.D.N.Y.)

Judge Ramos:

      As counsel for defendants, I write in response to Plaintiff's letter requesting a pre-motion conference, scheduled for 10:00 a.m. on September 8, 2021. Plaintiff's counsel, Ms. Dodson, seeks sanctions on the ground that Defendants' motion to dismiss was a "misuse of the available procedural mechanisms." Dkt. 30 at 3.

      It bears noting at the outset that Ms. Dodson did not raise this argument in her pre-motion letter, or during the conference on the motion to dismiss held on June 4th, or when she submitted the proposed scheduling of the motion for the Court's endorsement -- or at any point with defense counsel prior to August 2, 202. This is true despite Ms. Dodson's concession that this motion is "related" to the motion to dismiss and thus should be considered at the same time. Dkt. 30 at 1. Ms. Dodson has never offered an explanation for why she waited until Defendants filed the motion to dismiss to raise the issue, when efficiency and respect for the Court's limited judicial resources would demand otherwise. That counsel seeks a Rule 11 motion after defendants filed the motion demonstrates obvious gamesmanship.

      Moving on to the substance of her letter, Ms. Dodson **does not cite a single case**. Indeed, Ms. Dodson has failed in the pre-motion letter, as well as the previous Rule 11 motion (Dkt. 25), to even refer to the correct legal standard. Ms. Dodson's previous notice of motion asserted that Defendants' motion to dismiss "is not warranted by existing law." Dkt. 25. Ms. Dodson's letter repeats the assertion that Defendants' "legal contentions are not warranted by law." Dkt. 30 at 2.

      But this is not what Rule 11 requires. Rule 11(b) requires lawyers to certify that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b).

      Defendants' legal contention that Plaintiff pled herself out of court are supported by existing law -- namely, *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015) in which the Second Circuit held that the allegations in the complaint "plainly establish the factors determinative of the [FLSA] exemption." *Id.* at 83. Even if *Chen* were not controlling, it would be absurd for Ms. Dodson to assert that there is no argument for extending, modifying, or reversing existing law -- or for establishing new law -- so that courts should dismiss a complaint

1

# Fair Labor Defense LLC
188 Grand Street, Suite 225, New York, NY 10013

in which a plaintiff alleges she "worked . . . as an Executive Assistant" when executive assistants are exempt from the FLSA. Compl. ¶24 (Dkt. 1). And the fact that it would be absurd to make such an argument does explain why Ms. Dodson fails to provide any cases supporting her position in her letter and steadfastly refuses to correctly quote Rule 11.

Some background on Defendants' motion to dismiss is also helpful in demonstrating how completely disingenuous Ms. Dodson's purported concern of over delay or the effects of such delay "on the psyche of litigants." Dkt. 30 at 1. On March 2, 2021, Ms. Dodson filed the Complaint on behalf of her client, Sade Coker. On April 14, 2021 (less than six weeks later), a lawyer from this firm and I held a conference with Ms. Dodson to talk about Defendants' anticipated motion to dismiss. The parties agreed that the responsive pleading would be due by June 14, 2021 (61 days later) as Defendants waived service.

As a courtesy, prior to Defendants contacting the Court to request a pre-motion conference, Defendants agreed to send Ms. Dodson a letter regarding the proposed motion to dismiss by Friday, April 30th. Ten days *before* this self-imposed deadline, and five weeks *before any* response to the complaint was due, Defendants sent a letter stating: "Defendants respectfully request that Plaintiff amend the complaint pursuant to Rule 15 or voluntarily dismiss the complaint pursuant to Rule 41 of the Federal Rules. There is no need to have the Court expend limited judicial resources to dismiss a facially deficient complaint." Exhibit 1 ("Ex. 1") at 3. This is hardly the conduct of defendants seeking to delay a proceeding.

Ms. Dodson responded the next day stating: "I am *decently sure* that we would survive your proposed motion to dismiss, *but I don't have a problem amending our Complaint to add more detail if you insist*." Ex. 2 (emphasis added). The next day, the firm accepted her offer. "As noted in our initial letter, [the firm] would ask that you file an amended complaint. [The firm's] hope is that it would contain the factual allegations in, and underlying, your assertions in the letter you sent back." Ex. 3. As the email accepting her offer to amend her complaint made obvious: The Complaint does not contain the factual statements that were in Ms. Dodson's letter.

Ms. Dodson then -- having promised to amend her complaint -- unexpectedly insisted Defendants waive any motion to dismiss before even seeing the amended complaint. Ex. 3. Of course, this would not only be foolish but also malpractice. Ms. Dodson could literally just add one sentence, file the amended complaint and demand that defendants engage in discovery or -- as she has been very vocal about -- settle so as to avoid the costs of discovery. Ms. Dodson also encouraged Defendants to file the motion to dismiss stating: "If you think you might still want to to [sic] a MTD let's just go ahead and start that now rather than later. Fair?" Ex. 3.

Defendants moved forward with requesting a pre-motion conference on the motion to dismiss (Dkt. 10). The Court issued an order the same day setting a conference for June 2, 2021. Ms. Dodson responded pursuant to the Court's order on May 22, 2021 (Dkt. 13). This letter also contains allegations that are not in the Complaint (*compare* Dkt. 1 with Dkt. 13).

The court-ordered conference was held on June 4th. The motion to dismiss was discussed, and the Court then issued the following order: "The parties shall engage in the

# Fair Labor Defense LLC
188 Grand Street, Suite 225, New York, NY 10013

Court-ordered mediation. The parties are directed to report to the Court the results of mediation within 48 hours of its completion. If at that time the defendants wish to move to dismiss the parties shall provide a proposed briefing schedule." Dkt. 13 (June 4, 2021).

On July 16th, Ms. Dodson submitted the proposed briefing schedule for Defendants' Motion to Dismiss and the Court endorsed it. Two weeks later, Defendants filed their motion to dismiss putting forward the same legal arguments in the letter to Ms. Dodson dated April 20, 2021 (more than three months earlier) and the pre-motion conference letter dated June 2, 2021. On August 2, 2021, Ms. Dodson -- for the very first time -- indicated her position that the motion to dismiss was so frivolous that it warranted Rule 11 sanctions by sending a proposed motion. Ms. Dodson then violated this Court's Individual Rules and a separate order by filing the motion without first requesting a conference. Her explanation for violating the Court's Order is that she was "being a slave" to her calendar.[1] Dkt. 30 at 1.

Ms. Dodson's refusal to amend the complaint demonstrates a lack of sincere concern that this litigation is being delayed by the motion to dismiss. The only obvious reason for Ms. Dodson's refusal to amend the complaint is that the complaint was accurate and truthful the first time: Plaintiff "worked for Goldberg & Associates as an Executive Assistant from September 25, 2020 to October 30, 2020," Compl. ¶24 (Dkt. 1), and executive assistance are exempt from the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* If Ms. Dodson amended the complaint to include the factual statements she keeps making, including in her letter to the Court, then the Plaintiff would be open to charges of not being truthful.

As the Court has the Rule 11 memorandum of law before it (Dkt. 26), Defendants respectfully request that the motion be summarily denied at the conference. Plaintiff's counsel's gamesmanship and running up of Defendants' costs should not be countenanced.

Respectfully,

/s/ *David Kasell*
David Kasell
Fair Labor Defense LLC

---

[1] Once again, Ms. Dodson has used offensive language in her letters to this Court. Slavery was a brutal race-based regime in this country that should not be minimized so cavilierly. Moreover, in claiming to be a "slave," Ms. Dodson attempts to avoid the fact that Ms. Dodson is responsible for setting her calendar and filing the documents. It is absurd to think that in filing two documents on PACER -- which requires over a dozen steps that need to be taken to file a single document -- it never crossed her mind that she may be violating the court order that was issued after Defendants warned "Plaintiff's counsel has refused to agree that they will comply with the Court's Individual Practices that require them to request a pre-motion conference." Dkt. 21 at 3. Finally, Ms. Dodson never reached out to defense counsel to apologize for the "inadvertent" filing by phone or email and only claims she "intended" to withdraw it, which demonstrates how hollow her apology truly is.

# Exhibit 1

# Fair Labor Defense LLC

April 20, 2021

Penn Dodson, Esq.
AndersonDodson, PC
11 Broadway, Suite 615
New York NY 10004

      Re:    Defendants' Anticipated Motion to Dismiss in *Coker v. Goldberg & Associates P.C. et al.*, No. 21 Civ. 01803 (S.D.N.Y.)

Ms. Dodson:

      This firm represents the defendants, Goldberg & Associates P.C. and Julie Goldberg, in the above-captioned action. I write pursuant to our agreement to exchange letters prior to Defendants requesting a pre-motion conference with the Court in order to file a motion to dismiss Plaintiff's complaint. Defendants reserve the right to raise any grounds for the Court to dismiss Plaintiff's claims or, at a later date, enter judgement on the pleadings, summary judgment or judgment in the Defendants' favor for reasons not mentioned in this letter.

      Plaintiff has asserted four claims against Defendants. Two claims are for failure to pay overtime (one federal and one state). ¶¶ 31-35; 36-40. Two claims are for retaliation (one federal and one state). ¶¶ 41-48; ¶¶ 49-52. In this letter, Defendants focus on the federal claims as Plaintiff sued in federal court and, if the federal claims are dismissed, the state claims will be dismissed when the Court declines supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

A. **Plaintiff's Federal Overtime Claim Should Be Dismissed**

      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), Defendants intend to move to dismiss the federal overtime claim on two grounds. *First*, Plaintiff's Complaint is too vague to satisfy the requirements of the Federal Rules; Plaintiff has failed to adequately describe the work she performed. A plaintiff is "reasonably expected to recall basic facts about [her] own work experience, such as . . . the types of tasks he performed during his overtime hours." *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014).

      Plaintiff has only one allegation about her job: "As an executive assistant/ personal assistant, Plaintiff's duties and responsibilities were varied. Sometimes she performed the work of a legal assistant such as organizing case documents, and on other days Plaintiff would be asked to assist Defendant's mother and to schedule personal appointments." ¶ 27.

Indeed, it is telling that even though this is a dispute about overtime, Plaintiff does not allege her salary of $85,000. Plaintiff's allegations fundamentally lack "factual context or content" and, thus, do not state a plausible claim. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

*Second*, Plaintiff's own allegations establish that she worked as an executive assistant and is, thus, exempt from federal overtime requirements The Complaint states: "Plaintiff Sade Coker worked for Goldberg & Associates as an Executive Assistant from September 25, 2020 to October 30, 2020." ¶ 24. Department of Labor regulations state: "An ***executive assistant*** or administrative assistant to a business owner . . . meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." 29 C.F.R. § 541.203(d) (emphasis added); *see also Opinion Letter Fair Labor Standards Act (FLSA)*, 2006 WL 4512965, *1-*2, *6 (U.S. Dep't of Labor Oct. 26, 2006) (executive assistant job fell within the administrative exemption).

Even though it is an affirmative defense, an FLSA exemption "may be raised in a pre-answer Rule 12(b)(6) motion 'if the defense appears on the face of the complaint.'" *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) (quoting *Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

The paucity of facts about Plaintiff's own work experience in light of this well-known defense leads to the conclusion that Plaintiff is, to borrow a phrase used by courts in this Circuit, "hiding the ball." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 111 (2d Cir. 2013). Indeed, the goal may well be to cause Defendants to engage in expensive and unnecessary discovery before summary judgment with the hope of a settlement. If so, this is an improper use of the federal courts.

Regardless, this claim is subject to dismissal for being too vague to sustain a claim or, in the alternative, subject to a defense that appears on the face of the complaint and Defendants believe the Court will reach this conclusion in short order once presented with the motion.

B.   **Plaintiff's Federal Retaliation Claim Should Be Dismissed**

Defendants also intend to move to dismiss the federal retaliation claim for failure to state a claim under Rule 12(b)(6). Buried in the legal claims section of the Complaint are the following allegations: "Plaintiff inquired or complained verbally about her lack of overtime pay to her immediate superior, Julie Goldberg. By complaining about the propriety of these

2

pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA. Shortly thereafter, Defendant Goldberg terminated Plaintiff's employment." ¶¶ 41-43.

An oral complaint is protected activity under the FLSA only if "the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). Plaintiff "must show that that 'a reasonable employer' could find that her complaint would fall under the scope of the FLSA's protection." *Marcotte v. City of Rochester*, 677 F. App'x 723, 726 (2d Cir. 2017).

Plaintiff has, at most, alleged facts "merely consistent with" liability and, thus, failed to cross "the line between possibility and plausibility of 'entitlement of relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Making an "inquiry" about "lack of overtime pay" is not an assertion of rights protected by federal law and call for protection. Nor, even crediting this allegation as true, is it plausible that any reasonable employer would find that an inquiry falls under the FLSA's protection. Rule 8 itself requires a showing of entitlement to relief for retaliation, which the Complaint fails to provide.

C.      **Plaintiff Should Amend or Voluntarily Dismiss the Complaint**

In light of the above, Defendants respectfully request that Plaintiff amend the complaint pursuant to Rule 15 or voluntarily dismiss the complaint pursuant to Rule 41 of the Federal Rules. There is no need to have the Court expend limited judicial resources to dismiss a facially deficient complaint. In the event that you decline either of these options, we will submit this letter to the Court along with the request that the complaint be dismissed without prejudice and Plaintiff given a limited amount of time to amend it.

Respectfully,

/s/ *Brian Lehman*
Brian Lehman
David Kasell
Fair Labor Defense LLC

# Exhibit 2



April 21, 2021

Brian Lehman, Esq.
Fair Labor Defense, LLC
*Brian@fairlabordefense.com*
<u>VIA EMAIL ONLY</u>

    Re:    *Coker v Goldberg & Associates P.C.* 1:21-cv-1803
           <u>CONFIDENTIAL SETTLEMENT COMMUNICATION</u>

Mr. Lehman:

Thank you for your letter of April 20, 2021. I always appreciate the opportunity to have productive discussions like this amongst ourselves.

I am decently sure that we would survive your proposed motion to dismiss, but I don't have a problem amending our Complaint to add more detail if you insist. What I'd propose instead is to just discuss the issues frankly among ourselves in an effort to see if we can resolve the dispute, rather than amending pleadings and otherwise engaging in potentially unnecessary litigation procedures.

As I mentioned on the phone, and which you alluded to in your letter, because what you are primarily referring to involves an affirmative defense, we actually do not have to make any allegations as to why she would not be exempt. Our description of what she did was sufficient for Rule 8/Rule 12/*Iqbal*/*Twombly* purposes. However, I'm happy to elaborate some to facilitate our discussions.

In *some* instances *true* "Executive Assistants" can be exempt, when they are basically an "XO" or the "right-hand [wo]man" to a high level CEO or similar, where they are entrusted to make major decisions and the like. Personal assistants, not so much. However, title alone means little to nothing. A Facilities Manager who mops floors is a janitor for FLSA purposes – a rose by any other name would smell as sweet. What we have to focus on is, of course, the nature of the employee's duties.

Here, my client was in essence a "Girl Friday." She did your client's bidding. In the pecking order she was below the paralegals in terms of anything relating to firm work (and paralegals themselves are generally not exempt, barring unusual circumstances). She did some minor filing and that kind of thing. Beyond that she did personal tasks for your client such as picking up dry cleaning. There was nothing about her role that made her exempt.

ANDERSONDODSON, P.C.
11 BROADWAY, SUITE 615 | NEW YORK, NEW YORK 10004
TEL: (212) 961-7639 | FAX: (646) 998-8051
WWW.ANDERSONDODSON.COM

In our call you made reference to my client being exempt under the "professional" exemption. From your letter it appears that you have decided not to pursue that line. Instead you have focused on the "administrative" exemption. In order to qualify for that she would have to have independent judgment and discretion regarding matters of significance. The nature of her duties simply was not of that character.

29 C.F.R. § 541.202
> *(a) To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed....*
> *(e) ... The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work...*

For retaliation, the 2nd Cir. Case you cited, *Greathouse*, was my case, so I am perhaps more familiar with the elements and requirements that I'd even care to be. I grant that the circumstances in our current case are not nearly as egregious as when my former client's supervisor put a gun to his head and said "I'll pay you when I feel like it," but the actions were still still retaliatory. In our case we could add another paragraph or two about how my client worked 145 hours over a span of two weeks (or half a month, rather) and after she got her paycheck saw that she did not receive any extra pay for that and complained to your client, and then very shortly after was let go. Again, we believe that our complaint would be ok as it is, but we could add those. We assume that, as is almost always the case, your client will deny this and will put forth other reasons as to why my client was terminated. Of course all of that could not be resolved at the motion to dismiss stage, and possibly not even at summary judgment, as it involves questions of fact.

Ultimately your challenges boil down to potential complaint amendments, not fatal flaws that would allow the case – or even just the federal claims – to be dismissed.  And even if, *arguendo*, you could get the federal claims dismissed, that just lands us in state court. As you know there are statutory fees available here if we do prevail so if your client wants to go that route we can, but it could get unnecessarily expensive for her.  I do hope we can continue to work together to avoid any unnecessary procedural hoop jumping.

My client did not work for your client very long. If we need to litigate this all the way out we can, but that really seems inefficient and unnecessary, in my opinion. Even cases that I feel very good about I do not claim to have a 100% chance of winning, so I am open to continuing our dialogue and making recommendations to my client in light of the risks inherent in litigation.  Toward that



end we invite you and your client to make an offer in response to our original demand letter. If for some reason discussing settlement among ourselves is not palatable, then in the alternative I would propose that we jointly request a settlement conference with the magistrate judge in our case. In the event that is not fruitful we would of course both reserve our rights to pick up here and amend or file a letter motion etc. How does that sound as a working game plan?

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*

# Exhibit 3

**Re: Reply on Pre-Motion Letter in Coker v. Goldberg & Associates P.C. (1:21-cv-01803)**

Penn Dodson <penn@andersondodson.com>
Thu 4/22/2021 12:33 PM
To: Brian Lehman <brian@fairlabordefense.com>
Cc: Jessica Velez <admin@andersondodson.com>; David Kasell <david.kasell@fairlabordefense.com>

OK.

I don't think that's necessary because the judge will have his own timing about when the conference will take place, and then deadlines can be set from there.

> On Apr 22, 2021, at 10:48 AM, Brian Lehman <brian@fairlabordefense.com> wrote:
>
> Understood -- yeah, let's just get going with the MTD then. I appreciate the prompt response.
>
> Do you want to me to propose a schedule in the pre-motion letter? How about we file propose a motion to dimiss by May 7, and you respond by May 28, and we reply by June 4? That puts us on a very quick path to get this issue resolved and shows, I think, that Defendants are not seeking to delay.
>
> Brian
>
> ---
>
> **From:** Penn Dodson <penn@andersondodson.com>
> **Sent:** Thursday, April 22, 2021 10:38 AM
> **To:** Brian Lehman <brian@fairlabordefense.com>
> **Cc:** Jessica Velez <admin@andersondodson.com>; David Kasell <david.kasell@fairlabordefense.com>
> **Subject:** Re: Reply on Pre-Motion Letter in Coker v. Goldberg & Associates P.C. (1:21-cv-01803)
>
> Happy to do so voluntarily so long as it isn't just to set up another round of this. In other words, I'll amend now if your response will be an Answer. If you think you might still want to to a MTD let's just go ahead and start that now rather than later. Fair?
>
>> On Apr 22, 2021, at 9:18 AM, Brian Lehman <brian@fairlabordefense.com> wrote:
>>
>> Penn,
>>
>> Thank you for your response. As noted in our initial letter, I would ask that you file an amended complaint. My hope is that it would contain the factual allegations in, and underlying, your assertions in the letter you sent back.
>>
>> I also appreciate your offer to engage in settlement talks (and your general courtesy thus far). At this time, we are going to wait on engaging in those discussions.
>>
>> Could you let me know if you would like to file an amended complaint by the close of business tomorrow? Given the rate we are moving at, you might well respond much quicker than that.
>>
>> My best,
>> Brian
>>
>> ---
>>
>> **From:** Penn Dodson <penn@andersondodson.com>
>> **Sent:** Wednesday, April 21, 2021 11:18 AM
>> **To:** Brian Lehman <brian@fairlabordefense.com>
>> **Cc:** Jessica Velez <admin@andersondodson.com>; David Kasell <david.kasell@fairlabordefense.com>
>> **Subject:** Re: Pre-Motion Letter in Coker v. Goldberg & Associates P.C. (1:21-cv-01803)

Thanks Brian. Back at ya. Looks like we were both early on our deadlines.

On Apr 20, 2021, at 1:57 PM, Brian Lehman <brian@fairlabordefense.com> wrote:

Penn,

I am attaching our letter per our previous agreement. I look forward to your reply.

My best,
Brian Lehman

---

**From:** Brian Lehman
**Sent:** Wednesday, April 14, 2021 3:13 PM
**To:** penn@andersondodson.com <penn@andersondodson.com>; graffeo@wgslawyers.com <graffeo@wgslawyers.com>; admin@andersondodson.com <admin@andersondodson.com>; David Kasell <david.kasell@fairlabordefense.com>
**Subject:** Coker v. Goldberg & Associates P.C. (1:21-cv-01803)

Penn,

Sounds good -- we are in agreement. I'm responding from the firm's email (brian@fairlabordefense.com).

My best,
Brian


Bryan & David:

Good speaking with you just now. To recap my understanding of what we agreed, we are going to do this:

- -We will stip to your answer/responsive pleading being due in 61 days (6/14/21) [60 days is a sunday] - we will prepare one unless you indicate otherwise
- -You'll send me a letter regarding your proposed MTD by Fri 4/30
- -I'll respond by 5/14
- -You'll evaluate + decide whether to recommend that we move fwd with a pre motion conference letter to the judge or not. If so you'll file it on or before 6/14 (or whatever the judge's rules require time-wise)
- -Meanwhile we'll consider discussing settlement, with or without the assistance of the mediation panel.


**Penn Dodson, Esq.**
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY 10004
212-961-7639 tel
646-998-8051 fax
P
www.andersondodson.com

<2021_04_20 Pre-Motion Letter in Coker .pdf>

Penn Dodson, Esq.
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY 10004
212-961-7639 tel
646-998-8051 fax
penn@andersondodson.com
www.andersondodson.com



**Disclaimers:**

If you have received this communication in error, please notify the sender immediately by the telephone number above and destroy the message. Please do not send confidential, proprietary, or otherwise sensitive information via e-mail. Communication via e-mail does not establish an attorney-client relationship.

CONFIDENTIALITY NOTICE: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This communication may also contain material protected and governed by the Health insurance Portability and Accountability Act of 1996 (HIPAA). This e-mail is only for the personal and confidential use of the individuals to which it is addressed and contains confidential information. If you are not the intended recipient, you are notified that you have received this document in error, and that any reading, distributing, copying or disclosure is unauthorized.

**Penn Dodson, Esq.**
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY 10004
212-961-7639 tel
646-998-8051 fax
penn@andersondodson.com
www.andersondodson.com

<Anderson without under line small.jpg>

**Disclaimers:**

If you have received this communication in error, please notify the sender immediately by the telephone number above and destroy the message. Please do not send confidential, proprietary, or otherwise sensitive information via e-mail. Communication via e-mail does not establish an attorney-client relationship.

CONFIDENTIALITY NOTICE: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This communication may also contain material protected and governed by the Health insurance Portability and Accountability Act of 1996 (HIPAA). This e-mail is only for the personal and confidential use of the individuals to which it is addressed and contains confidential information. If you are not the intended recipient, you are notified that you have received this document in error, and that any reading, distributing, copying or disclosure is unauthorized.

**Penn Dodson, Esq.**
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY 10004
212-961-7639 tel
646-998-8051 fax
penn@andersondodson.com
www.andersondodson.com