UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SADE COKER,

                Plaintiff,

v.

GOLDBERG & ASSOCIATES P.C., and JUILE GOLDBERG, ESQ., an individual,

                Defendants.

**OPINION AND ORDER**

21 Civ. 1803 (ER)

Ramos, D.J.:

Sade Coker brings this action against Goldberg & Associates P.C. and Julie Goldberg, alleging violations of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.* Specifically, Coker alleges Defendants failed to pay her overtime and "spread of hours" pay and retaliated against her. *See* Doc. 1. Before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docs. 19, 20. Defendants argue that because Coker worked as an executive assistant, she was exempt from FLSA's overtime requirements. Doc. 20 at 3. They also argue she has failed to state a plausible retaliation claim. *Id.* at 5. For the reasons discussed below, Defendants' motion is DENIED.

    **I.**    **BACKGROUND**

Coker alleges she worked as an executive assistant and personal assistant for Goldberg & Associates, an immigration law firm, for several weeks in the fall of 2020. Doc. 1 ¶¶ 1, 7. According to Coker, Defendant Julie Goldberg was her direct supervisor: Goldberg hired her, assigned her day-to-day tasks, directed her activities, and supervised her work. *Id.* ¶¶ 19, 20, 21. Coker alleges that, as an executive assistant and personal assistant, she had a range of duties and

responsibilities: at times, she performed the work of a legal assistant, organizing documents, and at other times, she would be asked to assist Goldberg's mother and to schedule Goldberg's personal appointments. *Id.* ¶ 27. Coker alleges she was expected to record her hours by keeping a handwritten daily log, and that she worked considerably more than 40 hours a week. *Id.* ¶¶ 1, 28, 29. Specifically, Coker alleges she worked 83 hours of overtime during the course of her employment.[1] *Id.* ¶ 29. But, according to Coker, because Defendants misclassified her as exempt from FLSA's overtime requirements, they did not pay her for her overtime hours. *Id.* ¶¶ 1, 30. Coker alleges that when she complained about not receiving overtime pay, Goldberg fired her. *Id.* ¶¶ 1, 20.

On March 2, 2021, Coker filed the instant complaint. *See* Doc. 1. On July 30, 2021, Defendants moved to dismiss the complaint, arguing Coker is exempt from FLSA requirements and has failed to state a claim for retaliation. *See* Doc. 20.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Accordingly, a plaintiff is required to support his claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff

---

[1] According to Plaintiff, from September 25, 2020 to September 30, 2020, she worked 45 hours total and 5 hours overtime; from October 1, 2020 to October 15, 2020, she worked 145 hours total and 65 hours overtime; and from October 16, 2020 to October 30, 2020, she worked 53 hours total and 13 hours overtime. Doc. 1 ¶ 29.

has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570).

The Court is required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013)). However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

On a motion to dismiss pursuant to Rule 12(b)(6), the Court must only consider the complaint, including "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Ocampo v. 455 Hosp. LLC*, No. 14 Civ. 9614 (KMK), 2016 WL 4926204, at *3 (S.D.N.Y. Sept. 15, 2016) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). The Court may also "consider a document 'where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.'" *Id.* at *3 (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)) (internal punctuation marks omitted).

### III.  DISCUSSION

#### a.  Overtime

Defendants argue Coker worked as an executive assistant and is therefore exempt from FLSA's overtime requirements. *See* Doc. 20. The FLSA mandates that employers pay time-and-a-half per hour when employees work more than 40 hours per week. 29 U.S.C. § 207(a). This requirement is subject to several exemptions, including for "any employee employed in a bona fide executive [or] administrative . . . capacity." *Id.* § 213(a)(1).

The application of an exemption to the FLSA is an affirmative defense that may only form the basis for a Rule 12(b)(6) dismissal if it "appears on the face of the complaint." *Gomez v. Dynaserv Indus., Inc.*, No. 15 Civ. 3452 (SJ) (PK), 2016 WL 6072371, at *1 (E.D.N.Y. Oct. 17, 2016) (quoting *Pani v. Blue Cross Blue Shield*, 15 F.3d 67, 74 (2d Cir. 1998)).  The employer bears the burden of proving that the exemption applies. *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81-82 (2d Cir. 2015). The burden is a heavy one. FLSA exemptions should be "narrowly construed against the employers seeking to assert them . . . ." *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531 (2d Cir. 2009) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

Because Defendants raise this defense in their pre-answer motion to dismiss, they may use only allegations in the complaint to prove it; a plaintiff is not required to plead the absence of such a defense. *Chen*, 798 F.3d at 81. Thus, Defendants must establish that it is evident from the face of the complaint that Coker was employed in a bona fide administrative capacity. *See* 29 U.S.C. § 213(a)(1). It is worth noting that the "applicability of an FLSA exemption—a necessarily fact-bound inquiry—often will not be ascertainable on the basis of the complaint alone." *Chen*, 798 F.3d at 83.

The administrative exemption applies to those employees who (1) are compensated on a salary or fee basis at a rate not less than $684 a week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a)(1)-(3). "A job title alone is insufficient to establish the status of an exempt employee. The exempt or nonexempt status of any particular employee must be determined on

4

the basis of whether the employee's salary and duties meet the requirements of the regulations . . . ." *Id.* § 541.2.

It is undisputed that Coker met the salary requirement. However, it is not apparent from the complaint—and Defendants point to no facts showing—that Coker performed work directly related to the management or general business operations of the employer or that she exercised discretion and independent judgment with respect to matters of significance. To meet the second requirement, an employee must perform work directly related to assisting with the running or servicing of the business, rather than, for instance, manufacturing goods or selling products in a retail establishment. *Id.* § 541.201(a). Examples of office or nonmanual work include work in functional areas such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, government relations, computer network, internet and database administration, and legal and regulatory compliance. *Id.* § 541.201(b).

In her complaint, Coker alleges that, during her five-week tenure, she had varied duties and responsibilities: sometimes, she performed the work of a legal assistant, organizing case documents, and at other times, she would be asked to assist Goldberg's mother and to schedule personal appointments. Doc. 1 ¶ 27. Coker makes no other allegations relating to the work she performed while employed by Defendants.

In their motion, Defendants note they "well understand" that the exempt or nonexempt status of an employee cannot be assessed from the employee's title alone, but instead must be determined on the basis of whether the employee's salary and duties meet the regulation's requirements. Doc. 20 at 3. But Defendants do not show how Coker's alleged duties—

organizing case documents, assisting Goldberg with personal affairs—meet those requirements. Instead, they contend Coker's allegations are too vague to sustain a claim. *Id.* at 4. But Coker is not required to plead the absence of an affirmative defense. *Chen*, 798 F.3d at 81. Here, Coker alleges Defendants failed to pay her overtime; for this purpose and at this stage, her allegations are sufficiently specific.[2]

As to the third requirement—that an employee's primary duty include the exercise of discretion and independent judgment with respect to matters of significance—this requirement "implies that the employee has authority to make an independent choice, free from immediate direction or supervision." *Id.* § 541.202(c). The factors to be considered in determining whether an employee exercises discretion and independent judgment include, but are not limited to, the following:

---

[2] The level of specificity required to state a cognizable claim for unpaid overtime was set out in *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013) and its progeny. *See DeJesus v. HF Mgmt. Servs.,* 726 F.3d 85, 89-90 (2d Cir.2013); *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200-01 (2d Cir. 2013). In particular, "[t]he Second Circuit announced . . . that, 'to state a plausible [ ] overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" *Burns v. Haven Manor Health Care Ctr., LLC,* 13 Civ. 5610, 2015 WL 1034881, at *2 (E.D.N.Y. Mar. 10, 2015) (quoting *Lundy*, 711 F.3d at 114).

In *DeJesus v. HF Management Services, LLC,* the plaintiff alleged that she worked "more than forty hours per week during 'some or all weeks' of her employment" and was not paid time-and-a-half for each hour in excess of forty hours. *DeJesus,* 726 F.3d at 87. *DeJesus* held that these bare allegations amounted only to a recitation of the statutory language of the FLSA and were insufficient to state a claim. *See id.* at 89. *DeJesus* explained that *Lundy*'s requirement that a plaintiff "allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" *Id.* at 90. Rather, *DeJesus* explained, it was "designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

"To satisfy this standard, plaintiffs are not required to keep careful records and plead their hours with mathematical precision, but they are required to draw on their memory and experience to provide complaints with 'sufficiently detailed factual allegations.'" *Bustillos v. Academy Bus, LLC*, No. 13 Civ. 565 (AJN), 2014 WL 116012, at *3 (S.D.N.Y. January 13, 2014) (dismissing claim of failure to pay overtime where employee alleged he "would regularly work from 60 to 90 hours a week"). Coker meets this standard, here: she specifically alleges the number of hours she worked overtime for each of the weeks she worked for Defendants. Doc. 1 ¶ 29.

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

*Id.* § 541.202(b). It is worth noting that secretarial work is specifically excluded from the administrative exemption: "The exercise of discretion and independent judgment . . . does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work." 29 C.F.R. § 541.202(e).

The Second Circuit has summarized this factor of the administrative exemption test by stating that "the deployment of discretion and judgment is manifested by the authority to formulate, affect, interpret, or implement the employer's management policies or its operating practices, by involvement in planning the employer's long-term or short-term business objectives, or by the carrying out of major assignments or committing major financial resources in the conduct of the employer's business." *Pippins v. KPMG, LLP,* 759 F.3d 235, 240–41 (2d Cir. 2014) (quoting *In re Novartis Wage & Hour Litig.,* 611 F.3d 141, 155–56 (2d Cir. 2010), *abrogated on other grounds by Christopher v. SmithKline Beecham Corp.,* 132 S.Ct. 2156 (2012)) (brackets and internal quotation marks omitted).

Here, again, Defendants point to no facts showing that Coker satisfies this prong, and it is not obvious from the complaint that she had any sort of decision-making authority or otherwise carried out any major assignments. Because Defendants cannot show that either of the above

7

requirements is satisfied here, they cannot meet their burden of proving the administrative exemption applies. It is possible that with the benefit of discovery, it will become clear that Coker did perform work that meets the exemption's requirements, but, at this stage, dismissal of her FLSA overtime claim is inappropriate.[3]

### b. Retaliation

The FLSA forbids "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3). "FLSA retaliation claims are subject to the three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Under this framework, "[t]he plaintiff has the initial burden to present *a prima facie* case of discrimination;" "[t]hen, the defendant has a burden of production to articulate some legitimate, nondiscriminatory reason for the adverse action;" and "[f]inally, the plaintiff has the burden of persuasion to prove by a preponderance of the evidence that the improper reason was the true reason." *Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 876 (2d Cir. 1988) (citations and quotation marks omitted).

To make a *prima facie* case of retaliation under the FLSA, Coker must show: "(1) participation in a protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins*, 626 F.3d at 53. Coker attempts

---

[3] Defendants do not move to dismiss Coker's overtime claim under the NYLL, instead arguing that the Court should decline supplemental jurisdiction over that claim. Doc. 20 at 6. But the Court notes that the pleading standard for NYLL overtime claims is identical to the standard applicable to FLSA overtime claims. *See Amponin v. Olayan*, No. 14 Civ. 2008, 2015 WL 1190080, at *2 (S.D.N.Y. Mar. 16, 2015) (noting that "[t]he NYLL adopts [the FLSA] standard"). Therefore, Coker's overtime claim under the NYLL also survives.

8

to meet this bar by alleging that she was fired when she complained about not receiving overtime pay. These allegations are sufficient to create a *prima facie* case of retaliation.

Employees enjoy the protections of the FLSA's anti-retaliation provisions when they orally complain to an employer in a manner that makes the employees' invocation of a right under the statute plain. *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115 (2d Cir. 2015). In *Greathouse,* the Second Circuit revised its longstanding definition of FLSA-protected activity in light of the Supreme Court's decision in *Kasten v. Saint–Gobain Performance Plastics Corp.,* 131 S.Ct. 1325 (2011). *Greathouse* held that "an employee may premise a [FLSA] retaliation action on an oral complaint made to an employer, so long as . . . the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" 784 F.3d at 107 (quoting *Kasten,* 131 S.Ct. at 1335). An "explicit invocation of the FLSA is not necessary to put an employer on notice." *Dunn v. Sederakis,* No. 11-CV-8210 (PAE), 2015 WL 6681134, at *6 (S.D.N.Y. Nov. 2, 2015) (emphasis omitted) (citing *Greathouse*, 784 F.3d at 116). But a "grumble in the hallway" or "mere passing comment" is not enough. *Greathouse*, 784 F.3d at 116.

Here, Coker alleges that she "complained about not receiving overpay despite working long hours in a nonexempt role" and that, when she raised this complaint, "Defendants fired her." Doc. 1 ¶ 1. This is not a casual grumble or passing comment. As alleged, Coker's complaint is a fairly explicit assertion of her right under the FLSA to receive overtime pay. This is enough to constitute a protected activity. *See, e.g.*, *Benziger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 131 (S.D.N.Y. 2020) (plaintiff engaged in protected activity when she orally complained that she was owed wages as a result of being misclassified as an exempt employee);

9

*Perdomo v. 113-117 Realty, LLC*, No. 18 Civ. 9860 (VB), 2019 WL 6998621, at *4 (S.D.N.Y. Dec. 20, 2019) (plaintiff's oral complaint that defendants "shorted him for the overtime hours" enough to constitute a protected activity).

Coker also meets the remaining elements of her *prima facie* case. She indisputably suffered an adverse employment action when she was terminated. *Suwanphanu v. Mount Sinai Health Sys., Inc.*, No. 16 Civ. 2896 (ER), 2019 WL 6050971, at *5 (S.D.N.Y. Nov. 15, 2019) (citing *Quinn v. Green Tree Credit Corp.*, 759 F.3d 759, 769 (2d Cir. 1998)). And she sufficiently alleges a causal connection. A close temporal proximity between the protected activity and the adverse employment action is sufficient at this early stage in the proceedings to allege a causal connection between the two. *Perdomo*, 2019 WL 6998621, at *4 (citing *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d, 447, 473 (S.D.N.Y. 2008)).

While Coker does not allege when she made the complaint, it is undisputed that she worked for Defendants for five weeks—from September 25, 2020 to October 30, 2020. Doc. 1 ¶ 29; Doc. 20 at 1. In other words, drawing all reasonable inferences in Coker's favor, even if she complained about overtime pay at the end of her first week of work, there would only be a four-week gap between her complaint and her firing. Because her termination closely followed her complaint—by, at the very most, five weeks—Coker has sufficiently alleged a causal connection. *Mitchell v. Ceros, Inc., et al.*, No. 21 Civ. 1570 (KPF), 2022 WL 748247, at *8 (gap of "several weeks" between oral complaint and termination sufficient).

Accordingly, the Court finds Coker has adequately stated a claim for retaliation under the FLSA.[4]  And Defendants have not alleged some legitimate, non-retaliatory reason for firing Coker.  As such, Defendants' motion to dismiss Coker's retaliation claim is denied.

## IV.   CONCLUSION

For the reasons explained above, Defendants' motion to dismiss is DENIED.  Defendants are directed to answer by April 14, 2022 and the parties are directed to appear for a conference on May 5, 2022 at 10:00 AM.  The parties are instructed to dial (877) 411-9748 and enter access code 3029857# when prompted.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 19 and Doc. 20.

It is SO ORDERED.

Dated:   March 24, 2022
         New York, New York

                                                  Edgardo Ramos, U.S.D.J.

---

[4] As the FLSA and NYLL retaliation provisions are "'nearly identical' and [are] analyzed under the same framework," *Lopez v. Advantage Plumbing & Mech. Corp.*, No. 15 Civ. 4507 (AJN), 2016 WL 1268274, at *1 (S.D.N.Y. Mar. 31, 2016)p, Coker also has alleged a retaliation claim under the NYLL.