UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADE COKER,<br><br>         *Plaintiff,*<br><br>v.<br><br>GOLDBERG & ASSOCITES P.C. and JULIE GOLDBERG, Esq., an individual,<br><br>         *Defendants.* | 21 Civ. 1803 (ER)<br><br>**ANSWER TO COMPLAINT FOR DAMAGES** |

Defendants Goldberg & Associates P.C. ("Company Defendant") and Julie Goldberg ("Individual Defendant," and, collectively with Company Defendant, "Defendants"), by and through their attorneys, Jones Law Firm, P.C., and as their answer to Plaintiff's Complaint (Doc. 1) hereby respond as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff worked for the Company Defendant for several weeks in the fall of 2020 after being hired to work as an executive assistant. Defendants deny the remainder of Plaintiff's allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 are a description of the Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. Defendants admit the Court has federal jurisdiction as Plaintiff has brought claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et al.* and the Court has denied Defendants' motion to dismiss for failure to state a claim.

1

4. Defendants admit the Court currently has supplemental jurisdiction over Plaintiff's state law claims as the Court has denied Defendants' motion to dismiss for failure to state a claim but do not admit that the Court should continue to exercise jurisdiction if the federal claims are dismissed after a motion for summary judgment given that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

5. Defendants admit that venue lies with this Court.

## PARTIES

**Defendant Goldberg & Associates P.C.**

6. Defendants admit to the registered addresses but deny the rest of the allegations contained in paragraph 7 of the Complaint.

7. Defendants admit that Goldberg & Associates P.C. is a professional corporation that operates as a full-service immigration firm and otherwise deny knowledge or information sufficient to respond to Plaintiff's allegations.

8. Defendants admits Goldberg & Associates P.C. regularly transacts business in the state of New York.

9. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 11 of the Complaint.

**Defendant Julie Goldberg**

12. Defendant denies the allegations in paragraph 12.

13. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 10 of the Complaint.

14. Defendants admit Julie Goldberg is an attorney admitted to the bar of the state of California.

15. Defendants deny. To practice before an immigration court or the Board of Immigration Appeals, attorneys and fully accredited representatives must first register online with the Executive Office for Immigration Review (EOIR).  EOIR defines an attorney as any person who is eligible to practice law in, and is a member of good standing of the bar of the highest court of any State, possession, territory, or Commonwealth of the United States or of the District of Columbia, and is not under any order suspending, enjoining, restraining, disbarring, or otherwise restricting him/her in the practice of law. *See* 8 CFR §1001.1(f).

16. Defendants admit that Julie Goldberg has an ownership interest in and/or is a shareholder of Goldberg & Associates P.C.

17. Defendants admit that Defendant Julie Goldberg is one of the ten largest shareholders of Goldberg & Associates P.C.

18. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 19 of the Complaint

20. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 20 of the Complaint or the legal definition of "boss" as federal and state law only refer to "employers."

22. Defendants deny Julie Goldberg was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA, and the NYLL

**Plaintiff Sade Coker**

23. Defendants admit.

24. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 25 of the Complaint.

26. Defendants deny that Plaintiff Coker was an "employee" within the meaning of 29 U.S.C. § 203(e) because the allegation does not state who Plaintiff Coker alleges that she was an employee of. In addition, Plaintiff Coker was exempt from the Fair Labor Standards Act as Department of Labor regulations state: "An executive assistant or administrative assistant to a business owner . . . meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." 29 C.F.R. § 541.203(d) (emphasis added); *see also* Opinion Letter Fair Labor Standards Act (FLSA), 2006 WL 4512965, *1-*2, *6 (U.S. Dep't of Labor Oct. 26, 2006) (executive assistant job fell within the administrative exemption).

27. Defendants deny that Plaintiff Coker worked as a "personal assistant" or a "executive assistant/personal assistant" and otherwise deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 27 of the Complaint.

4

28. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 28 of the Complaint.

29. Defendants deny that Plaintiff worked any "overtime" as defined by federal or New York law.

30. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 30 of the Complaint.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

31. Defendants realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure to Pay Time Overtime Properly*

32. Defendants deny.

*Willful & Not Based on Good Faith & Entitlement to Damages*

33. Defendants deny.

34. Defendants deny.

35. Defendants deny.

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

36. Defendants realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

37. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 37 of the Complaint.

*Failure to Pay Overtime*

38. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 38 of the Complaint.

*Spread of Hours*

39. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 39 of the Complaint.

*Damages*

40. Defendants deny knowledge or information sufficient to respond to Plaintiff's allegations in paragraph 40 of the Complaint.

### As And For A Third Cause of Action:
### FLSA – RETALIATION

41. Defendants realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

42. Defendants deny.

43. Defendants deny.

44. Defendants deny.

45. Defendants deny.

46. Defendants deny.

47. Defendants deny.

48. Defendants deny.

### As And For A First Cause of Action:
### NYLL – RETALIATION
### *Defendants Note that this is the Fourth Cause of Action
### but listed as the "First"

49. Defendants realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

50. Defendants deny.

51. Defendants deny.

52. Defendants deny.

### PRAYER FOR RELIEF

And as for Plaintiff's "Wherefore" clause, Defendants deny Plaintiff is entitled to the listed relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred in whole or part because the Complaint fails to state a claim which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. Plaintiffs' claims in the Complaint are barred in whole or in part because Defendants acted in good faith.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. Plaintiffs' claims in the Complaint are barred in whole or in part because payment of wages by Defendants is made pursuant to a differential based on factors other than the factor or factors alleged by Plaintiffs.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56. Defendants, at all times, acted in good faith to comply with the New York Labor Law and the Fair Labor Standards Act, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, with respect to Plaintiffs, and Defendants assert

a lack of willfulness or intent to violate the New York State Labor Law and the Fair Labor Standards Act as a defense to any claim by Plaintiffs for liquidated damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided under the New York Labor Law and Fair Labor Standards Act.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

58. In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

59. If Plaintiff succeed in establishing any violation under the New York Labor Law and the Fair Labor Standards Act, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages. Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the New York State Labor Law and the Fair Labor Standards Act.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

60. To the extent that the Complaint alleges any adverse employment action by Defendants against Plaintiffs, any such action is *de minimis*.

**WHEREFORE**, Defendants Goldberg & Associates P.C. and Julie Goldberg demand a trial by jury on all questions so triable under Rule 38 of the Federal Rules of Civil Procedure and demand that the Complaint in this action be dismissed against them in its entirety.

Dated: New York, New York
April 21, 2022

_____
T. Bryce Jones, Esq.
Jones Law Firm, P.C.
Attorneys for Defendants
1270 6th Avenue, 7th Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com