

October 17, 2022

District Judge Jennifer L. Rochon
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
<u>Via ECF Only</u>

      Re:   *Coker v. Goldberg & Associates P.C. et al; 1:21-cv-01803* -JLR
            <u>Motion for Discovery Dispute Conference</u>

Your Honor:

We represent the Plaintiff in the above-referenced single plaintiff New York Labor Law and Fair Labor Standards Act action submit this Motion for a Discovery Dispute Conference in accordance with SDNY Local Civil Rule 37.2 Your Honor's Individual Rule E.

The nature of this dispute is related to insufficient discovery responses. Plaintiff sent Defendants her Requests for Production and Interrogatories on 7/7/2022.  Defendants returned their Interrogatory answers and discovery responses to Plaintiff on 8/18/2022.

On 8/31/2022 Plaintiff sent Defendants a Meet and Confer letter regarding insufficient discovery responses, giving Defendants until 9/9/2022 to respond [Ex. A]. These include basic queries such as which apps and software programs the defendants use, in order to ascertain sources of potentially discoverable information. In a good-faith attempt to resolve this issue, Counsel for Plaintiff spoke with counsel for Defendants (one not of record) on 9/15/22  via phone and sent a follow-up email stating that:

> "*As a quick recap of our call we had this past Thursday 9/15/22: We went through my 'meet and confer' letter and discussed what we are seeking. With that clarification you indicated that you would get with your client, get back to me in about a week letting us know what you'll agree to supplement or not, and we'd get your full responses/supplements within a couple weeks of our call. Ultimately, if we're not able to get past stuff I'd like to take it to the judge around early/mid Oct…*"[Ex. B]

On 9/30/2022 Counsel for Plaintiff followed up with Counsel for Defendants to check the status. On 10/4/2022 Counsel for Defendants responded that his client is out of town and they would

not be able to supplement until 10/31/2022. On 10/4/2022 Counsel for Plaintiff responded that this time frame is unacceptable and that Defendants have 10 days to provide the requested supplements with the due date of 10/14/2022 [Ex. C] As of today, Defendants have not submitted any supplemental discovery responses.

Plaintiff intends to depose the Defendants on 11/8/2022, and has submitted to Defendants a Notice of Deposition of Julie Goldberg, as well as a Notice of 30(b)(6) Deposition with a list of topics.  The extended deadline to complete depositions is currently set for 11/10/2022 [Dkt 42]. Defendants' complete responses should have been received by early September. However, due to delays the Plaintiffs now have limited time to review the responses and adequately prepare for the depositions.

Had the above not taken place within the context of a case met by delays, marginally compliant responsiveness, and various "tactics" employed by the Defendants (who are an attorney and her law firm), the undersigned would likely be more tolerant. Unfortunately this has not been an experience of addressing the case on its merits. Plaintiff's counsel tries to be collegial and accommodating of legitimate requests for extensions and the like, but repeated behavior of this kind unfortunately warrants court intervention. Plaintiff would like to stick to the discovery schedule as set forth by the court in order to move this case toward summary judgment and/or trial expeditiously, but are being thwarted from efforts to be timely. This is a relatively small case involving a single plaintiff who worked for defendants for less than two months, but Defendants' obstreperous behavior is warranting a disproportionate amount of litigation. We welcome the Court's intercession, and request that a telephone conference be scheduled for the near future. (Plaintiff's counsel is scheduled to be in trial Oct. 31-Nov. 2).

Sincerely,

Penn Dodson, Esq.
penn@andersondodson.com

Per the Court's Individual Rule 2(E), Defendants' response to Plaintiff's letter requesting a discovery conference was due October 20, 2022.  To date, no response has been filed.  Because Defendants appear to concede that they will supplement their discovery responses -- but the parties just dispute the timing of that service -- IT IS HEREBY ORDERED Defendants shall supplement their responses expeditiously, and no later than **October 28, 2022**.  The parties are reminded that they must meet and confer in good faith prior to raising any disputes with the Court.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 44.

Dated: October 25, 2022
        New York, New York

SO ORDERED

JENNIFER L. ROCHON
United States District Judge