

March 30, 2023

District Judge Jennifer L. Rochon
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
V<span style="font-variant:small-caps">ia</span> ECF O<span style="font-variant:small-caps">nly</span>

IT IS HEREBY ORDERED that Defendants shall respond to Plaintiff's pre-motion letter no later than **April 4, 2023**.  The Court will address the parties' pre-motion letters at the April 10, 2023 conference.

Dated:  March 30, 2023
        New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Re:     *Coker v. Goldberg & Associates P.C. et al; 1:21-cv-01803 -JLR*
        PLAINTIFF'S ANTICIPATED MOTION FOR SUMMARY JUDGMENT

Your Honor:

On behalf of the Plaintiff, in advance of our upcoming pretrial conference set for April 10, 2023 and trying our best under the circumstances to comply with Your Honor's individual practice standards (§ I(i)) we ask that at the conference we discuss summary judgment procedures and timing. From the most recent operative order [Dkt. 12], discovery was set to close on December 12, 2023. However, as the Court is aware, the Defendants' deposition did not occur until March 6 and we have several lingering discovery disputes that have not yet been resolved. Presumably the upcoming conference was intended to be the "post discovery pre-trial conference" which according to your rules would mean our letters of intent regarding summary judgment motions are already past due. Since the close of discovery has become somewhat amorphous and at the moment we do not yet know whether the discovery disputes will be fully resolved by the time of the conference we ask for the Court's direction as to timing for the motion papers.

The Plaintiff's summary judgment motion is anticipated to center on the question of whether Plaintiff, as an "executive assistant/personal assistant" for the few weeks she worked for Defendants, was subject to the "administrative exemption" from overtime, as that is the primary area of contention in this case. Plaintiff intends to show that the undisputed material facts salient to this question based on admissible evidence are sufficient and that the Court can rule on this question as a matter of law. In her motion, Plaintiff also intends to establish the elements for liability for each of the two defendants, so that, if the Court rules in Plaintiff's favor on the exemption question, the entire case can be disposed of on the papers.  We thank the court for its attention to this matter.

A<span style="font-variant:small-caps">nderson</span>D<span style="font-variant:small-caps">odson</span>, P.C.
11 B<span style="font-variant:small-caps">roadway</span>, S<span style="font-variant:small-caps">uite</span> 615 | N<span style="font-variant:small-caps">ew</span> Y<span style="font-variant:small-caps">ork</span>, N<span style="font-variant:small-caps">ew</span> Y<span style="font-variant:small-caps">ork</span> 10004
T<span style="font-variant:small-caps">el</span>: (212) 961-7639 | F<span style="font-variant:small-caps">ax</span>: (646) 998-8051
<span style="font-variant:small-caps">www.AndersonDodson.com</span>

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*