

April 6, 2023

Jennifer L. Rochon
United States Disctrict Court
Southern District of New York
40 Foley Square
New York, NY 10007
<u>Via ECF Only</u>

   Re: *Coker v Goldberg & Associates P.C.* 1:21-cv-1803
     Response to Defendants' Request to Adjourn 4/10/23 Conference [Dkt. 69]

Your Honor:

Plaintiff opposes this eleventh hour request for adjournment of the conference scheduled for two business days from now, for three reasons.

First, another lawyer (specifically Mr. Bryce Jones) could attend. In the most recent iteration of counsel representing the Defendants, there have been three attorneys on the case. The lead attorney, whose appearance is noticed in the case, is Bryce Jones. Most of the undersigned's communications were with Louis Lombardi, who also held himself to be "of counsel" to Mr. Jones's firm. Austin Brown, who upon belief is also "of counsel" to Mr. Jones's firm, has participated in the case as well. There has been no explanation of why Mr. Jones could not attend.

Second, no good cause has been shown for the adjournment. Today Mr. Brown emailed me saying he thought the conference was going to be virtual, and he is out of country. It was his and his firm's oversight that is the sole cause of this request. For my own part, my team and I reviewed the Court's Order and made sure that I would be able to attend this conference in person. This is not an easy feat. Aside from actively practicing in three disparate jurisdictions, I am also managing the logistics of spending time in a fourth state due to my mother having been diagnosed with stage 4 brain cancer several weeks ago. In short, if I can manage to get myself where I need to be, when I need to be there, surely opposing counsel can do the same.

Third, this case has been fraught with delays. This is just one more example in a long line of them.

I have two proposals for how to handle this: (1) Since opposing counsel had understood the conference to be virtual, and presumably could attend if it were virtual, we ask that it simply be converted a virtual conference, so that we can keep it on as scheduled. (2) If the Court does prefer

 April 6, 2023 						Page 2 of 2

for the conference to be in person, and is inclined to grant Defendants' request to adjourn, we ask that it be at one of the following times/dates: April 27, April 28, May 1, May 2, May 3, May 4 or May 5. Defense counsel indicated in his letter that he is available on May 4. If it is that day we request a morning conference but could move things around in order to attend that afternoon.

Thank you for your consideration of these matters.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*