

April 29, 2023

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
<u>Via ECF Only</u>

      Re:    *Coker v Goldberg & Associates P.C.* 1:21-cv-1803
            <u>Motion for Sanctions Based On Discovery Deficiencies</u>

Your Honor:

Preliminarily I ask for leave to file more than three pages in this letter motion. I have incorporated relevant excerpts of the exhibits into the body of this letter which takes up significant space but hopefully facilitates the Court's review.

Following the Court's most recent Order requiring Defendants to turn over the discovery they had said they would [Dkt. 75] Defendants did turn over some supplemental information a day after their extended deadline to do so (Ex. 1, 4/18/23 email), but because the production was incomplete Plaintiff asks that at this point, in lieu of giving the Defendants additional time to respond or other accommodations, that an inference be drawn against them, that an affirmative defense be stricken, for default, and/or for any other sanctions the Court may deem warranted.

<u>*Audio Files*</u>
For many months we have been asking Defendants to turn over, *inter alia*, certain audio files. In the parties' workplace, the primary medium for day-to-day communications was WhatsApp. Defendants produced a transcript of the text message exchanges contained in WhatsApp. (Ex. 2, JLF77-JLF113) These texts referenced <u>dozens</u> of audio and photo files that were not included. For example, the texts say things like "<attached: 00000737-AUDIO-2020-10-30-18-01-04.opus>." In response to Plaintiff's meet and confer letter, Defendants responded in their supplemental responses on October 28, 2022 that "Unfortunately, the audio and photo messages are still undergoing a privilege review as audio messages are far more difficult to redact." (Ex. 3, RPD 6) and "We have redacted privileged text and are still reviewing the audio and visual messages for privileged information that will be provided as soon as possible." (Ex. 3, RPD 7).

For the first time, on April 18, 2023, Defendants did turn over 17 of these audio files (15 of Defendant Goldberg's voice and 2 of Plaintiff's) but there are many more that were not produced. Attached is a complete transcript of the contents of the produced files. (Ex. 4 audio file transcript)

These audio files are relevant because they evidence the kinds of tasks that Defendant was asking the Plaintiff to perform on a day-to-day basis, which goes directly to the question of her alleged exempt status. (In deposition Defendant testified, "Q. Do you know what those are that say attached audio? A. Yeah. So most of the time, I was in a hurry and I would voice text the information." 103:7-10.)  As an example, in one audio file Defendant says "I'm sharing the Google doc with you, but I want to tell you I need to make sure that you don't print it with the grid lines. I don't want the grid lines, so maybe print one and send a picture and it has to have the gray background and it needs to be centered on-on card stock, it needs to be centered on card stock." As another example, the parties exchanged the following WhatsApp texts:

> [10/5/20, 6:43:20 PM] Sade Coker: I'll be here as long as you need me. Should I take the bus an Uber or have Nabil get me?
> [10/5/20, 6:47:40 PM] : <attached: 00000267-AUDIO-2020-10-05-18-47-39.opus>
> [10/5/20, 6:47:50 PM] Sade Coker: Ok

Even though the audio files produced were not labeled in such a way as to correlate with these references, one can reasonably infer that AUDIO-2023-04-17-16-22-38.m4a which is transcribed as saying "I'm going to send Nabeel to come pick you up" is the audio file referenced above. These show that Plaintiff's activities were being very specifically directed and were regarding tasks that were not related to "matters of significance" which in turn defeats Defendants' exemption argument.

Defendants indicated that some of the audio files contained case and client information which could be privileged. However, despite an invitation to enter into certain stipulations regarding those, Defendants simply made no effort to engage in the dialog with counsel (Ex. 9), much less to create a privilege log or work through how to redact any legitimately privileged information.

In summary judgment Plaintiff will provide undisputed facts and evidence in support of her contention that she was not exempt under the administrative exemption, as her duties and responsibilities lacked the kind of independent judgment and discretion necessary for that exemption to apply. The few audio files that were produced support this position and we believe that the contents of the missing audio files would further support this position. We therefore ask that inferences be drawn against Defendants and in favor of Plaintiff consistent with the above.

### GOOD FAITH DEFENSE

Plaintiff asks that the Court strike the Defendant's "good faith" defense (Dkt. 36, Answer, Aff. Defs. 2 & 4, p. 7). In discovery Plaintiff requested information which could have bearing on this issue, and when Defendants objected Plaintiff followed up as follows in August, 2022 [Ex. 7]:

> REQUEST NO. 12: All documents, electronic data, or other form of information related to any communication between Defendants and any state or federal Department of Labor (excluding any such communications pertaining to unemployment compensation claims).
>
> Response: Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.
>
> -and-
>
> REQUEST NO. 13: All documents, electronic data, or other form of information related to any communication between Defendants and any professional (including but not limited to accountants, tax professionals, attorneys) regarding how to properly classify or pay employees pursuant to the FLSA or NYLL.
>
> Response: Objection. This request is vague, overly broad, unduly burdensome, and inherently calls for materials that are Attorney-Client privileged, irrelevant, and/or not reasonably calculated to lead to admissible evidence.
>
> Regarding Requests 12 and 13: In paragraph 83 (20th of 28 affirmative defenses) Defendants assert a "good faith" defense. As such, queries into Defendant's communications with departments of labor, accountants, or attorneys are indeed relevant. Please supplement or else indicate a stipulation to waive this defense.

I spoke with former defense counsel Louis Lombardi on the phone about this on September 15, 2022, and he indicated at that time that he would get with his client and get back to us within about a week of our call. My paralegal followed up multiple times thereafter by email, reminding them of their need to supplement, but we were told that due to Defendant's medical leave they were unable to produce it. Then we followed up by asking about it in deposition, having several related specific topics in the 30(b)(6) notice [Ex.10], including the following:

> *8) Outside Advice*
> > *a) any interactions between the Defendant and any state or federal DOL office or agent (excluding for the purpose of unemployment compensation).*
> > *b) Advice sought from any professional (tax professional, accountant, lawyer etc.) regarding payment of employees*

Defendants lodged no objections to the posed topics in advance of the deposition. When asked about it, Defendant Goldberg testified as follows (pp. 21-22, 75-79):
> Q. ... Are you able to testify as to any interactions between Goldberg and Associates and the State or Federal Department of Labor or any agents that work there, or any advice sought from any professionals regarding the payment of employees?
> A. I believe the HR had some consultations regarding -- so I don't think we've had -- I believe that HR has had several and one attorney has had several interactions that I have not been a part of. So I don't know how much I'd be able to testify to that, to be honest.
> ….
> A. I believe that Megan [Defendant's daughter] did research or reached out to them and -- with an attorney when she was setting up regulations.

> Q. And do you know the substance of what she was able to learn by going through that?
> A. That would be a conversation you'd have to have -- those would be questions to her.
> Q. But as the 30(b)(6) --
> A. I -- yeah. I mean, I don't know which ones would be subject to attorney/client confidentiality. I would have to check into that.
> ...
> Q. Internal communications among whom?
> A. Amongst the attorney, HR and me.
> Q. Who is the attorney?
> A. Again, I'm terrible with names. I believe Megan had already provided that -- or my office had already provided that.

(They had not.) After the deposition, we sent a list of information Defendants needed to provide (Dkt. 62-1 and after several delays Defendants responded in relevant part on April 18, 2023:

> - Written firm policy on when employees are and are/not exempt, if one exists.
> Attached.
>
> - Internal communications between and amongst HR, exec team and/or attorney re: exemption status. [Note: even if an attorney was involved, this would not be privileged if the Defendants intend to rely on it at all for the good faith defense. (The caselaw is quite clear on this.) During this time the firm used WhatsApp. Those employees which would have those communications responsive to this request are no longer employed by the firm and thus Ms. Goldberg has no control over their messaging devices. Ms. Goldberg has reached out to them and has asked for their cooperation but has not heard back. Ms. Goldberg is continuing to follow up and will provide as soon as those documents become available.
>
> - Any and all documents relied upon for forming the HR policy regarding employee exemption generally, and Sade's specifically.
> Attached.
>
> - Identity and contact info of lawyer upon whose advice firm relied for determining exemption status
> Steven Goldburd
> Partner
> Goldburd McCone LLP
> [contact info]
>
> - Identity and contact info of accountant upon whose advice firm relied for determining exemption status
> Steven Goldburd
> Partner
> Goldburd McCone LLP
> [contact info]

In turn, the documents attached (Ex. 5) included a New York City Legal Referral Service web page entitled "Exempt & Non-Exempt Employees" with a date stamp of 11/13/22 (which is significantly after Plaintiff's employment) and another one reading "Goldberg & Associates Subject: Employment Classification Policy, Effective Date: April 17, 2023" which again is obviously quite a bit after Plaintiff's employment. This is the first time the above attorney's contact information was provided. Discovery has closed.

In regard to the second point above about the alleged other WhatsApp texts, 1) Ms. Goldberg had identified her own daughter as being the person who looked into this (Depo p. 75), so presumably Defendants could have obtained any texts message she may have had at some point in the past 9 months and 2) Defendants should not be permitted to supplement at some indeterminate point in the future on the basis of their indication that they are still trying to get this information. In sum, Plaintiff has been trying to obtain discovery regarding Defendants' good faith defense but have been met with the above. Plaintiff asks that this defense be stricken.

### GENERAL SANCTIONS

These kinds of evasive, delayed, and otherwise disingenuous responses are sanctionable for any litigant, but perhaps especially for an attorney, who should know better. Defendants have needlessly required Plaintiff's counsel to spend a great deal of time and energy trying to chase down information that Defendants should have simply given over in response to initial requests, but certainly after the issues were raised to their attention in the "meet and confer" letters and conversations. Importantly, they have not asserted objections to the requested information – they simply haven't produced it. (Defendants had indicated in response to the list supplied at Dkt. 62-1 that "we are not refusing to turn over any discovery materials and have no dispute as to the materials demanded at this time." [3/27/23, Dkt. 65]).

This is another example of overly litigious gamesmanship that has occurred throughout the course of this case. As an example that appears on the docket, early on in this case, this firm filed a Rule 11 motion (which is not something I undertake lightly) against defendants (then represented by other counsel) related to their motion to dismiss. Dkt. 26. Judge Ramos denied this motion without prejudice since, even though I had complied with the "safe harbor" rule I had not also requested a pre-motion conference before filing it (Dkt. 28). After the phone conference, we elected not to re-file the motion, but in due course Judge Ramos did indeed deny Defendants' motion to dismiss. Dkt. 33.

Along the way the Defendants have disregarded the Court's orders in regard to timing of discovery responses [See Dkt. 45 and 65], failed to realize that a conference was intended to be in person, requested multiple postponements of their deposition (and therefore the discovery period), have failed to file a notice of withdrawal of counsel for the attorney they recently said was no longer with the firm, etc. The Court can make its own determinations as to whether these have risen to the level of overstepping or taking advantage of the Court's mercy and/or gracious accommodations. If this were a *pro se* party that would be one thing, but this has taken place in the context of a lawyer and law firm, represented at all times by multiple lawyers and their firms.

Rather than defend on the merits and exchange information in an above-the-board way, Defendants have engaged in the process in such a way that several of Rule 11(b)'s provisions have been implicated. The defendants cannot certify that their conduct over the course of this case has been incompliance with the following:

     (1) it is not being presented for any improper purpose, such as to harass, cause **unnecessary delay, or needlessly increase the cost of litigation**;

     (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

     … (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

As another recent example in regard to §4, Defendants have recently asserted in their letter opposition to Plaintiff's summary judgment brief that they are now contesting the quantity of hours that she worked. [Dkt. 68] This "Hail Mary" argument is not supported by the evidence, as now apparently must be addressed in summary judgment and/or trial when the hours at issue should be a "given."

On behalf of the Plaintiff we propose that a fitting sanction be default judgment liability assessed against the Defendants at this juncture. This way, Plaintiff will still have to present her case to the Court for its determination as to the few limited actual issues present, but Defendants will be further foreclosed from continuing to drag out and complicate litigation in this needless way.

Thank you for your consideration of these matters.

                                                                  Sincerely,

                                                                  Penn Dodson, Esq.
                                                                  *penn@andersondodson.com*

<u>TIMELINE:</u>

| | | |
|---|---|---|
| 7/7/22 | Plaintiff's Interrogatories and Requests for Production [Ex. 3] |
| 8/18/22 | Defendants' Responses [Ex. 6] |
| 8/31/22 | Meet and Confer Letter [Ex. 7] |
| 9/15/22 | Call between counsel regarding the deficiencies |
| 10/14/22 | 30b6 notice, with topics |
| 10/28/22 | Defendants' Supplemental Responses [Ex. 8] |
| 11/9/22 | Plaintiff's Second Interrogatories, containing only one question (to which no response was received) [Ex.9] |
| 2/26/23 | Re-issued 30b6 notice (with identical topics as the ones before) [Ex. 10] |
| 3/6/23 | Deposition [Ex. 11] |

<u>EXHIBITS</u>

1. 4/18/23 email
2. WhatsApp texts, JLF77-JLF113
3. Plaintiff's Interrogatories and Requests for Production (7/7/22)
4. Transcript of produced audio files
5. Documents produced 4/18/23 (New York City Legal Referral Service web page entitled "Exempt & Non-Exempt Employees" with date stamp of 11/13/22 and "Goldberg & Associates Subject: Employment Classification Policy, Effective Date: April 17, 2023")
6. Defendants' Responses (8/18/22)
7. Meet and Confer Letter (8/31/22)
8. Defendants' Supplemental Responses (10/28/22)
9. Plaintiff's Second Interrogatories (11/9/22)
10. 30b6 notice with topics (2/26/23)
11. Defendants' Deposition Transcript Excerpts (pp. 21-22, 75-81, 101-104) (3/6/23)