**From:** Austin Brown austin@joneslawnyc.com
**Subject:** Coker v. Goldberg discovery
**Date:** April 18, 2023 at 3:56 AM
**To:** Penn Dodson penn@andersondodson.com



Dear Ms. Dodson,
Please find attached our responses to your discovery requests. I did receive these yesterday, but due to the time difference between my client's office and my working from Europe, I was already asleep when they were received.
A number of the documents requested have already been sent to you, and we are still waiting for some responses from former employees over whom we have no control.
Sincerely,

- Accountant contact information (name, address, email, phone). Current and previous (one is recently deceased.)

<span style="color:red">Current accountant that died:
Barry Ira Goldstein
Barry Ira Goldstein & Company, An Accountancy Corp
2029 Century Park East, 4th Floor
Century City, CA 90067
310-494-7996</span>

- Bank Account info (TD Bank and Bank of America)

<span style="color:red">Ms. Goldberg would like to object to proving this information based on attorney/client confidentiality, not relevant to a two-week employee, overburdensome, and any and all applicable objections.</span>

- Written firm policy on when employees are and are/not exempt, if one exists.

<span style="color:red">Attached.</span>

- Internal communications between and amongst HR, exec team and/or attorney re: exemption status. [Note: even if an attorney was involved, this would not be privileged if the Defendants intend to rely on it at all for the good faith defense. (The caselaw is quite clear on this.)]

<span style="color:red">During this time the firm used WhatsApp. Those employees which would have those communications responsive to this request are no longer employed by the firm and thus Ms. Goldberg has no control over their messaging devices. Ms. Goldberg has reached out to them and has asked for their cooperation but has not heard back. Ms. Goldberg is continuing to follow up and will provide as soon as those documents become available.</span>

- Any and all documents relied upon for forming the HR policy regarding employee exemption generally, and Sade's specifically.

Attached.

- Identity and contact info of lawyer upon whose advice firm relied for determining exemption status

Steven Goldburd
Partner
Goldburd McCone LLP
42 West 38th Street, Suite 901
New York, NY 10018
Tel: 212-302-9400 x131
Fax: 212-302-8973
email: steven@goldburd.net

- Identity and contact info of accountant upon whose advice firm relied for determining exemption status

Steven Goldburd
Partner
Goldburd McCone LLP
42 West 38th Street, Suite 901
New York, NY 10018
Tel: 212-302-9400 x131
Fax: 212-302-8973
email: steven@goldburd.net

- She will check whether time keeping was part of her software when Sade was there

Sade was not registered with time keeping software. She had no reason to.

- Audio files from What'sApp

Attached.

- Image files from What'sApp

Attached.

- Verify responses to Rogs and RFPs

Already verified.

- Record of paid time off for Sade

Sade already has access to this because it is registered through her account.

- Answer to question "was Daily Audit" removed from SOP prior to Sade's employment

Yes, long before she worked at G&A.

- Internal email, Whats App, and/or Slack communications re: Sade (Performance, "Food Incident," Playing Games at Work, "Stealing," Discipline, Termination)

 Attached.

- Any and all written warnings or other communications to Sade re: the same

Already turned over.

- Sade's personnel file

Attached.



Employment Classifi…ion.pdf     Exemption Documents.pdf     sade paystubs.pdf     Sade Personnel File.pdf     Sade Whats…001.zip