UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADE COKER,<br><br>                    Plaintiff,<br><br>v.<br><br>GOLDBERG & ASSOCIATES P.C., and<br>JULIE GOLDBERG, ESQ., an individual,<br><br>                    Defendants. | Case No. 21-cv-01803-ER |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS**

**COMES NOW** the Plaintiff, by and through counsel, and submits these Interrogatories to Defendants, demanding that they be timely answered pursuant to Fed. R. Civ. Proc. 33 and correlative caselaw.

### INTRODUCTION

In answering these Interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your agents, employees, officers, directors, shareholders, member, attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.

In answering these Interrogatories, you must make a diligent search of your records and of other materials in your possession or available to you or your representatives.

The Interrogatories are continuing, and the answers thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

These Interrogatories seek answers as of the date on which responses are made thereto, except that the responses must be supplemented and/or amended as provided for by applicable laws and rules.

### DEFINITIONS

In preparing your responses to the Interrogatories set forth herein, the following

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

definitions should control unless indicated otherwise by the context:

- "*Knowledge*" includes first-hand information and information derived from any other source, including hearsay knowledge.
- Unless direct reference to each party's proper name is used, the words "*you*" and "*your*" refer to this Defendant and its respective agents, officers, employees, attorneys, and all other persons acting on behalf of Defendant.
- To "*identify*" a person or if the answer to an interrogatory refers to a person or requests the name of a person, state with respect to each such person:

    (1)   His or her name;

    (2)   His or her last known residence, business address and telephone number;

    (3)   His or her company or business affiliation at the date of the transaction, correspondence or meeting referred to; and

    (4)   His or her title and duties in the company or business with which he or she was affiliated.

- "*Person*" shall mean and include an actual person, association, partnership, sole proprietorship, firm, public entity, corporation, or any other business or legal entity, its agents or employees.
- The words "*documents,*" "*writings*," and "*materials*" are used in the broadest sense and refer to any and all written, recorded, electronic, or graphic matters, however produced or reproduced, whether or not it now exists, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or notes of any and all of the following: correspondence, e-mails, records, notes, summaries, schedules, contracts, agreements, offers, data files, statements, certificates, deeds, drawings, sketches, orders or acknowledgments, diaries, reports, forecasts or appraisals, memoranda or telephone memoranda, pamphlets or brochures, letters, telegrams, computer printouts, faxes, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data, material, typewritten material, electronic material, printed material, photocopies, photographs, or other graphic symbolic recorded or written materials of any nature whatsoever. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

P's 1st Rogs to Ds
Page 2

enclosure, comment, notation, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, are to be considered a separate document.

- In each instance wherein you are asked to "***identify***" or describe a document, your description should be sufficient to satisfy the requirements of federal law, and should include but not be limited to:

    (1)  The name, address, telephone number, occupation, job title, and employers of the present custodian of the document;

    (2)  The date of the making of the document and the name, address, telephone number, occupation, job title, and employers of each such person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence.

## INSTRUCTIONS

A.  Answer each interrogatory separately and fully in writing and under oath, unless it is objected to, in which event the reason for the objection must be stated in lieu of the answer.

B.  In responding to the below-listed interrogatories, please indicate, as to each specific answer, the source or sources of the information you relied upon in setting out such answer. If the information obtained in whole or in part from an individual, please set forth the name, title, and business and home addresses of the individual concerned. If such information was obtained in whole or in part from a document, as defined above, please identify such document and state:

    (1)  its location;

    (2)  the name of the custodian of the document;

    (3)  the date(s) of the document;

    (4)  the author of the document;

    (5)  the length of the document; and

    (6)  a summary of the content of the document.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

C.  You may provide a copy of the document in lieu of the above information. If you choose to do so, however, ***you must precisely identify the document by its Bates Stamp Number(s)*** so that Defendant knows to what exact document(s) you are referring.

D.  These interrogatories are deemed to be continuing in nature and should you, your counsel, or anyone representing your interest, acquire any additional knowledge or information which affects the accuracy or completeness of any answer or which relates to the matter in which these interrogatories inquire, such knowledge, information, and documents should be immediately transmitted to Plaintiff's attorney by way of supplemental answers. Failure to supplement an answer within a reasonable time can subject a party to sanctions. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

E.  The information requested in these interrogatories includes all information available to you or subject to reasonable inquiry by you, including information in the possession of you, your agents, representatives, employees, insurers, and attorneys. Regardless of the manner in which these interrogatories are addressed and regardless of their form, your answers and responses are to include all information known or available to you, your attorneys, and/or their representatives.

F.  If an interrogatory has sub-parts, answer each subpart separately and in full, and do not limit the answer to the interrogatory as a whole. If an interrogatory or its subpart cannot be answered in full, answer to the extent possible and specify the reason for the inability to answer the remainder, stating whatever information and knowledge you have regarding the unanswered portion.

G.  Each interrogatory shall be construed independently. No interrogatory shall be construed by reference to any other interrogatory for the purpose of limiting the response to such interrogatory.

H.  An evasive or incomplete answer to an interrogatory is deemed to be a failure to answer.

I.  In construing these interrogatories:

   (1)   the singular shall include the plural and plural shall include the singular; and

   (2)   a masculine, feminine, or neuter pronoun shall not exclude the other genders.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

P's 1st Rogs to Ds
Page 4

J.  If you object to any discovery request as being vague or ambiguous, identify each word or phrase that you consider to be vague or ambiguous, define that term as you understand it, and answer the discovery request according to your understanding.

K.  If you object to any discovery request as being overly broad, state what you believe to be a proper limitation of the breadth of the discovery request and answer it according to that limitation.

**CLAIMS OF PRIVILEGE**

All objections or responses that fail or refuse to fully respond to a request for discovery on the grounds of any claim of privilege of any kind whatever shall:

A.  State the nature of the claim of privilege and the facts relied upon in support of such claim;

B.  Identify all documents relating to said claim and, for each document withheld from production, provide the following information: the nature of the documents (such as, for example, a letter, telegram, memorandum, or otherwise); the date; the identity of the addresses or recipients of either the documents or copies of the documents; and a description of the general subject matter of the documents;

C.  Identify all persons having knowledge of any facts related to such claim; and

D.  Identify all events, transactions, or occurrences related to the claim.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** "Identify" each and every individual who has knowledge about any issue in this matter. Along with contact information required by the definition of "identify," be sure to include with your identification whether the individual is currently employed by any of the Defendants as well as current or most recent job title.

**INTERROGATORY NO. 2:** Identify (including name, telephone number, email address, address, positions/titles, and dates of employment) each individual who worked for Defendants in any capacity in 2020. Note which, if any, of these individuals Defendants consider to be "management" employees under applicable Rules of Professional Conduct pertaining to *ex parte* communications, and if so why.

**INTERROGATORY NO. 3:** Identify all owners, shareholders, and/or members of the corporate entity of the corporate Defendant. If this response is different now than for the time of

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

P's 1st Rogs to Ds
Page 5

Plaintiff's employment, state the individuals' names who were owners, shareholders, and/or members at that time and dates of their tenure.

**INTERROGATORY NO. 4:** Describe with specificity the sources (including, but not limited to, which documents or other sources of information) to which Defendant or its agents would refer in order to determine the number of hours, or fractions thereof, which Plaintiff *worked* for a) each workday and b) each workweek during which he worked for Defendant.

**INTERROGATORY NO. 5:** Describe with specificity the sources (including, but not limited to, which documents or other sources of information) to which Defendant or its agents would refer in order to determine the number of hours, or fractions thereof, which Plaintiff was *paid* for a) each workday and b) each workweek during which she worked for Defendant.

**INTERROGATORY NO. 6:** Describe with specificity the sources (including, but not limited to, which documents or other sources of information) to which Defendant or its agents would refer in order to determine the gross amount of compensation Plaintiff received for each workweek during which he worked for the Defendant. (e.g. printed payroll report from ADP; electronic data from internal Quickbooks system; bank statements from Bank X, Account No. Y; etc.).

**INTERROGATORY NO. 7:** Regardless of whether you intend to actually produce it/them, identify each statement you have obtained from any individual concerning this action or its subject matter. State the name of the person from whom such statement was taken, the name of the person by whom taken, the form of the statement (*e.g.* oral, written, tape recorded, etc.), the date of the statement, and the present custodian of each tangible thing pertaining thereto (*i.e.,* transcript, tape, movie, handwritten notes, typed notes, etc.).

**INTERROGATORY NO. 8:** Identify all software programs or apps the corporate Defendant used in the regular course of business in 2020.

Respectfully submitted, this **7th** day of **July, 2022.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson/*

**Penn A. Dodson (2244)**
penn@andersondodson.com
Attorney for Plaintiff
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

P's 1st Rogs to Ds
Page 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SADE COKER,**<br><br>                              Plaintiff,<br><br>v.<br><br>**GOLDBERG & ASSOCIATES P.C.**, and **JULIE GOLDBERG, ESQ.,** an individual,<br><br>                              Defendants. | Case No. 21-cv-01803-ER |

### CERTIFICATE OF SERVICE

I hereby certify that on this **7th** day of **July, 2022**, I sent the foregoing Plaintiff's First Interrogatories to Defendants to counsel for the defendants via first class mail with adequate postage affixed thereon and by pdf attachment to email, addressed as follows:

>    Tanner Bryce Jones, Esq.
>    JONES LAW FIRM, P.C.
>    1270 6th Ave 7th Floor
>    New York, NY 10020
>    *bryce@joneslawnyc.com*

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson (2244)**
*penn@andersondodson.com*
Attorney for Plaintiff
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

P's 1st Rogs to Ds
Page 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADE COKER,<br><br>                    Plaintiff,<br><br>v.<br><br>GOLDBERG & ASSOCIATES P.C., and<br>JULIE GOLDBERG, ESQ., an individual,<br><br>                    Defendants. | Case No. 21-cv-01803-ER |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS**

**COMES NOW** the Plaintiff, by and through counsel, and submits these Requests for Production to Defendants, demanding that they be answered pursuant to Fed. R. Civ. Proc. 34 and all other pertinent provisions of the FRCP and applicable caselaw, and with an accompanying production of the documents described below for inspection and\or photocopying.

**DEFINITIONS**

In preparing your responses to the Requests set forth herein, the following definitions should control unless indicated otherwise by the context:

- Unless direct reference to each party's proper name is used, the words "*you*" and "*your*" refer to the Defendant and its respective agents, officers, employees, attorneys, and all other persons acting on behalf of Defendant.
- "*Knowledge*" includes first-hand information and information derived from any other source, including hearsay knowledge.
- In each instance wherein you are asked to "*identify*" or describe a document, your description should include but not be limited to:

    (1)   The name, address, telephone number, occupation, job title, and employers of the present custodian of the document;

    (2)   The date of the making of the document and the name, address, telephone number, occupation, job title, and employers of each such person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

- To "*identify*" a person or if the answer to an interrogatory refers to a person or requests the name of a person, state with respect to each such person:

    (1) His or her name;

    (2) His or her last known residence, business address and telephone number;

    (3) His or her company or business affiliation at the date of the transaction, correspondence or meeting referred to; and

    (4) His or her title and duties in the company or business with which he or she was affiliated.

- "*Person*" shall mean and include an actual person, association, partnership, sole proprietorship, firm, public entity, corporation, or any other business or legal entity, its agents or employees.

- The words "*documents,*" "*writings,*" and "*materials*" are used in the broadest sense and refers to any and all written, recorded, electronic, or graphic matters, however produced or reproduced, whether or not it now exists, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or notes of any and all of the following: correspondence, e-mails, records, notes, summaries, schedules, contracts, agreements, offers, data files, statements, certificates, deeds, drawings, sketches, orders or acknowledgments, diaries, reports, forecasts or appraisals, memoranda or telephone memoranda, pamphlets or brochures, letters, telegrams, computer printouts, faxes, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data, material, typewritten material, electronic material, printed material, photocopies, photographs, or other graphic symbolic recorded or written materials of any nature whatsoever. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, are to be considered a separate document.

### INSTRUCTIONS

A. Answer each Request for Production separately and fully in writing and under oath, unless it is objected to, in which event the reason for the objection must be stated in lieu of the answer.

B. If any requested document cannot be provided in full, provide it to the extent possible and identify each document or portion thereof or information withheld and set forth the reasons it has been withheld.

C. You are requested to produce all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you, your employees, agents, representatives, attorneys, accountants, or any other person acting or purporting to act on your behalf or under your direction or control.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*  
Case No. 1:21-cv-01803-ER

Ps 1st RPDs to Ds  
Page 2

D. You are requested to produce the original of each document requested together with all non-identical copies and drafts.

E. Documents not otherwise responsive shall be produced if such documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or explanation of responsive documents.

F. Identify the request to which each document is responsive **and precisely identify the document by its Bates Stamp Number(s)** so that the requesting party knows to what exact document(s) you are referring.

G. You are under a continuing duty to furnish additional and supplemental responses and documents. Should you, your counsel, or anyone representing your interest, acquire any additional knowledge or information which affects the accuracy or completeness of any of the documents produced, or which relates to the matter to which these document requests inquire, such knowledge, information, and documents must be immediately transmitted to the requesting party's attorney by way of supplemental production of documents. Failure to supplement an answer within a reasonable time can subject a party to sanctions. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

H. Each request to produce shall be construed independently. No request shall be construed by reference to any other request to produce for the purpose of limiting the response to such request.

I. If a request to produce, read literally, requires the production of a part or portion of a document, the entire document shall be produced.

J. An evasive or incomplete answer to a document request is deemed to be a failure to answer.

K. For each document within the scope of these requests to produce that has been destroyed or lost or is otherwise unavailable, provide the following:

  a. identify, as defined in the definitions section of this document, the document;

  b. a summary of the document's contents; and

  c. a description of the circumstances under which the document became unavailable, including, but not limited to, the date(s) the document was destroyed, lost, or became otherwise unavailable; identify, as defined in the definitions section of this document, the person(s) involved in the document's destruction or loss; and the reason(s) for the document's destruction or loss.

L. In construing these requests to produce:

  a. the singular shall include the plural and plural shall include the singular; and

  b. a masculine, feminine, or neuter pronoun shall not exclude the other genders.

M. If you object to any discovery request as being vague or ambiguous, identify each word or phrase that you consider to be vague or ambiguous, define that term as you understand it, and answer the discovery request according to your understanding.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

Ps 1st RPDs to Ds
Page 3

N. If you object to any discovery request as being overly broad, state what you believe to be a proper limitation of the breadth of the discovery request and answer it according to that limitation.

### CLAIMS OF PRIVILEGE

All objections or responses that fail or refuse to fully respond to a request for discovery on the grounds of any claim of privilege of any kind whatever shall:

A. State the nature of the claim of privilege and the facts relied upon in support of such claim;

B. Identify all documents relating to said claim and, for each document withheld from production, provide the following information: the nature of the documents (such as, for example, a letter, email, memorandum, or otherwise); the date; the identity of the addressees or recipients of either the documents or copies of the documents; and a description of the general subject matter of the documents;

C. Identify all persons having knowledge of any facts related to such claim; and

D. Identify all events, transactions, or occurrences related to the claim.

### REQUESTS

**REQUEST NO. 1.** All documentation pertaining to Plaintiff's compensation (including but not limited to all pay stubs and/or electronically stored equivalents; check stubs, cancelled checks, other payroll documentation; bank statements and registers; reimbursement forms; and/or other forms or databases used to process payroll).

**REQUEST NO. 2.** All documentation pertaining to Plaintiff's time worked (including, but not limited to all time sheets, time clock logs, punch card records or similar for each shift Plaintiff worked, including documentation or electronic data showing any and all alterations to such time entries) for the entire duration of Plaintiff's employment.

**REQUEST NO. 3.** All firm billing logs or time entries for any case- or client-related work Plaintiff performed (work product, attorney-client, or other privileged information may be redacted).

**REQUEST NO. 4.** All task lists, assignments, or other communications regarding projects or tasks Plaintiff was asked to perform while working for Defendants, including communications via apps or software, text, email, or any other means.

**REQUEST NO. 5.** All calendars, schedules or appointment logs relating to Plaintiff.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*  Ps 1st RPDs to Ds
Case No. 1:21-cv-01803-ER   Page 4

**REQUEST NO. 6.**  The complete personnel file(s) for Plaintiff (including but not limited to documents such as job applications/ resumes, tax and immigration forms such as W4s and I9s, new hire or onboarding paperwork, copies of any licenses, unemployment compensation paperwork, write-up, requests for leave time), as well as any other documents Defendant maintains separately from his personnel file, but which pertain to her.

**REQUEST NO. 7.**  All electronic mail (e-mail) communications, text messages, SMS/IM/DM or other written messaging messages, letters, memos, or notes, regarding, pertaining to, authored by, received by, copied to, or otherwise mentioning Plaintiff.

**REQUEST NO. 8.**  All employee handbooks, memos, policy statements, posters, guidance manuals, emails or other form of documentary guidance pertaining to employment-related policies in effect while Plaintiff was employed.

**REQUEST NO. 9.**  Employee lists for all individuals employed with Defendants during any time Plaintiff was employed there (including name, contact information, etc.)

**REQUEST NO. 10.**  All bank statements for all bank accounts maintained by the corporate Defendant (and, if different, any additional copies of cancelled checks) for the year 2020.

**REQUEST NO. 11.**  All profit and loss statements and tax returns for the firm for the year 2020.

**REQUEST NO. 12.**  All documents, electronic data, or other form of information related to any communication between Defendants and any state or federal Department of Labor (excluding any such communications pertaining to unemployment compensation claims).

**REQUEST NO. 13.**  All documents, electronic data, or other form of information related to any communication between Defendants and any professional (including but not limited to accountants, tax professionals, attorneys) regarding how to properly classify or pay employees pursuant to the FLSA or NYLL.

**REQUEST NO. 14.**  All documents responsive to, reasonably related to, or used (e.g. referred to, relied upon, referenced, consulted) to respond to Plaintiff's Interrogatories or Requests for Admission.

**REQUEST NO. 15.**  All documents in Defendant's possession bearing Plaintiff's signature.

**REQUEST NO. 16.**  All agreements or contracts between Plaintiff and the Defendant (or any agents of the corporate Defendant), whether signed or unsigned.

**REQUEST NO. 17.**  Any and all documents relating to, referencing or regarding any witness statements taken by Defendant or their agents regarding or relating to any issue involved in this case.

**REQUEST NO. 18.**  Any and all photographs, videos, movies, or sound recordings related to the Plaintiff, whether they were taken on behalf of the Defendant or not.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

Ps 1st RPDs to Ds
Page 5

**REQUEST NO. 19.**  To the extent not already provided in response to another Request for Production, any and all documents that relate to and/or reference any of the material facts at issue in Plaintiff's Complaint or which Defendants contend support their claims, defenses or affirmative defenses in this case.

Respectfully submitted, this **7th** day of **July, 2022.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson (2244)**
*penn@andersondodson.com*
Attorneys for Plaintiff
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

Ps 1st RPDs to Ds
Page 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SADE COKER,**<br><br>                Plaintiff,<br><br>v.<br><br>**GOLDBERG & ASSOCIATES P.C.**, and **JULIE GOLDBERG, ESQ.,** an individual,<br><br>                Defendants. | Case No. 21-cv-01803-ER |

## CERTIFICATE OF SERVICE

I hereby certify that on this **7th** day of **July, 2022**, I sent the foregoing Plaintiff's First Requests for Production to Defendants to counsel for the defendants via first class mail with adequate postage affixed thereon and by pdf attachment to email, addressed as follows:

> Tanner Bryce Jones, Esq.
> JONES LAW FIRM, P.C.
> 1270 6th Ave 7th Floor
> New York, NY 10020
> *bryce@joneslawnyc.com*

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson (2244)**
*penn@andersondodson.com*
Attorneys for Plaintiff
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-ER

Ps 1st RPDs to Ds
Page 7