| Goldberg & Associates | Subject:  Employment Classification Policy | | |
|---|---|---|---|
| Effective Date: April 17, 2023 | Revised Date: | Policy Number: 2023161 | Page 1 of 5 |
| Approved By: | | Date Approved: | |

## I.      Scope

The following guidelines ensure compliance with the *Fair Labor Standards Act* (FLSA) for all employees at Goldberg & Associates. The policy provides general guidelines for the application of the FLSA to positions at Goldberg & Associates but is not intended to replace the provisions of the FLSA.

## II.      Eligibility

Full-time and regular, part-time employees.

## III.      Policy

Goldberg & Associates is committed to ensure that employees be paid appropriately for time worked and must use leave under pertinent policies (such as annual leave, sick leave, or leave without pay) for time that they do not work. Therefore, an employee's pay will be reduced, or an employee will be placed on leave-without-pay, if absent from work for personal reasons or because of illness or injury and leave balances are not used because (1) there is no request to use accrued leave or a request has been denied, (2) leave balances have been exhausted, or (3) a request for leave- without-pay has been approved.

All employees of the Firm are covered by the FLSA, although some individuals may be exempt from certain of its provisions.

## IV.      Non- Exempt Positions

Non-exempt employees are subject to the provisions of the FLSA which require overtime payments for all hours worked in excess of a 40-hour work week. Overtime is paid, or overtime leave is granted, to all non-exempt employees who work more than a total of forty hours in the work week. All hourly wage employees are considered non-exempt and are eligible for overtime pending approval from the supervisor/ manager.

The *Fair Labor Standards Act* requires that employees in non-exempt positions be compensated at time-and-one-half rate for all hours worked over 40 in the work week.

## IV.    Exempt Positions

An exempt employee is one who is exempt from the minimum wage and overtime requirements of the *Fair Labor Standards Act* (FLSA). Exempt employees must meet the salary basis and level tests and the job duties test described below.

The following information gives a brief and general overview of the criteria that must be met in order for a position to be considered exempt under the FLSA.

1.  **Salary Basis and Level Test** - To qualify for this exemption under the provisions of the FLSA, employees must generally be paid at least $684 per week on a salary basis effective January 1, 2020. Salary basis means the employee receives a predetermined amount of compensation on a regular basis. The predetermined amount cannot be reduced because of variations in the quality or quantity of the employee's work. With only a few exceptions, an exempt employee must receive the full salary for any week in which the employee performs any work, regardless of the number of days or hours worked. The salary level may not be "pro-rated" for part-time positions.
2.  **Job Duties Test** – To qualify for an exemption, employees must meet the above salary basis and level tests *and* qualify under one of the following job duty tests:

    Executive

    *   Primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; AND
    *   Customarily and regularly directs the work of two or more other employees (2 FTE); AND
    *   Has authority to hire or fire other employees or must have significant ability to influence these decisions.

    Administrative

    *   Primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, AND
    *   primary duty includes the exercise of discretion and independent judgment with respect to matters of significance OR is related to academic instruction or training;
    *   Certain jobs in careers such as Finance, Auditing, Human Resources, Accounting, Public Relations, Database Administration, Procurement, and Budgeting may qualify as exempt.
    *   Certain jobs applying well established techniques, procedures, or standards described in manuals or other sources may not qualify as exempt.
    *   Those performing clerical, secretarial, mechanical, recurrent or routine work would not qualify as exempt.

    Professional

    *   Primary duty must be the performance of work requiring advanced knowledge in a field of science or learning; AND

- Customarily acquired by a prolonged course of specialized intellectual instruction OR primary duty must be the performance of work requiring invention, imagination, originality, or talent in a recognized field or artistic or creative endeavor;
- Occupations that may qualify as exempt are in the fields of law, theology, medicine, accounting, teaching, architecture, engineering, physical sciences, chemical sciences, and biological sciences.
- Types of jobs that may not qualify as exempt are Licensed Practical Nurses (LPN), accounting clerks and bookkeepers who process routine work, paralegals, engineering technicians, and cooks/chefs who perform routine work.

Computer

- Computer systems analysts, computer programmers, software engineers or those in similar positions are considered exempt.
- Positions such as computer support specialists, help desk employees, computer network specialists, and database administrators do not qualify as exempt under the computer exemption; however, some of these positions may qualify under other exemptions.

The above section describes only general guidelines. Further information and assistance in interpretation of the FLSA can be obtained from Human Resources.

## V. Minimum Wage Provisions

The *Fair Labor Standards Act* requires that all employees be paid at least at the current federal minimum wage rate of $7.25 per hour.

G&A has established its own pay structure for all full-time employees in which the minimum salary, and thereby the equivalent hourly rate, exceed the federal and state minimum wage rates.

## VI.  Meal Breaks

G&A requires a 30-minute meal break for employees working six consecutive hours or more. Employees who work through their meal period must be compensated.

This includes an employee who stays at her or his workstation and occasionally answers the phone during the meal break or who, without approval of the supervisor, takes it upon himself or herself to work through the meal break. Employees who work without approval may be subject to disciplinary action but still must be compensated for time worked.

## VII. Lactation Accommodations

The *Fair Labor Standards Act* requires employers with over 50 employees to provide non-exempt workers with "reasonable break time ... to express breast milk for her nursing child each time such employee has need to express the milk for 1 year after the child's birth." Typically, 15 to 20 minutes every three to four hours are required. G&A allows managers to grant non-exempt employees working an 8-hour day morning and afternoon breaks, not exceeding 15 minutes each, which are included with the total required hours of work. These breaks are to be paid. To accommodate mothers who require more than 15 minutes, managers may permit them to extend these breaks by up to 15 minutes each by taking unpaid time from the lunch break or by extending the work day by the amount required. Managerial approval is required for extended breaks. Employers are also required to provide "a place, other than a

bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.".

Questions regarding these requirements and requests for assistance or guidance should be directed to Human Resources.

## VIII. Procedure

### How to Determine Overtime Hours or What Constitutes Hours Worked

The *Fair Labor Standards Act* states that non-exempt employees must be compensated for overtime at a rate of time and one half for all hours worked over 40 in a period of seven consecutive days (work week). The work period for the Firm is normally Saturday at midnight to the following Saturday at midnight. In calculating the total hours an employee works, hours used for leave of any kind including holidays are not included.

### Non-Exempt Employees :Approval for Overtime Compensation

Overtime should be authorized only by the manager using the Overtime Authorization Form and primarily for exceptional requirements of an emergency or temporary nature. Employees who take it upon themselves to work overtime without prior approval from the supervisor may be subject to disciplinary action. This includes working through the meal break or after the normal work schedule. Continual use of overtime is prohibited.

In order to avoid the need for overtime pay or overtime leave, management may reschedule employees during the same work week so that no more than the 40 hours are worked.

### IX. Travel Time

The hours a non-exempt employee spends traveling to a destination as part of the job for the Firm (except for normal home-to-work travel time) must be counted as hours worked **and is determined by management.**

- **All-In-One-Day Travel:** In the case of a non-exempt employee riding in an automobile or using mass transit, and traveling directly from and returning home on an all-day trip, all of the hours must be counted as work hours except travel time to and from the point of departure (i.e., train station or airport). Travel between the home and place of departure is regarded in a similar way to travel time between home and the normal office location and is not work time.
- **Overnight Travel:** When a non-exempt employee is traveling on an overnight trip all of the hours occurring within the normal daily scheduled hours must be counted as work hours even if the travel takes place on days when the employee is not normally scheduled to work. Time spent as a passenger during overnight travel outside of normal scheduled work hours where no work is performed does not count as hours worked.

  A non-exempt employee who is required to drive is compensated for all travel hours.

  **Example:** An employee normally works 9:00 a.m. - 6:00 p.m., Monday through Friday. Any travel hours between 9:00 a.m. and 6:00 p.m., even on Saturday and Sunday, are counted as hours worked.

## X. Record Keeping

All employees are required to clock in and clock out using uattend. Time sheet corrections are due on the 16th and 1st of the month. Employees are required to review uattend and approve hours accordingly.

## XI. Deductions

### Circumstances in Which the Employer May Make Deductions from Pay

Deductions from pay are permissible when an exempt employee:

- is absent from work for one or more full days for personal reasons other than sickness or disability,
- for absences of one or more full days due to sickness or disability if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for salary lost due to illness,
- to offset amounts employees receive as jury or witness fees, or for military pay,
- OR for unpaid disciplinary suspensions of one or more full days imposed in good faith for workplace conduct rule infractions.

An employer is not required to pay the full week's salary:

- in the initial or terminal week of employment,
- for penalties imposed in good faith for infractions of safety rules of major significance,
- OR for weeks in which an exempt employee takes unpaid leave such as the Family and Medical Leave Act. In these circumstances, either partial day or full day deductions maybe made.

If an employee believes that an improper deduction has been made to their salary, they should immediately report this information to their direct supervisor, or to Human Resources.

Reports of improper deductions will be promptly investigated. If it is determined that an improper deduction has occurred, the employee will be promptly reimbursed for any improper deduction made.

## XII. Procedure to determine exempt status

**Job Content Questionnaire** is completed for each job family to objectively and systematically evaluate job descriptions belonging to that job family in terms of compensable factors in order to determine the pay grade for each job.

During job evaluation, the level and degree of independent judgment is reviewed by HR in accordance to the FLSA Exemption test of that job. The job evaluation process is based strictly on the minimum requirements and essential duties and responsibilities of a job and not on the level of performance of an individual in a job.

Questions regarding this policy and procedure should be directed to HR.



Skip to content

## Contact Us

English: 917-983-0983

Español: 917-832-1927

lrs@nycbar.org

New York City Bar

Legal Referral Service

42 West 44th Street,

New York, NY 10036

Monday - Friday 8:30 AM
to 5:30 PM

Closed from 1:00 PM to
2:00 PM daily.

Closed on all national
holidays.

# Exempt & Non-Exempt Employees

The federal Fair Labor Standards Act (FLSA) exempts (or excludes)
certain employees from its minimum wage and overtime laws.
Employees who are exempt from the FLSA's minimum wage and
overtime laws include:

- executive, administrative, and professional employees and some
  computer workers;
- outside salespeople such as those who do sales away from the
  employer's place of business, like a door-to-door salesperson

The FLSA exempts other groups of employees from its minimum
wage and overtime laws, including:

Request A Lawyer (https://www.nycbar.org/get-legal-help/our-
services/request-a-lawyer/)

- babysitters on a casual basis;
- companions for the elderly;
- federal criminal investigators;
- fishing employees;
- homeworkers making wreaths;

- newspaper deliverers and newspaper employees of limited circulation newspapers; and
- switchboard operators

The FLSA exempts certain employees from just its overtime laws, including:

- airline and railroad employees;
- certain amusement/recreational employees;
- boat salespeople;
- domestic employees who live-in;
- police and firefighters who work in small public police and fire departments;
- local delivery drivers and their helpers;
- motion picture theater employees;

- radio station and television station employees in small markets;
- taxicab drivers;
- certain financial services industry employees; and
- certain registered nurses

With certain exceptions, police and fire departments (unless considered small), first responders, hospitals, residential care establishments and facilities, intermediate care facilities for the developmentally disabled, skilled and other nursing facilities, and assisted living facilities are subject to the FLSA's minimum wage and overtime laws.  This means that their employees, for the most part, will be considered non-exempt.

Your job title does not decide whether you are exempt from the overtime rules. Instead, you are exempt from the overtime rules if all three of the following factors exist:

1. You work on a salary basis;
2. Your salary is at least $913/week; and
3. Your job title and duties (look at your job description) say that your responsibilities are those of either an administrative

employee, an executive, a certain type of computer worker, or a specially skilled worker.

In addition, if you earn more than $100,000 per year (gross income), and your job is to do professional, administrative or manager's duties, you are exempt.

Here are a few ways to figure out if you are a non-exempt employee:

- If you work a regular, 40-hour work week without an employment contract, you are probably non-exempt.
- No matter what your job title is, if you earn less than $913/week (gross), you are non-exempt.
- If you are not an executive, or an administrative or professional employee, you are probably non-exempt.

Depending on your responsibilities at work (as stated in your job description), you may be an exempt employee one week and non-exempt another week. It is possible to be misclassified as exempt which might entitle you to back-pay for unpaid overtime work.

In general, as an exempt employee, you are entitled to the same salary every pay period, no matter how many hours you worked. However, there are 7 situations in which your employer may take money out of your salary without violating the law:

1. If you are absent for personal reasons for one or more full days (not including sickness or disability);
2. If you are absent due to sickness or disability for one or more full days (deduction must be made in accordance with a plan, policy, or practice of providing compensation for salary lost because of illness);
3. To offset what you are paid for jury duty, witness fees, or for military pay;
4. If you violate major safety rules, you may be penalized;
5. If you violate written company conduct rules, if you are suspended for at least one full day, you may be suspended without pay;

6. Your employer does not have to pay you for time not worked in your first or last week of employment; or

7. If you take partial days, full days, or weeks off under the Family and Medical Leave Act.

*Legal Editor: Joseph F. Tremiti, February 2015* (updated May 2017)

*Changes may occur in this area of law. The information provided is brought to you as a public service with the help and assistance of volunteer legal editors, and is intended to help you better understand the law in general. It is not intended to be legal advice regarding your particular problem or to substitute for the advice of a lawyer.*

© 2022 Association of the Bar of the City of New York (https://www.nycbar.org/). All rights reserved.
ATTORNEY ADVERTISING. Results depend on a number of factors unique to each matter. Prior results do not guarantee a similar outcome.

**Professional Employee Overtime Exemption Frequently Asked Questions (FAQ)**
Both federal law (Fair Labor Standards Act or FLSA) and state law (New York Minimum Wage Act and applicable regulations) generally require the payment of overtime wages for work performed after 40 hours per week.  The FLSA and the State Minimum Wage Act exempt employees working in a bona fide professional capacity from the overtime pay requirements. If the criteria of the New York State exception match those in the FLSA, this Department usually applies the criteria consistently with the FLSA, its regulations, and interpretations issued by the U.S. Department of Labor.

To qualify for the Professional employee exemption, the job must meet these two requirements:

**The employee's <u>primary duty</u> consists of the performance of work that:**

- Requires knowledge of an advanced type in a <u>field of science or learning</u> customarily acquired by a <u>prolonged course</u> of specialized intellectual instruction and study, as distinguished from
    - A general academic education
    - An apprenticeship
    - Training in the performance of routine mental, manual, or physical processes
          <u>or</u>
- Is original and creative in a recognized field of artistic endeavor, and produces a result that depends primarily on the invention, imagination, or talent of the employee

**The employee's work:**

- Requires the consistent <u>exercise of discretion and judgment</u> in its performance
- Is <u>predominantly intellectual and varied in character</u> (as opposed to routine mental, manual, mechanical or physical work)
- Is of such a character that the output produced or the result accomplished cannot be standardized in relation to a given period of time

**What does "primary duty" mean?**

"Primary duty" has been interpreted to mean the principal, main, major, or most important duty that the employee performs.  A determination of an employee's primary duty on all the facts in each case, with the major emphasis on the overall character of the employee's job.

**What does "exercise of discretion and judgment" mean?**

In general, the exercise of discretion and judgment involves both of the following:

- The comparison and evaluation of possible courses of conduct
- Acting or making a decision after considering the possibilities

In general, such an employee must have the authority to make an independent choice, free from immediate direction or supervision.  Factors to consider include (but are not limited to):

- Does the employee formulate, affect, interpret, or implement policies or practices?
- Does the employee carry out major assignments in conducting the business?
- Does the employee's work affect business operations to a substantial degree?
- Can the employee commit the employer in matters that have significant financial impact?
- Does the employee have authority to waive or deviate from established policies and procedures without prior approval?

If an employee's decisions are revised or reversed after review, it does not mean that the employee is not exercising discretion and independent judgment. The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.

**What is a "field of science or learning"?**

Fields of science or learning include:

- Law
- Medicine
- Theology
- Accounting
- Actuarial computation
- Engineering
- Architecture
- Teaching
- Various types of physical, chemical, and biological sciences
- Pharmacy
- Other occupations that have a recognized professional status and are distinguishable from the mechanical arts or skilled trades, where the knowledge could be of a fairly advanced type, but is not in a field of science or learning.

**What is a "prolonged course" of instruction?**

The best evidence of meeting this requirement is having the appropriate academic degree for entry into the profession, typically acquired at the college level.  However, the word "customarily" in the regulation permits other employees in such professions to meet this requirement if they meet all of the following requirements:

- Attained advanced knowledge through a combination of work experience and intellectual instruction

- ▪ Have substantially the same knowledge level as other employees who have acquired an academic degree
- ▪ Perform substantially the same work as those employees

**What is a "recognized field of artistic endeavor"?**

A recognized field of artistic endeavor is a field of work where the results cannot be produced by a person endowed with general manual or intellectual ability and training, but which depend primarily on the invention, imagination, or talent of the employee.

Whether an employee's recommendations are given particular weight depends on factors such as whether it is part of the employee's job duties to make such recommendations and how often those recommendations are made, requested, or relied upon. For example, an employee who provides few recommendations that are never followed would not meet the authority test. Generally, an executive's recommendations must pertain to employees whom the executive customarily and regularly directs or supervises. It does not include occasional suggestions regarding co-workers. An employee may still meet the authority test even if a higher level manager's recommendation has more importance or if a higher level manager or a personnel board makes the final decision.

**(b)**      **Other change of status.**

"Change of status" has the same meaning that the Supreme Court has given the term "tangible employment action" for purposes of Title VII liability: a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. A supervisor who gives recommendations on any of those changes in status may satisfy the authority test.

References:

29 CFR 541.100
29 CFR 541.105
69 FR 22131, 22135
Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761–62 (1998)

**22b04**      **(Reserved.)**

**22b05**      **Exemption of business owners with 20 percent equity interest.**

**(a)**      An employee is an exempt executive if the employee:

   **(1)**      Owns at least a bona fide 20 percent equity interest in the employing enterprise, and

   **(2)**      is actively engaged in managing the enterprise, which depends on the type, not the amount, of work the employee performs.

**(b)**      The salary and salary basis requirements do not apply to these owners. The type of business organization (e.g., corporation, partnership, or LLC) does not matter.

References:

29 CFR 541.101
69 FR 22132

**22c**      **ADMINISTRATIVE EXEMPTION: 29 CFR 541.200**

**22c00**      **Criteria for exemption of administrative employees.**

To be exempt as an administrative employee, an employee must:

**(a)**      Be compensated on a salary or fee basis at not less than the standard salary level;

**(b)**     Have a primary duty of performing office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

**(c)**     Have a primary duty that includes the exercise of discretion and independent judgment with respect to matters of significance.

References:

29 CFR 541.200

**22c01**     <u>**Primary duty test: Type of work.**</u>

Work must be of a particular type to satisfy the administrative primary duty test. First, it must be office or non-manual work. Second, it must be directly related to the management or general business operations of the employer or the employer's customers.

**(a)**     **Office or non-manual work.**

Only office or non-manual work satisfies the administrative primary duty test. Thus, for example, production-line workers and employees in maintenance, construction, and similar occupations who perform work involving repetitive operations with their hands, physical skill, and energy do not qualify.

References:

29 CFR 541.200(a)(2)

**(b)**     **Directly related to management or general business operations.**

(1)     In general.

Work is "directly related to management or general business operations" if it relates to assisting with the running or servicing of the business. A useful way to distinguish exempt administrative work from nonexempt work is to think of production versus staff: An enterprise exists to furnish goods or services to consumers. Work that produces or sells those goods or services is generally nonexempt production work. Work that oversees or performs the business affairs of the enterprise is generally exempt administrative work.

(2)     *Examples.*

Departments and functional areas that generally relate to management and business operations include tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer network, internet and database administration, and legal and regulatory compliance. As always, however, the primary duty test depends upon the actual duties a particular employee performs, not on the employee's job title or department.

References:

29 CFR 541.201(a), (b)
69 FR 22140–22142
WHD Opinion Letter FLSA2005-21 (Aug. 19, 2005)

**(c)** **Employer's customers.**

    (1)    Work directly related to the management or general business operations of the employer's customers can satisfy the primary duty test. For example, employees acting as advisors or consultants to their employer's clients or customers for a fee—such as tax experts, financial consultants, or management consultants—may be exempt. Those employees satisfy the primary duty test if their work relates to the management or general business operations of either their employer or their employer's clients or customers.

    (2)    The client or customer may be an enterprise or an individual. Administrative duties performed for a client are exempt whether the client is a Fortune 500 company or a sole proprietor.

References:

29 CFR 541.201(c)
69 FR 22141–22142

## 22c02    Primary duty test: Discretion and independent judgment.

Work must also have a particular scope to satisfy the administrative primary duty test: It must include the exercise of discretion and independent judgment with respect to matters of significance.

**(a)**    In general, exercising discretion and independent judgment involves comparing and evaluating possible courses of action and acting or deciding after the various possibilities have been considered. It implies that the employee has authority to make an independent choice free from immediate direction or supervision, but it does not require that the employee exercise ultimate decision-making authority or act completely free from review.

**(b)**    "Matters of significance" refers to the work's importance or consequence to the management or general business operations of the employer or the employer's customers. A matter is not significant merely because employee errors will cause financial losses. For example, a messenger entrusted with carrying large sums of money and an employee who operates expensive equipment do not exercise discretion and independent judgment with respect to matters of significance even though their errors may result in serious consequences or financial losses.

References:

29 CFR 541.202(a), (c), (f)
69 FR 22143
WHD Opinion Letter FLSA2006-27 (July 24, 2006)

**(c)**    Whether an employee exercises discretion and independent judgment on matters of significance depends on factors including whether the employee:

- Has authority to formulate, affect, interpret, or implement management policies or operating practices;
- Carries out major assignments in conducting the operations of the business;
- Performs work that affects business operations to a substantial degree, even if only in a particular segment of the business;
- Has authority to commit the employer in matters that have significant financial impact;
- Has authority to waive or deviate from established policies and procedures without prior approval;
- Has authority to negotiate and bind the company on significant matters;
- Gives consultation or expert advice to management;
- Is involved in planning long- or short-term business objectives;
- Investigates and resolves significant matters on management's behalf; or
- Represents the employer in handling complaints, arbitrating disputes, or resolving grievances.

Generally, employees who meet two or three of these factors are exercising discretion and independent judgment. Other factors federal courts have found relevant in assessing whether an employee exercises discretion and independent judgment include whether the employee:

- Is free from direct supervision;
- Has personnel responsibilities,
- Troubleshoots or problem-solves on management's behalf;
- Has authority to handle atypical or unusual situations;
- Has authority to set budgets;
- Is responsible for assessing customer needs;
- Is the employer's primary contact to the public or customers;
- Must anticipate competitive products or services and distinguish them from competitor's products or services;
- Is responsible for advertising or promotion work; or
- Coordinates departments, requirements, or other activities for or on behalf of the employer, clients, or customers.

References:

29 CFR 541.202(b)
69 FR 22143–22144

**(d)**    Employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed, and on occasion revised or reversed, by superiors. That is, an exercise of discretion and independent judgment may result in recommendations for action rather than action itself. Examples include a credit manager who creates credit policies that higher company officials may approve or disapprove and a management consultant whose proposed changes to a client's business operations must be reviewed or revised by superiors before submitting it to the client.

References:

29 CFR 541.202(c)

**22c03**     **Duties and tasks that do not qualify as exempt administrative work.**

**(a)**     **Tasks that are mechanical, repetitive, or routine.**

Examples of nonexempt duties that involve clerical or secretarial work; recording or tabulating data; and performing other mechanical, repetitive, and routine work include:

(1)     Entering account-payable and -receivable data;

(2)     Updating records for use in accounting;

(3)     Word processing;

(4)     Sending notices and reminders of contractual obligations;

(5)     Maintaining files and notebooks;

(6)     Receptionist duties such as answering phones, taking messages, and signing for package deliveries; and

(7)     Ordering routine office supplies.

References:

WHD Opinion Letter FLSA2005-8 (Jan. 7, 2005)

**(b)**     **Tasks that are not exercises of discretion and independent judgment.**

Skillfully applying well-established techniques, procedures, or specific standards described in manuals or other sources is not an exercise of discretion and independent judgment. Neither are clerical or secretarial work; recording or tabulating data (even if the employee's title is "statistician"); or performing other mechanical, repetitive, recurrent, or routine work. On the other hand, exempt employees may use manuals, guidelines, or other established procedures if they contain or relate to highly technical, scientific, legal, financial, or other similarly complex matters that can be understood or interpreted only by those with advanced or specialized knowledge or skills.

References:

29 CFR 541.202(e)
29 CFR 541.704

**22c04**     **Special test for educational establishments: academic administrative employees.**

**(a)**     The regulations set a special alternative to the standard duties and salaries requirements for certain academic administrative employees. Specifically, the administrative exemption applies to an employee:

(1)     Who is employed by an educational establishment;

  (2)  Whose primary duty is performing administrative functions directly related to academic instruction or training in the educational establishment; and

  (3)  Who is compensated either:

    a.  On a salary or fee basis at not less than the standard salary level or

    b.  On a salary basis equal to at least the entrance salary for teachers in the employing educational establishment.

References:

29 CFR 541.204(a)

**(b)**  Administrative functions are directly related to academic instruction or training if they relate to a school's academic operations and functions (as opposed to administrative functions that are related to general business operations). They include operations directly in the field of education. Employees engaged in academic administrative functions include:

  (1)  Superintendents or other heads of elementary or secondary school systems;

  (2)  Assistant superintendents who are responsible for matters such as curriculum, quality and methods of instructing, measuring and testing students' learning potential and achievement, establishing and maintaining academic and grading standards, and other aspects of the teaching program;

  (3)  Principals and vice-principals responsible for operating an elementary or secondary school;

  (4)  Department heads in institutions of higher education responsible for the various subject-matter departments;

  (5)  Academic counselors who perform work such as administering school testing programs, assisting students with academic problems, and advising students on degree requirements;

  (6)  And other employees with similar responsibilities.

References:

29 CFR 541.204(c)

**(c)**  Academic administrative functions do not include jobs relating to areas outside the educational field. These include areas such as building management, maintenance, student health, and student recruitment. Examples of employees who do not perform academic administrative functions are admissions counselors, social workers, psychologists, dieticians, and lunch-room managers, though some of these may be exempt on other bases.

References:

29 CFR 541.204(c)(2)
WHD Non-Administrator Opinion Letter (Apr. 20, 1999)

**22d**        **PROFESSIONAL EXEMPTION: 29 CFR 541.300**

**22d00**        **Types of professional employees.**

There are three types of professional exemption, each with its own duties test: learned, creative, and teaching.

**22d01**        **Learned professionals: Criteria.**

To be exempt as a learned professional:

**(a)**      The employee must be compensated on a salary or a fee basis at not less than the standard salary level;

**(b)**      The employee's primary duty must be performing work that requires advanced knowledge, defined as work that is predominantly intellectual in character and requires the consistent exercise of discretion and judgment;

**(c)**      The advanced knowledge must be in a field of science or learning; and

**(d)**      The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

References:

[29 CFR 541.301(a)](29 CFR 541.301(a))

**22d02**        **Learned professionals: Primary duty test.**

**(a)**      **Three-part test to determine primary duty.**

The primary duty test for learned professionals has three parts. The employee must perform work requiring advanced knowledge; the advanced knowledge must be in a field of science or learning; and the advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

(1)     *Work requiring advanced knowledge.*

        a.     This work is predominantly intellectual in character and requires the consistent exercise of discretion and judgment. Learned professional work is therefore distinguished from routine work, whether mental, manual, mechanical, or physical. Learned professionals generally use their advanced knowledge to analyze, interpret, or make deductions from varying facts or circumstances.

        b.     Advanced knowledge cannot be attained at the high school level.

        c.     The "discretion and judgment" standard is less stringent than the "discretion and independent judgment" standard under the administrative exemption.

References:

29 CFR 541.301(b)
69 FR 22151

(2)   *Fields of science or learning.*

These include law; medicine; theology; accounting; actuarial computation; engineering; architecture; teaching; various types of physical, chemical, and biological sciences; and pharmacy. The phrase also includes similar occupations that have a recognized professional status and can be distinguished from the mechanical arts or skilled trades—that is, distinguished from occupations where the knowledge, even if fairly advanced, is not in a field of science or learning.

References:

29 CFR 541.301(c)

(3)   *Customarily acquired by a prolonged course of specialized intellectual instruction.*

a.   This phrase restricts the exemption to occupations where specialized academic training is a standard prerequisite for entrance. The best evidence of meeting this requirement is having the appropriate academic degree. However, "customarily" means the exemption is available to employees who have substantially the same knowledge and perform substantially the same work as the degreed employees but who obtained the advanced knowledge through a combination of work experience and intellectual instruction. For example, the exemption is available to the occasional lawyer who has not gone to law school or the occasional chemist who does not possess a degree in chemistry.

b.   The exemption does not apply to occupations where a 4-year degree in any field or a 2-year degree is the sole educational prerequisite. Nor does it apply to occupations that customarily may be performed with knowledge or skill acquired by experience; through an apprenticeship; or with training in how to perform routine mental, manual, mechanical or physical processes.

References:

29 CFR 541.301(d)
69 FR 22150

**(b)   Curricula, certification, and licensing.**

(1)   Accredited curricula and certification programs are relevant only to the extent they are evidence that a prolonged course of specialized intellectual instruction has become a standard prerequisite for the occupation. The existence of a certifying organization, that organization's identity, and a legal requirement to obtain certification do not mean that a curriculum or certification involves a prolonged course of specialized intellectual instruction. For example, physician assistants generally meet the duties test for exempt learned professionals because certification requires 4 years of specialized post-secondary education. Cosmetologists, on the other hand, do not qualify because certification does not require a prolonged course of specialized intellectual instruction.

(2)     Possessing a license to practice a certain occupation is a factor, but not a determining factor, in determining whether an employee is an exempt learned professional. As with curricula and certification programs, a license is relevant only to the extent it is evidence that a prolonged course of specialized intellectual instruction has become a standard prerequisite for the occupation. Further, employees who are licensed to perform exempt work are not exempt unless they actually perform exempt work.

References:

69 FR 22157

**(c)     Expansion of exemption to new fields.**

The learned-professional exemption can grow to new occupations. When knowledge develops, academic training broadens and specialized degrees are offered in new and diverse fields, creating new specialists in particular fields of science or learning. When an advanced specialized degree has become a standard requirement for an occupation, that occupation may have acquired the characteristics of a learned profession. Similarly, new accrediting and certifying organizations and new specialized curricula and certification programs may arise. If obtaining credentials from those organizations becomes a standard requirement to enter into an occupation, the occupation may have acquired the characteristics of a learned profession.

References:

29 CFR 541.301(f)

**22d03     Learned professionals: Practice of law or medicine.**

**(a)     Special criteria for employees practicing law or medicine.**

Regardless of their pay, employees are exempt learned professionals if they:

(1)     Hold a valid license or certificate permitting the practice of law or medicine or any of their branches, and are actually engaged in the practice thereof; or

(2)     Hold the requisite academic degree for the general practice of medicine and are engaged in an internship or resident program pursuant to the practice of the profession.

References:

29 CFR 541.304(a)

**(b)     Scope of "physicians."**

Employees practicing medicine include physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners. "Physicians" includes medical doctors including general practitioners and specialists, osteopathic physicians (doctors of osteopathy),

podiatrists, dentists (doctors of dental medicine), and optometrists (doctors of optometry or bachelors of science in optometry).

References:

[29 CFR 541.304(b)](29 CFR 541.304(b))

**(c)**   **Salary level and salary basis requirements inapplicable.**

The salary level and salary basis requirements do not apply to the practitioners described in this section. Those requirements do apply to other medical professionals, including pharmacists, nurses, therapists, technologists, sanitarians, dieticians, social workers, psychologists, psychometrists, physician assistants, nurse practitioners, and other professions that service the medical profession.

References:

[29 CFR 541.304(d)](29 CFR 541.304(d))
[29 CFR 541.600(e)](29 CFR 541.600(e))

**22d04**   **Creative professionals: Criteria.**

To be exempt as a bona fide creative professional, the employee must:

**(a)**   Be compensated on a salary or fee basis at not less than the standard salary level, and

**(b)**   Have a primary duty of performing work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

References:

[29 CFR 541.302](29 CFR 541.302)

**22d05**   **Creative professionals: Primary duty test.**

**(a)**   An exempt creative professional's primary duty must be to perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor, as opposed to routine mental, manual, mechanical, or physical work. This requirement distinguishes creative professional work from work that primarily depends on intelligence, diligence, and accuracy. Work that can be performed by a person with general manual or intellectual ability and training is not exempt professional work.

References:

[29 CFR 541.302(a)](29 CFR 541.302(a)), [(c)]((c))

**(b)**   Examples of recognized fields of artistic or creative endeavor are music, writing, acting, and the graphic arts.

References:

[29 CFR 541.302(b)](29 CFR 541.302(b))

(c)     The creative-professional exemption depends upon how much invention, imagination, originality, or talent the employee exercises. The requirements are generally met by actors; musicians, composers, conductors, and soloists; painters who are given at most the subject matter of their painting; cartoonists who are told only the title or underlying concept for a cartoon and must rely on their own creative ability to express the concept; essayists, novelists, short story writers and screenplay writers who choose their own subjects and submit completed works to their employers; and persons in the more responsible writing positions in advertising agencies. Copyists, animators of motion-picture cartoons, and re-touchers of photographs would not be exempt because that work is not creative in character.

References:

29 CFR 541.302(c)

**22d06**     **Teaching professionals: Criteria.**

(a)     To be exempt as a teaching professional, the employee must:

    (1)     Have a primary duty of teaching, tutoring, instructing, or lecturing in the activity of imparting knowledge; and

    (2)     Be employed and engaged in this activity as a teacher in an educational establishment that employs the employee.

(b)     There are no salary, salary basis, minimum-education, or academic-degree requirements for teaching professionals. Teaching by its very nature requires the exercise of discretion and judgment, so there is no separate discretion-and-judgment requirement for teaching professionals.

References:

29 CFR 541.204(b) (definition of "educational establishment")
29 CFR 541.303(a), (d)
Fact Sheet 17D
FOH 22a05(c) (definition of "educational establishment")

(c)     Teaching certificates identify some, but not all, exempt teachers.

    (1)     Elementary and secondary teacher's certificates are a clear means of identifying exempt teaching professionals. Teachers who possess a teacher's certificate qualify for the exemption regardless of the terms (e.g., permanent, conditional, standard, provisional, temporary, emergency, or unlimited) a state uses to refer to different kinds of certificates.

    (2)     However, employees who satisfy the teaching-professional test are exempt whether they hold a certificate or not. Not all schools require teachers to hold a teaching certificate, and teaching certificates are not generally necessary to work in higher-education institutions or other educational establishments.

References:

29 CFR 541.303(c)

**(d)**   Exempt teaching professionals include teachers of:

    (1)   Regular academic courses,

    (2)   Kindergarten or nursery school,

    (3)   Gifted or disabled children,

    (4)   Skilled and semiskilled trades and occupations,

    (5)   Automobile driving,

    (6)   Aircraft flight instruction,

    (7)   Home economics,

    (8)   Vocal or instrumental music, and

    (9)   University courses.

**(e)**   Activities such as athletics, drama, speech, debate, and journalism, whether curricular or extracurricular, are a recognized part of the schools' responsibility in educating students. Generally, those acting as coaches, moderators, or advisors for such activities are performing exempt teaching duties and are exempt if that coaching, moderating, or advising is their primary duty.

References:

29 CFR 541.303(b)
WHD Opinion Letter FLSA2005-34 (Sept. 23, 2005)
WHD Opinion Letter FLSA2018-6 (Jan. 5, 2018)

**22d07**   **Teaching professionals: Particular employees.**

**(a)**   **Coaches.**

    (1)   Athletic teams are a recognized part of students' educational development. Therefore, educational-establishment employees who coach athletic teams are engaged in exempt teaching work, and an employee whose primary duty is such coaching is an exempt teaching professional.

    (2)   Coaches are not exempt if their primary duties are recruiting students to play sports or visiting schools and athletic camps to conduct student interviews. The amount of time the coach spends instructing student-athletes is a relevant but not exclusive factor in determining the coach's primary duty.

    (3)   Nonexempt employees of an educational establishment who volunteer as coaches are considered to be volunteers, not employees, while they coach if their coaching duties are not the same or similar to the nonexempt duties they are employed to perform.

References:

WHD Opinion Letter FLSA2004-8 (Sept. 7, 2004)
WHD Opinion Letter FLSA2018-6 (Jan. 5, 2018)
Fact Sheet 17S

**(b)      Substitute teachers.**

Substitute teachers qualify for the professional exemption if their primary duty is teaching and imparting knowledge in an educational establishment.

References:

WHD Opinion Letter FLSA2005-39 (Oct. 13, 2005)
WHD Opinion Letter FLSA2008-7 (Sept. 26, 2008)

**(c)      Preschool teachers**

Preschools and daycare centers (particularly at the earliest ages of preparing children to enter school) may engage in some educational activities. If the facility qualifies as an educational establishment, bona fide teachers may qualify for exemption under the same conditions as a teacher in an elementary or secondary school. Conversely, employees whose primary duty is to provide custodial care for children's basic physical needs are not exempt. If the facility does not qualify as an educational establishment, its employees are not exempt teaching professionals.

References:

WHD Non-Administrator Opinion Letter FLSA2008-13NA (Sept. 29, 2008)

**(d)      Career- or trade-school instructors.**

Instructors at post-secondary career or trade schools may be exempt if they are employed in an educational establishment. If so, the instructors will be exempt if their primary duty is teaching.

References:

WHD Opinion Letter FLSA2005-29 (Aug. 26, 2005)
WHD Opinion Letter FLSA2005-38 (Oct. 13, 2005)
WHD Opinion Letter FLSA2006-41 (Oct. 26, 2006)
WHD Opinion Letter FLSA2008-9 (Oct. 1, 2008)

**(e)      Adult- or continuing-education instructors.**

Instructors in adult- or continuing-education programs are exempt if they are employed in an educational establishment and their primary duty is teaching.

References:

WHD Opinion Letter FLSA2019-4 (Apr. 2, 2019)

**(f)**    **Job Corps personnel.**

A Job Corps center that provides basic educational instruction and vocational training is considered an educational establishment. Job Corps personnel whose primary duty is teaching are exempt teaching professionals.

References:

WHD Opinion Letter FLSA (September 27, 1968)

**(g)**    **Flight instructors.**

Flight instructors are exempt teaching professionals if they:

(1)    Are certified in accordance with Part 61 of the Federal Aviation Administration (FAA) regulations, 14 CFR 61;

(2)    Are employed as an instructor by a flight school approved by the FAA under 14 CFR 141; and

(3)    Have the primary duty of teaching.

Examples of exempt teaching activities in this context include student flight instruction, including related ground training such as the maintenance of an airplane engine; instruction in FAA regulations, navigation, meteorology, and radio procedure; maintenance of student progress and accomplishment records; scheduling of students and aircraft used for instruction; liaising with the FAA for current teaching techniques and requirements; and performing minor repairs on aircraft used in training.

References:

WHD Opinion Letter FLSA (June 2, 2004)

**(h)**    **Nonexempt employee working part-time as a teacher.**

Employees who hold full-time, nonexempt positions with an educational establishment and also teach a course, either as a separate responsibility or as part of their duties, are not exempt because their primary duty is performing the nonexempt work of their full-time position.

References:

WHD Opinion Letter FLSA2005-29 (Aug. 26, 2005)

**22d08**    **Docking salaries of teachers or practitioners of law or medicine.**

The salary level and salary basis tests do not apply to teachers or practitioners of law or medicine. Employers may therefore dock the pay of those employees for partial-day absences without losing the exemption.

References:

WHD Opinion Letter FLSA2005-34 (Sept. 23, 2005)

**22e**        **COMPUTER EMPLOYEE EXEMPTION: 29 CFR 541.400**

**22e00**      **Generally.**

When a 1990 statute instructed the Department of Labor (DOL) to enact regulations that would allow certain computer employees to qualify for FLSA Section 13(a)(1)'s executive, administrative, or professional exemptions, DOL adopted a rule under which they could qualify as learned professionals. In 1996, Congress enacted FLSA Section 13(a)(17), which codified specific duties and wages that would qualify computer employees as exempt. That statute did not give DOL authority to interpret or define those statutory definitions, but it also did not repeal the requirement that DOL have regulations allowing those employees to qualify for a Section 13(a)(1) exemption. The Department thus amended its regulations so qualifying as exempt under the statute also satisfies the requirements for the learned professional exemption. Now, this single test qualifies a computer employee as exempt under both the learned professional exemption and the special exemption for computer employees.

References:

69 FR 22158–22160
Field Assistance Bulletin (FAB) 2006-3 (Dec. 14, 2006)

**22e01**      **Criteria for exemption of computer employees.**

**(a)**        To be exempt as a bona fide computer employee, the employee must:

      (1)        Be compensated on a salary or fee basis at a rate not less than the standard salary level or, if paid on an hourly basis, not less than $27.63 per hour;

      (2)        Be employed as a computer system analyst, computer programmer, software engineer, or other similarly skilled worker in the computer field performing the required duties; and

      (3)        Have a primary duty that consists of:

            a.        Applying systems-analysis techniques and procedures, including consulting with users, to determine functional specifications of hardware, software, or systems;

            b.        Designing, developing, documenting, analyzing, creating, testing, or modifying computer systems or programs, including prototypes, based on and related to user or system design specifications;

            c.        Designing, documenting, testing, creating, or modifying computer programs related to machine operating systems; or

            d.        A combination of these duties, the performance of which requires the same level of skills.

**(b)**        The exemption does not include employees engaged in manufacturing or repairing computer hardware and related equipment. Nor does it include employees whose work is highly dependent upon, or facilitated by, the use of computers and software (*e.g.,* engineers, drafters

and others skilled in computer-aided design software), but who are not primarily engaged in computer systems analysis, programming, or other similarly skilled occupations identified in the primary duty test. Employees who assist computer users with discrete hardware or software issues—that is, employees often referred to as IT or help-desk specialists or assistants—are generally not exempt.

(c)     "Similarly skilled" computer employees are exempt only if they satisfy the salary and primary duty tests. If they do, the exemption applies regardless of job title—job duties, not job title, determine whether the exemption applies.

References:

29 CFR 541.400–541.402
69 FR 22158–22160
69 FR 22176
FOH 22j19

**22e02    Other exemptions also applicable.**

Employees in the computer field may also qualify for the executive or administrative exemptions. For example, a lead programmer may be an exempt executive; an engineer who plans and coordinates the development of systems to solve complex business, scientific, or engineering problems of the employer's customers qualifies for the administrative exemption. However, as described in FOH 22g02(b), employees who are exempt only under the computer-employee exemption cannot qualify as highly compensated employees.

References:

29 CFR 541.402

**22f    OUTSIDE SALES EXEMPTION: 29 CFR 541.500**

**22f00    Criteria for exemption of outside sales employees.**

(a)     To be exempt as an outside-sales employee, the employee must:

(1)     Have a primary duty of:

a.     making sales or

b.     obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and

(2)     Be customarily and regularly engaged away from the employer's place or places of business in performing his or her primary duty.

The salary and salary basis tests do not apply to outside-sales employees.

(b)     Work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, is exempt outside-sales work. Other work that furthers the employee's own sales efforts (for example, writing sales reports,

**\*Note:** The Department of Labor revised the regulations located at 29 C.F.R. part 541 with an effective date of January 1, 2020. WHD will continue to enforce the 2004 part 541 regulations through December 31, 2019, including the $455 per week standard salary level and $100,000 annual compensation level for Highly Compensated Employees. The final rule is available at: https://www.federalregister.gov/ documents/2019/09/27/2019-20353/defining-and-delimiting-the-exemptions-for-executive-administrative-professional-outside-sales-and.

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division
(Revised September 2019)

## Fact Sheet #17A: Exemption for Executive, Administrative, Professional, Computer & Outside Sales Employees Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information on the exemption from minimum wage and overtime pay provided by Section 13(a)(1) of the FLSA as defined by Regulations, 29 C.F.R. Part 541.

The FLSA requires that most employees in the United States be paid at least the federal minimum wage for all hours worked and overtime pay at not less than time and one-half the regular rate of pay for all hours worked over 40 hours in a workweek.

However, Section 13(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees. Section 13(a)(1) and Section 13(a)(17) also exempt certain computer employees. To qualify for exemption, employees generally must meet certain tests regarding their job duties and be paid on a salary basis at not less than $684* per week. Employers may use nondiscretionary bonuses and incentive payments (including commissions) paid on an annual or more frequent basis, to satisfy up to 10 percent of the standard salary level. Job titles do not determine exempt status. In order for an exemption to apply, an employee's specific job duties and salary must meet all the requirements of the Department's regulations.

See other fact sheets in this series for more information on the exemptions for executive, administrative, professional, computer and outside sales employees, and for more information on the salary basis requirement.

### Executive Exemption

To qualify for the executive employee exemption, all of the following tests must be met:

- The employee must be compensated on a salary basis (as defined in the regulations) at a rate not less than $684* per week;
- The employee's primary duty must be managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise;
- The employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and
- The employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.

## Administrative Exemptions

To qualify for the administrative employee exemption, all of the following tests must be met:

- The employee must be compensated on a salary or fee basis (as defined in the regulations) at a rate not less than $684* per week;
- The employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
- The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

## Professional Exemption

To qualify for the **learned professional** employee exemption, all of the following tests must be met:

- The employee must be compensated on a salary or fee basis (as defined in the regulations) at a rate not less than $684* per week;
- The employee's primary duty must be the performance of work requiring advanced knowledge, defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment;
- The advanced knowledge must be in a field of science or learning; and
- The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

To qualify for the **creative professional** employee exemption, all of the following tests must be met:

- The employee must be compensated on a salary or fee basis (as defined in the regulations) at a rate not less than $684* per week;
- The employee's primary duty must be the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

## Computer Employee Exemption

To qualify for the computer employee exemption, the following tests must be met:

- The employee must be compensated **either** on a salary or fee basis (as defined in the regulations) at a rate not less than $684* per week **or**, if compensated on an hourly basis, at a rate not less than $27.63 an hour;
- The employee must be employed as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field performing the duties described below;
- The employee's primary duty must consist of:
  1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;

2) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or
4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

## Outside Sales Exemption

To qualify for the outside sales employee exemption, all of the following tests must be met:

- The employee's primary duty must be making sales (as defined in the FLSA), or obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
- The employee must be customarily and regularly engaged away from the employer's place or places of business.

## Highly Compensated Employees

Highly compensated employees performing office or non-manual work and paid total annual compensation of $107,432 or more (which must include at least $684[*] per week paid on a salary or fee basis) are exempt from the FLSA if they customarily and regularly perform at least one of the duties of an exempt executive, administrative or professional employee identified in the standard tests for exemption.

## Blue-Collar Workers

The exemptions provided by FLSA Section 13(a)(1) apply only to "white-collar" employees who meet the salary and duties tests set forth in the Part 541 regulations. The exemptions do not apply to manual laborers or other "blue-collar" workers who perform work involving repetitive operations with their hands, physical skill and energy. FLSA-covered, non-management employees in production, maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers and laborers are entitled to minimum wage and overtime premium pay under the FLSA, and are not exempt under the Part 541 regulations no matter how highly paid they might be.

## Police, Fire Fighters, Paramedics & Other First Responders

The exemptions also do not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, correctional officers, parole or probation officers, park rangers, fire fighters, paramedics, emergency medical technicians, ambulance personnel, rescue workers, hazardous materials workers and similar employees, regardless of rank or pay level, who perform work such as preventing, controlling or extinguishing fires of any type; rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.

3

**Other Laws & Collective Bargaining Agreements**

The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. Similarly, employers may, on their own initiative or under a collective bargaining agreement, provide a higher wage, shorter workweek, or higher overtime premium than provided under the FLSA. While collective bargaining agreements cannot waive or reduce FLSA protections, nothing in the FLSA or the Part 541 regulation relieves employers from their contractual obligations under such bargaining agreements.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

When state law differs from the federal FLSA, an employer must comply with the standard most protective to employees. Links to your state labor department can be found at www.dol.gov/whd/contacts/state_of.htm.

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

|  | 1-866-4-USWAGE |
| --- | --- |
| U.S. Department of Labor | TTY: 1-866-487-9243 |
| Frances Perkins Building | Contact Us |
| 200 Constitution Avenue, NW | |
| Washington, DC 20210 | |

**Administrative Employee Overtime Exemption Frequently Asked Questions (FAQ)**

Both federal law (Fair Labor Standards Act or FLSA) and state law (New York Minimum Wage Act and applicable regulations) generally require the payment of overtime wages for work performed after 40 hours per week. The FLSA and the State Minimum Wage Act exempt employees who work in a bona fide administrative capacity from the overtime pay requirements.

If the criteria of the New York State exception match those in the FLSA, this Department usually applies the criteria consistently with the FLSA, its regulations, and interpretations issued by the U.S. Department of Labor.

The employee must meet all of these tests to qualify for the Administrative employee exemption:

- The Employee's <u>primary duty</u> consists of the performance of office or non-manual field work <u>directly related to management policies or general operations</u>
- The Employee customarily and regularly <u>exercises discretion and independent judgment</u>
- The Employee regularly and directly assists an employer, or an employee employed in a bona fide executive or administrative capacity or who performs under general supervision, work along specialized or technical lines requiring special training, experience or knowledge
- The Employee is paid for their services on a <u>salary</u> basis, inclusive of board, lodging, other allowances and facilities, of not less than:
    (1) New York City by
        (i) Large employers of eleven or more employees:
            $825.00 per week ($975.00 per week on and after December 31, 2017; $1,125.00 per week on and after December 31, 2018)
        (ii) Small employers of ten or fewer employees:
            $787.50 per week ($900.00 per week onand after December 31, 2017; $1,012.50 per week on and after December 31, 2018; $1,125.00 per week on and after December 31, 2019)

    (2) Remainder of downstate (Nassau, Suffolk and Westchester counties)
        $750.00 per week ($825.00 per week on and after December 31, 2017; $900.00 per weekon and after December 31, 2018; $975.00 per week on and after December 31, 2019; $1,050.00 per week on and after December 31, 2020; $1,125.00 per week on andafter December 31, 2021)

    (3) Remainder of state (outside of New York City, Nassau, Suffolk and Westchester counties)
        $727.50 per week ($780.00 per week on and after December 31, 2017; $832.00 per week on and after December 31, 2018; $885.00 per week on and afterDecember 31, 2019; $937.50 per week on and after December 31, 2020; $990.00 per week on and after December 31, 2021)

**What does "salary" mean?**

Being paid on a "salary basis" means an employee regularly receives a predetermined amount of compensation each pay period. This can be on a weekly, or less frequent, basis. The predetermined amount cannot be reduced because of variations in the quality or quantity of the employee's work. An exempt employee must receive the full salary for any week in which they perform any work, regardless of the number of days or hours worked.

**What does "primary duty" mean?**

"Primary duty" has been interpreted to mean the principal, main, major, or most important duty that the employee performs. A determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.

**What does "exercise of discretion and judgment" mean?**

In general, the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct and acting or making a decision after consideration of the various possibilities. In general, such an employee must have the authority to make an independent choice, free from immediate direction or supervision.

Factors to consider include (but are not limited to):

> Does the employee formulate, affect, interpret, or implement policies or practices?
> Does the employee carry out major assignments in conducting the business?
> Does the employee's work affect business operations to a substantial degree? Can the employee commit the employer in matters that have significant financialimpact?
> Does the employee have authority to waive or deviate from established policies and procedures without prior approval?

If an employee's decisions are revised or reversed after review, it does not mean that the employee is not exercising discretion and independent judgment. The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.

**What does "directly related to management or general business operations" mean?**

To meet the "directly related to management or general business operations" requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment. Examples of such work include activities that relate to:

> taxes
> finance
> accounting
> budgeting

auditing
insurance
quality control
purchasing
procurement
advertising
marketing research
safety and health
personnel management
human resources
employee benefits
labor relations
public relations
government relations
computer network, internet and database administration
legal and regulatory compliance

It is important to note, however, that the mere performance of such activities does not, by itself, bring an employee within the administrative exception.