**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SADE COKER,<br><br>*Plaintiff,*<br><br>v.<br><br>GOLDBERG & ASSOCIATES, P.C., and JULIE GOLDBERG, ESQ., an individual,<br><br>*Defendants.* | Case No. 21-cv-1803<br><br>**DEFENDANTS'**<br>**RESPONSE TO**<br>**PLAINTIFF'S**<br>**INTERROGATORIES** |

Defendants GOLDBERG & ASSOCIATES, P.C., and JULIE GOLDBERG (hereinafter, "Defendants") by and through their attorneys, Jones Law Firm, P.C., hereby object and respond to Plaintiff SADE COKER's (hereinafter "Plaintiff") First Set of Interrogatories ("Requests") as follows:

## **GENERAL OBJECTIONS**

The following general objections apply to each and every Request and shall have the same force and effect as if fully set forth in response to each individual Request.

1.      Defendants object to the Requests to the extent they exceed the obligations imposed by the CPLR or any other applicable rule or law.

2.      Defendants object to the Requests to the extent they are vague, ambiguous, overly broad, and unduly burdensome.

3.      Defendants object to the Requests to the extent they seek information that is not material and necessary to the prosecution or defense of this action, and that does not address the merits of the claims or defenses in this action.

4.      Defendants object to the definitions referenced in the Requests to the extent they are vague, ambiguous, or exceed the scope of this action.

5.      Defendants object to the Requests to the extent they seek duplicative information.

6.      Defendants object to the Requests to the extent that they call for the production of proprietary or confidential business documents or information without a mutually satisfactory confidentiality order.

7.      Defendants object to the Requests to the extent that they seek information that can be ascertained from documents that are publicly available, or documents that are currently in the possession, custody, or control of the noticing party, and/or its representatives.

8.      Defendants object to the Requests to the extent that they fail to identify the information sought with reasonable particularity.

9.      Any statement that Defendants "will produce any non-privileged documents" means that responsive documents not subject to the attorney-client privilege or work product immunity, or otherwise immune from discovery, that are in the possession, custody, or control of Defendants and are located as a result of a reasonable search will be made available for inspection and copying subject to Defendants' objections at a mutually convenient time and place to be agreed upon by the parties. Any statement that Defendants "will produce any non-privileged documents" is not a representation that any such documents, in fact, exist.

10. Defendants reserve the right, in accordance with CPLR 3101(h), to supplement these responses and objections as well as its document production and specifically reserves the right to update the responses to the Requests as information becomes available up to and including the time of trial.

11. Each of the foregoing General Objections is hereby incorporated into each and every Specific Response and Objection set forth below.

## SPECIFIC RESPONSES

**INTERROGATORY NO. 1: "Identify" each and every individual who has knowledge about any issue in this matter. Along with contact information required by the definition of "identify," be sure to include with your identification whether the individual is currently employed by any of the Defendants as well as current or most recent job title.**

Response to Interrogatory No. 1:

1. Julie Goldberg; 3005 Oakwood Ave., Melvindale, MI 48122; (310) 975-9844; Current Employee
2. Nabil Mahdi; 2576 Pearsall Ave., Bronx, NY 10469; (929) 575-2436; Former Independent Contractor
3. Helmi Al Quitaibi; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 666-0600, Current Employee
4. Lindsay Tejada; 5586 Broadway, Third Floor, Bronx, NY 10463; (917) 334-2985; Current Employee
5. Altagracias 'Pola' Henriquez; Unknown; (646) 309-1244; Independent Contractor
6. Megan Goldberg; 5586 Broadway, Third Floor, Bronx, NY 10463; (646) 262-3276; Former Employee
7. Kelbelin Polanco; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 964-9641; Current Employee
8. Chaimae Wardei; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 575-3385; Current Employee
9. Santa Sulay Martinez; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 514-5983; Current Employee
10. Luis Vanegas; Out of Country; (914) 320-0415; Former Employee
11. Karla Anzora; 14370 Ventura Blvd., Sherman Oaks, CA 91423; (323) 632-0988; Current Employee
12. Gabe Silva; Unknown; (201) 663-2632; Recruiter (Independent Service)

**INTERROGATORY NO. 2: Identify (including name, telephone number, email address, address, positions/titles, and dates of employment) each individual who worked for Defendants in any capacity in 2020. Note which, if any, of these individuals Defendants consider to be "management" employees under applicable Rules of Professional Conduct pertaining to *ex parte* communications, and if so why.**

Response to Interrogatory No. 2:

1. Julie Goldberg; 3005 Oakwood Ave., Melvindale, MI 48122; (310) 975-9844; Current Employee
2. Nabil Mahdi; 2576 Pearsall Ave., Bronx, NY 10469; (929) 575-2436; Fromer Independent Contractor
3. Helmi Al Quitaibi; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 666-0600, Current Employee
4. Lindsay Tejada; 5586 Broadway, Third Floor, Bronx, NY 10463; (917) 334-2985; Current Employee
5. Altagracias 'Pola' Henriquez; Unknown; (646) 309-1244; Independent Contractor
6. Megan Goldberg; 5586 Broadway, Third Floor, Bronx, NY 10463; (646) 262-3276; Former Employee
7. Kelbelin Polanco; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 964-9641; Current Employee
8. Chaimae Wardei; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 575-3385; Current Employee
9. Santa Sulay Martinez; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 514-5983; Current Employee
10. Luis Vanegas; Out of Country; (914) 320-0415; Former Employee
11. Karla Anzora; 14370 Ventura Blvd., Sherman Oaks, CA 91423; (323) 632-0988; Current Employee
12. Gabe Silva; Unknown; (201) 663-2632; Recruiter (Independent Service)

**INTERROGATORY NO. 3: Identify all owners, shareholders, and/or members of the corporate entity of the corporate Defendant. If this response is different now than for the time of Plaintiffs employment, state the individuals' names who were owners, shareholders, and/ or members at that time and dates of their tenure.**

Response to Interrogatory No. 3:

Julie Goldberg, Owner

**INTERROGATORY NO. 4: Describe with specificity the sources (including, but not limited to, which documents or other sources of information) to which Defendant or its agents would refer in order to determine the number of hours, or fractions thereof, which**

**Plaintiff *worked* for a) each workday and b) each workweek during which he worked for Defendant.**

Response to Interrogatory No. 4:

Defendants employ a third-party system called UAttend, which records clock in and time out for all in-office employees. In the case of a missed punch, incorrect punch, or work time spent at an off-site satellite office/third party location where work may occur (USCIS, federal court, etc.) each employee is to submit a timecard correction form via email, in which case the employee in question is trusted to self-report time in and out. In the case that management notices a discrepancy (i.e. self-reported work hours on a day that we received a call out text or email, we investigate; when employees were provided transportation home at a specific time but over report hours) they will investigate by comparing hours to an employee who was transported with them/taxi and rideshare app records and WhatsApp or text messages regarding schedule and reviewing camera videos.

**INTERROGATORY NO. 5: Describe with specificity the sources (including, but not limited to, which documents or other sources of information) to which Defendant or its agents would refer in order to determine the number of hours, or fractions thereof, which Plaintiff was *paid* for a) each workday and b) each workweek during which she worked for Defendant.**

Response to Interrogatory No. 5:

This includes all of the information listed in Response to Interrogatory No. 4 and extends to ADP payroll records including but not limited to W-2s, Individual payroll report, and bimonthly pay stubs. Defendant employs ADP as their third-party payroll provider.

**INTERROGATORY NO. 6: Describe with specificity the sources (including, but not limited to, which documents or other sources of information) to which Defendant or its agents would refer in order to determine the gross amount of compensation Plaintiff received for each workweek during which he worked for the Defendant. (e.g. printed payroll report from ADP; electronic data from internal Quickbooks system; bank statements from Bank X, Account No. Y; etc.).**

Response to Interrogatory No. 6:

All information requested here is provided in Response to Interrogatory No. 4 and No. 5.

**INTERROGATORY NO. 7: Regardless of whether you intend to actually produce it/them, identify each statement you have obtained from any individual concerning this action or its subject matter. State the name of the person from whom such statement was taken, the name of the person by whom taken, the form of the statement (*e.g.* oral, written, tape recorded, etc.), the date of the statement, and the present custodian of each tangible thing pertaining thereto (*i.e.,* transcript, tape, movie, handwritten notes, typed notes, etc.).**

Response to Interrogatory No. 7:

No formal statements have taken place to this point, nor have any conversations been transcribed, audio recorded, or filmed. Should the need for formal statements or affidavits be required, we would intend to take them from the individuals listed in Response to Interrogatory No. 1.

**INTERROGATORY NO. 8: Identify all software programs or apps the corporate Defendant used in the regular course of business in 2020.**

Response to Interrogatory No. 8:

The only relevant applications and software employed are UAttend for timekeeping records, ADP for payroll records, and WhatsApp for office communications. Any other applications or software are out of scope of this case and constitute a misuse of time in listing as each department has its own plethora of software or applications that are wholly irrelevant to Ms. Coker's role as an administrative employee.

Dated: New York, New York
      August 18, 2022

 

_____
T. Bryce Jones, Esq.
**Jones Law Firm, P.C.**
1270 6th Avenue, 7th Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for Defendants*

TO:
Penn A. Dodson, Esq.
**AndersonDodson, P.C.**
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639
penn@andersondodson.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SADE COKER,<br><br>*Plaintiff,*<br><br>v.<br><br>GOLDBERG & ASSOCIATES, P.C., and JULIE<br>GOLDBERG, ESQ., an individual,<br><br>*Defendants.* | Case No. 21-cv-1803<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION** |

Pursuant to Article 31 of the CPLR, Defendants, Goldberg & Associates, P.C., and Julie Goldberg, by and through their attorneys, Jones Law Firm, P.C., hereby responds to Plaintiff's First Request for Production, dated July 7, 2022 (hereinafter, "Plaintiff's Demands" or "Requests") as set forth.

### INTRODUCTORY STATEMENT

Plaintiff, Sade Coker, (hereinafter, "Plaintiff") seeks information which, in many instances, is contained in numerous files and records. Further, certain of these requests may call for the collection of information from various offices of the Defendants Therefore, Defendants respond on the basis of information now available. Any additional information subsequently located will be provided in a supplemental response pursuant to the applicable provisions of the CPLR.

Defendants' responses are made without in any way waiving the right to object, on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground, to the use of any such information for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action or the right to object on any and all grounds, at any time, to any other discovery procedure relating to the subject matter of these requests.

1

## <u>GENERAL OBJECTIONS</u>

1.      Defendants object to the Demands to the extent that they seek to impose obligations on Defendants that are beyond those required by The New York CPLR, any order imposed by a judge in this proceeding, or any other applicable law.

2.      Defendants object to the Demands to the extent they call for any documents created after the end of the relevant time period. Defendants further object to any Demands as overly broad and unduly burdensome to the extent that the Demands are duplicative or were otherwise covered by any documents or information heretofore exchanged by the parties.

3.      Defendants object to the Demands to the extent that the Demands call for the production of information that is not relevant to any of the issues presented by the pleadings.

4.      Defendants object to the Demands to the extent that they call for the production of information that is outside their possession, custody, or control, including any documents within the possession, custody, or control of the Plaintiff.

5.      Defendants object to the Demands as overbroad and unduly burdensome to the extent that the documents they seek are equally available to the Plaintiff.

6.      Defendants object to the Demands to the extent that the Demands call for the production of information that is either publicly available or already in the possession, custody, or control of the Plaintiff.

7.      Defendants object to the Demands to the extent that the Demands are vague or ambiguous or contain terms or phrases that are undefined and subject to varying interpretations or meanings and may therefore make responses misleading or incorrect.

8.      Defendants object to the Demands to the extent they are cumulative or duplicative.

9.      Defendants object to the Demands as overbroad and unduly burdensome to the extent that the Demands call for the production of information that is not reasonably accessible. In particular, Defendants object to the Demands to the extent that they seek information that cannot be located and obtained through a reasonable search of their records.

10.     Defendants object to the Demands to the extent that they seek information that is protected by the attorney-client privilege, constitutes attorney work product, or is otherwise not subject to discovery by virtue of any other applicable privilege under New York law. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney client privilege, work product protection, the right of privacy, or any other applicable privilege or doctrine. To the extent that the Demands may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines, a continuing objection to each and every such demand is hereby imposed, regardless of whether such objection is made to a specific demand.

11.     Defendants object to the Demands to the extent they seek documents that are not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence related to this action.

12.     Defendants object to the Demands to the extent they assume disputed facts or legal conclusions in defining the information requested. Defendants hereby deny any such disputed facts or legal conclusions to the extent assumed by any demand. Any response or objection, including any disclosure of information or production of documents, by Defendants, is without prejudice to this objection.

13.     Defendants object to the Demands to the extent they seek confidential business information, or any other commercially sensitive or proprietary information. Defendants further

object to the Demands to the extent that they seek information subject to confidentiality obligations owed to non-parties to this action or information protected from disclosure by statute, regulation, court order, administrative order, case law, or agreement of the parties.

14.     Defendants object to the Demands as overly broad, to the extent that the Demands seek "all documents" when final documents, summary documents, or a smaller, representative sample of documents will suffice to provide Defendants with the information to which it is entitled.

15.     Nothing in these objections or responses shall be construed to imply that Defendants, in fact, have any documents in their possession, custody, or control that are responsive to any of the Demands or that, to the extent any such document exists or may be produced, that it is relevant or may be used by Plaintiff or against the Defendants (or any other party) in this case.

16.     Each of these general objections is incorporated by reference as necessary into each of Defendants' responses below, whether the objection is specifically referenced in the response or not.

## SPECIFIC REQUESTS

**REQUEST NO. 1. All documentation pertaining to Plaintiffs compensation (including but not limited to all pay stubs and/or electronically stored equivalents; check stubs, cancelled checks, other payroll documentation; bank statements and registers; reimbursement forms; and/or other forms or databases used to process payroll).**

Response to Request No. 1:

In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 001-004, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 2. All documentation pertaining to Plaintiffs time worked (including, but not limited to all time sheets, time clock logs, punch card records or similar for each shift Plaintiff worked, including documentation or electronic data showing any and all alterations to such time entries) for the entire duration of Plaintiffs employment.**

Response to Request No. 2:

In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 005-011, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 3. All firm billing logs or time entries for any case- or client-related work Plaintiff performed (work product, attorney-client, or other privileged information may be redacted).**

Response to Request No. 3:

Objection. This request is vague, overly broad, unduly burdensome, and inherently calls for materials that are Attorney-Client privileged, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 4. All task lists, assignments, or other communications regarding projects or tasks Plaintiff was asked to perform while working for Defendants, including communications via apps or software, text, email, or any other means.**

Response to Request No. 4:

To the extent that responsive, non-privileged documents are/were in Plaintiff's possession, custody, or control during Plaintiff's tenure working for the Defendants, responsive documents are already in the possession of the Plaintiff. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 5. All calendars, schedules or appointment logs relating to Plaintiff.**

Response to Request No. 5:

Defendants diligently searched and have no responsive documents in their possession, custody, or control but reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 6. The complete personnel file(s) for Plaintiff (including but not limited to documents such as job applications/ resumes, tax and immigration forms such as W4s and I9s, new hire or onboarding paperwork, copies of any licenses, unemployment compensation paperwork, write-up, requests for leave time), as well as any other documents Defendant maintains separately from his personnel file, but which pertain to her.**

Response to Request No. 6:

In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 012-033, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 7. All electronic mail (e-mail) communications, text messages, SMS/IM/DM or other written messaging messages, letters, memos, or notes, regarding, pertaining to, authored by, received by, copied to, or otherwise mentioning Plaintiff.**

Response to Request No. 7:

In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 034-043, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 8. All employee handbooks, memos, policy statements, posters, guidance manuals, emails or other form of documentary guidance pertaining to employment-related policies in effect while Plaintiff was employed.**

Response to Request No. 8:

In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 044-054, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 9. Employee lists for all individuals employed with Defendants during any time Plaintiff was employed there (including name, contact information, etc.)**

Response to Request No. 9:

In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 055, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 10. All bank statements for all bank accounts maintained by the corporate Defendant (and, if different, any additional copies of cancelled checks) for the year 2020.**

Response to Request No. 10:

Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 11. All profit and loss statements and tax returns for the firm for the year 2020.**

Response to Request No. 11:

Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 12. All documents, electronic data, or other form of information related to any communication between Defendants and any state or federal Department of Labor (excluding any such communications pertaining to unemployment compensation claims).**

Response to Request No. 12:

Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 13.** All documents, electronic data, or other form of information related to any communication between Defendants and any professional (including but not limited to accountants, tax professionals, attorneys) regarding how to properly classify or pay employees pursuant to the FLSA or NYLL.

Response to Request No. 13:

Objection. This request is vague, overly broad, unduly burdensome, and inherently calls for materials that are Attorney-Client privileged, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 14.** All documents responsive to, reasonably related to, or used (e.g. referred to, relied upon, referenced, consulted) to respond to Plaintiffs Interrogatories or Requests for Admission.

Response to Request No. 14:

Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 15.** All documents in Defendant's possession bearing Plaintiffs signature.

Response to Request No. 15:

Defendants diligently searched their records and have no responsive documents in their possession, custody, or control, other than those that have already been produced in response to Request No. 6. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 16.** All agreements or contracts between Plaintiff and the Defendant (or any agents of the corporate Defendant), whether signed or unsigned.

9

Response to Request No. 16:

Defendants diligently searched their records and have no responsive documents in their possession, custody, or control, other than those that have already been produced in response to Request No. 6. Defendants also reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 17. Any and all documents relating to, referencing or regarding any witness statements taken by Defendant or their agents regarding or relating to any issue involved in this case.**

Response to Request No. 17:

Defendants diligently searched their records and have no responsive documents in their possession, custody, or control but reserve the right to supplement this request, should more documents be located.

**REQUEST NO. 18. Any and all photographs, videos, movies, or sound recordings related to the Plaintiff, whether they were taken on behalf of the Defendant or not.**

Response to Request No. 18:

Objection. This request is vague, overly broad, unduly burdensome, and/or not reasonably calculated to lead to admissible evidence.

**REQUEST NO. 19. To the extent not already provided in response to another Request for Production, any and all documents that relate to and/or reference any of the material facts at issue in Plaintiffs Complaint or which Defendants contend support their claims, defenses or affirmative defenses in this case.**

Response to Request No. 19:

Objection. This request is vague, overly broad, unduly burdensome, and/or not reasonably calculated to lead to admissible evidence.


Dated: New York, New York
August 18, 2022



T. Bryce Jones, Esq.
Jones Law Firm, P.C.
1270 6th Avenue, Floor 7
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for Defendants*

TO:
Penn A. Dodson, Esq.
**AndersonDodson, P.C.**
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639
penn@andersondodson.com
*Attorneys for Plaintiff*