

August 31, 2022

Tanner Bryce Jones
JONES LAW FIRM P.C.
1270 6th Ave 7th Floor
New York, NY 10020
bryce@joneslawnyc.com
VIA EMAIL ONLY

      Re:    Coker v Goldberg & Associates P.C. 1:21-cv-1803-ER
             F.R.C.P. 37 "MEET AND CONFER"

Mr. Jones,

This letter is sent as a good faith attempt to resolve discovery disputes in compliance with FRCP 37(a)(1)), the Local Rules, and the Honorable Edgardo Ramos' Individual Practice Standards.

### INTERROGATORIES 1,2 AND REQUEST FOR PRODUCTION 9

The interrogatory responses you provided are deficient. Unfortunately the net result of that is that the answers were nonresponsive to the actual questions asked. More specifically:

**INTERROGATORY NO. 1:** "Identify" each and every individual who has knowledge about any issue in this matter. Along with contact information required by the definition of "identify," be sure to include with your identification whether the individual is currently employed by any of the Defendants as well as current or most recent job title.

Response:
1. Julie Goldberg; 3005 Oakwood Ave., Melvindale, MI 48122; (310) 975-9844; Current Employee
2. Nabil Mahdi; 2576 Pearsall Ave., Bronx, NY 10469; (929) 575-2436; FormerIndependent Contractor
3. Helmi Al Quitaibi; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 666-0600,Current Employee
4. Lindsay Tejada; 5586 Broadway, Third Floor, Bronx, NY 10463; (917) 334-2985;Current Employee
5. Altagracias 'Pola' Henriquez; Unknown; (646) 309-1244; Independent Contractor
6. Megan Goldberg; 5586 Broadway, Third Floor, Bronx, NY 10463; (646) 262-3276;Former Employee
7. Kelbelin Polanco; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 964-9641;Current Employee

*8. Chaimae Wardei; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 575-3385; Current Employee*
*9. Santa Sulay Martinez; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 514-5983; Current Employee*
*10. Luis Vanegas; Out of Country; (914) 320-0415; Former Employee*
*11. Karla Anzora; 14370 Ventura Blvd., Sherman Oaks, CA 91423; (323) 632-0988;Current Employee*
*12. Gabe Silva; Unknown; (201) 663-2632; Recruiter (Independent Service)*

**INTERROGATORY NO. 2.: Identify (including name, telephone number, email address, address, positions/titles, and dates of employment) each individual who worked for Defendants in any capacity in 2020. Note which, if any, of these individuals Defendants consider to be "management" employees under applicable Rules of Professional Conduct pertaining to ex parte communications, and if so why.**

<u>Response:</u>
*1. Julie Goldberg; 3005 Oakwood Ave., Melvindale, MI 48122; (310) 975-9844; Current Employee*
*2. Nabil Mahdi; 2576 Pearsall Ave., Bronx, NY 10469; (929) 575-2436; FormerIndependent Contractor*
*3. Helmi Al Quitaibi; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 666-0600,Current Employee*
*4. Lindsay Tejada; 5586 Broadway, Third Floor, Bronx, NY 10463; (917) 334-2985;Current Employee*
*5. Altagracias 'Pola' Henriquez; Unknown; (646) 309-1244; Independent Contractor*
*6. Megan Goldberg; 5586 Broadway, Third Floor, Bronx, NY 10463; (646) 262-3276;Former Employee*
*7. Kelbelin Polanco; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 964-9641;Current Employee*
*8. Chaimae Wardei; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 575-3385; Current Employee*
*9. Santa Sulay Martinez; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 514-5983; Current Employee*
*10. Luis Vanegas; Out of Country; (914) 320-0415; Former Employee*
*11. Karla Anzora; 14370 Ventura Blvd., Sherman Oaks, CA 91423; (323) 632-0988;Current Employee*
*12. Gabe Silva; Unknown; (201) 663-2632; Recruiter (Independent Service)*

**REQUEST NO. 9: Employee lists for all individuals employed with Defendants during any time Plaintiff was employed there (including name, contact information, etc.)**

<u>Response</u>*: In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 055, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.*

These discovery requests seek information pertaining to potential witnesses, and should be supplemented for completeness. The only address provided was the Defendants' office address. You did not provide either role/title or any indication of whether you would deem them subject to *ex parte* communication rules. Also on D56 you list 17 names, whereas in the interrogatory responses you only list 12. Please supplement your response to include:

    a) <u>all</u> individuals
    b) titles/roles
    c) *ex parte* designations (if any other than Defendant Goldberg)
    d) home addresses
    e) email addresses


## OTHER INTERROGATORIES

**INTERROGATORY NO. 8: Identify all software programs or apps the corporate Defendant used in the regular course of business in 2020.**

Response: *The only relevant applications and software employed are UAttend for timekeeping records, ADP for payroll records, and WhatsApp for office communications. Any other applications or software are out of scope of this case and constitute a misuse of time in listing as each department has its own plethora of software or applications that are wholly irrelevant to Ms.Coker's role as an administrative employee.*

While this seems difficult to believe in the context of a law office for which Defendants have listed a total of 12 current and former employees and independent contractors, Plaintiff is willing to narrow the scope of the request to any software/apps with which she had any interactions (such as calendars, email, case management software, or anything else). Please supplement your response.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 3: All firm billing logs or time entries for any case- or client-related work Plaintiff performed (work product, attorney-client, or other privileged information may be redacted).**

Response: *Objection. This request is vague, overly broad, unduly burdensome, and inherently calls for materials that are Attorney-Client privileged, irrelevant, and/or not reasonably calculated to lead to admissible evidence.*

Defendants have refused to produce these logs. However, they are extremely relevant as they would tend to describe the types of activities Plaintiff engaged in. Further, Plaintiff has already offered that privileged information may be redacted. In particular, client names or other identifying information may be redacted. Please supplement.

**REQUEST NO. 4 : All task lists, assignments, or other communications regarding projects or tasks Plaintiff was asked to perform while working for Defendants, including communications via apps or software, text, email, or any other means.**

Response: *To the extent that responsive, non-privileged documents are/were in Plaintiff's possession, custody, or control during Plaintiff's tenure working for the Defendants, responsive documents are already in the possession of the Plaintiff. Defendants also reserve the right to supplement this request, should more documents be located*

Plaintiff does not currently have access to Defendant's software programs. Aside from that the fact that she may potentially have access to some information responsive to this request does not abnegate Defendants' responsibility to provide what they have in their possession. Pleas supplement.

### REQUEST NO. 7: All electronic mail (e-mail) communications, text messages, SMS/IM/DM or other written messaging messages, letters, memos, or notes, regarding, pertaining to, authored by, received by, copied to, or otherwise mentioning Plaintiff

Response: *In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 034-043, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.*

Defendants have produced some but not all documents responsive to this request. Please produce ALL texts, WhatsApp messages, and emails, not just the ones about the disputes. In particular, upon information and belief, Defendant Goldberg regularly communicated with Plaintiff via text to communicate task assignments and check-ins which would be salient to to the claims at issue.

### REQUEST NO. 10: All bank statements for all bank accounts maintained by the corporate Defendant (and, if different, any additional copies of cancelled checks) for the year 2020.

Response: *Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.*

*-and-*

### REQUEST NO. 11: All profit and loss statements and tax returns for the firm for the year 2020

Response: *Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.*

Regarding Requests 10 and 11 for financial documents: In response to paragraph 10 of the Complaint, Defendant in its Answer denied having gross revenues of $500,000. As such. Plaintiff is entitled to examine Defendant's financial documents. If Defendant's denial of the gross revenue threshold was in error and/or Defendants wish to stipulate to FLSA coverage, Plaintiff would be willing to not pursue these documents. If that is not the case Defendants should supplement their response.

**REQUEST NO. 12:** All documents, electronic data, or other form of information related to any communication between Defendants and any state or federal Department of Labor (excluding any such communications pertaining to unemployment compensation claims).

Response: *Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.*

*-and-*

**REQUEST NO. 13:** All documents, electronic data, or other form of information related to any communication between Defendants and any professional (including but not limited to accountants, tax professionals, attorneys) regarding how to properly classify or pay employees pursuant to the FLSA or NYLL.

Response: *Objection. This request is vague, overly broad, unduly burdensome, and inherently calls for materials that are Attorney-Client privileged, irrelevant, and/or not reasonably calculated to lead to admissible evidence.*

Regarding Requests 12 and 13: In paragraph 83 (20th of 28 affirmative defenses) Defendants assert a "good faith" defense. As such, queries into Defendant's communications with departments of labor, accountants, or attorneys are indeed relevant. Please supplement or else indicate a stipulation to waive this defense.

**REQUEST NO. 18** Any and all photographs, videos, movies, or sound recordings related to the Plaintiff, whether they were taken on behalf of the Defendant or not.

Response: *Objection. This request is vague, overly broad, unduly burdensome, and/or not reasonably calculated* **to lead to admissible evidence.**

Defendants object on relevance and overbreadth grounds. It seems unlikely that Defendants would be in possession of such a great quantity of photos, videos, and audio recordings involving the Plaintiff that the request would be deemed overbroad. However, if it does have some of these items, they should be produced. If Defendants are in possession of a recorded conversation involving plaintiff, or a video or photo, these could certainly have bearing on the issues at hand.


If there are any of these issues that you would like to discuss by phone, please use the scheduling link I previously provided you (which we can provide you again if desired) to book a time on my calendar that is convenient for you. Otherwise, we will look forward to receiving your fully supplemented responses by the end of business, September 9, 2022. Thank you.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*