UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADE COKER,<br><br>            *Plaintiff,*<br><br>v.<br><br>GOLDBERG & ASSOCIATES, P.C., and JULIE GOLDBERG, ESQ., an individual,<br><br>            *Defendants.* | Case No. 21-cv-1803<br><br>**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES** |

Defendants GOLDBERG & ASSOCIATES, P.C., and JULIE GOLDBERG (hereinafter, "Defendants") by and through their attorneys, Jones Law Firm, P.C., hereby object and respond to Plaintiff SADE COKER's (hereinafter "Plaintiff") First Set of Interrogatories ("Requests") as follows:

**GENERAL OBJECTIONS**

The following general objections apply to each and every Request and shall have the same force and effect as if fully set forth in response to each individual Request.

1. Defendants object to the Requests to the extent they exceed the obligations imposed by the CPLR or any other applicable rule or law.

2. Defendants object to the Requests to the extent they are vague, ambiguous, overly broad, and unduly burdensome.

3. Defendants object to the Requests to the extent they seek information that is not material and necessary to the prosecution or defense of this action, and that does not address the merits of the claims or defenses in this action.

4. Defendants object to the definitions referenced in the Requests to the extent they are vague, ambiguous, or exceed the scope of this action.

1

5. Defendants object to the Requests to the extent they seek duplicative information.

6. Defendants object to the Requests to the extent that they call for the production of proprietary or confidential business documents or information without a mutually satisfactory confidentiality order.

7. Defendants object to the Requests to the extent that they seek information that can be ascertained from documents that are publicly available, or documents that are currently in the possession, custody, or control of the noticing party, and/or its representatives.

8. Defendants object to the Requests to the extent that they fail to identify the information sought with reasonable particularity.

9. Any statement that Defendants "will produce any non-privileged documents" means that responsive documents not subject to the attorney-client privilege or work product immunity, or otherwise immune from discovery, that are in the possession, custody, or control of Defendants and are located as a result of a reasonable search will be made available for inspection and copying subject to Defendants' objections at a mutually convenient time and place to be agreed upon by the parties. Any statement that Defendants "will produce any non-privileged documents" is not a representation that any such documents, in fact, exist.

10. Defendants reserve the right, in accordance with CPLR 3101(h), to supplement these responses and objections as well as its document production and specifically reserves the right to update the responses to the Requests as information becomes available up to and including the time of trial.

11. Each of the foregoing General Objections is hereby incorporated into each and every Specific Response and Objection set forth below.

**SPECIFIC RESPONSES**

**INTERROGATORY NO. 1:** "Identify" each and every individual who has knowledge about any issue in this matter. Along with contact information required by the definition of "identify," be sure to include with your identification whether the individual is currently employed by any of the Defendants as well as current or most recent job title.

Response:

1. Julie Goldberg; 3005 Oakwood Ave., Melvindale, MI 48122; (310) 975-9844; Current Employee
2. Nabil Mahdi; 2576 Pearsall Ave., Bronx, NY 10469; (929) 575-2436; Former Independent Contractor
3. Helmi Al Quitaibi; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 666-0600, Current Employee
4. Lindsay Tejada; 5586 Broadway, Third Floor, Bronx, NY 10463; (917) 334-2985; Current Employee
5. Altagracias 'Pola' Henriquez; Unknown; (646) 309-1244; Independent Contractor
6. Megan Goldberg; 5586 Broadway, Third Floor, Bronx, NY 10463; (646) 262-3276; Former Employee
7. Kelbelin Polanco; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 964-9641; Current Employee
8. Chaimae Wardei; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 575-3385; Current Employee
9. Santa Sulay Martinez; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 514-5983; Current Employee
10. Luis Vanegas; Out of Country; (914) 320-0415; Former Employee
11. Karla Anzora; 14370 Ventura Blvd., Sherman Oaks, CA 91423; (323) 632-0988; Current Employee
12. Gabe Silva; Unknown; (201) 663-2632; Recruiter (Independent Service)

**INTERROGATORY NO. 2.:** Identify (including name, telephone number, email address, address, positions/titles, and dates of employment) each individual who worked for Defendants in any capacity in 2020. Note which, if any, of these individuals Defendants consider to be "management" employees under applicable Rules of Professional Conduct pertaining to ex parte communications, and if so why.

Response:

1. Julie Goldberg; 3005 Oakwood Ave., Melvindale, MI 48122; (310) 975-9844; Current Employee
2. Nabil Mahdi; 2576 Pearsall Ave., Bronx, NY 10469; (929) 575-2436; Former Independent Contractor

3. Helmi Al Quitaibi; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 666-0600, Current Employee
4. Lindsay Tejada; 5586 Broadway, Third Floor, Bronx, NY 10463; (917) 334-2985; Current Employee
5. Altagracias 'Pola' Henriquez; Unknown; (646) 309-1244; Independent Contractor
6. Megan Goldberg; 5586 Broadway, Third Floor, Bronx, NY 10463; (646) 262-3276; Former Employee
7. Kelbelin Polanco; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 964-9641; Current Employee
8. Chaimae Wardei; 5586 Broadway, Third Floor, Bronx, NY 10463; (929) 575-3385; Current Employee
9. Santa Sulay Martinez; 5586 Broadway, Third Floor, Bronx, NY 10463; (347) 514-5983; Current Employee
10. Luis Vanegas; Out of Country; (914) 320-0415; Former Employee
11. Karla Anzora; 14370 Ventura Blvd., Sherman Oaks, CA 91423; (323) 632-0988; Current Employee
12. Gabe Silva; Unknown; (201) 663-2632; Recruiter (Independent Service)

**REQUEST NO. 9: Employee lists for all individuals employed with Defendants during any time Plaintiff was employed there (including name, contact information, etc.)**

Response: In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 055, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.

**These discovery requests seek information pertaining to potential witnesses and should be supplemented for completeness. The only address provided was the Defendants' office address. You did not provide either role/title or any indication of whether you would deem them subject to ex parte communication rules. Also, on D56 you list 17 names, whereas in the interrogatory responses you only list 12. Please supplement your response to include:**
      a) **all individuals**
      b) **titles/roles**
      c) **ex parte designations (if any other than Defendant Goldberg)**
      d) **home addresses**
      e) **email addresses**

Response: First, you requested information for those who have knowledge of this matter in interrogatory 1 which is 12 individuals, which include employees in other offices who are aware of the proceedings but did not overlap with Ms. Coker in the New York office. You also requested the names of all individuals employed by the office in Interrogatories 2 and 9. The two lists are not the same as not every employee who was working for defendants at the time of Ms. Coker's

employ have knowledge of these proceedings or any previous issues/dispute with Ms. Coker. There were 17 employees including Plaintiff who were employed by Defendants during the time of Ms. Coker's employment in the New York office. We objected to, and stil object, to turning over all names of every employee in all offices for the entire year when Ms Coker operated in the New York office only and for a period of only four weeks in 2020 (one of which she was out because she couldn't competently complete her job duties after lying on her resume). We are providing the details requested above for the first group of individuals with knowledge of this legal matter (See exhibit A) and the second group of employees who were employed concurrently with Ms. Coker in the New York Office (See exhibit B). However, several current employees have also requested that their personal information not be disclosed and instead that the court utilize their professional address and contact information as this relates to their employment and not a personal matter. As such the physical address and email address for these employees are 5586 Broadway, 3rd Floor, Bronx, NY 10463 and ecf@goldbergimmigration.com unless otherwise specified. See sworn affidavits attached (Exhibit C). In the case of former employees, we have provided all latest known addresses. However, employees are issues goldbergimmigration emails upon hiring and we do not request or maintain personal email addresses from previous employees as it is not required by the DOL to retain this information.

**INTERROGATORY NO. 8: Identify all software programs or apps the corporate Defendant used in the regular course of business in 2020.**

Response: The only relevant applications and software employed are UAttend for timekeeping records, ADP for payroll records, and WhatsApp for office communications. Any other applications or software are out of scope of this case and constitute a misuse of time in listing as each department has its own plethora of software or applications that are wholly irrelevant to Ms. Coker's role as an administrative employee.

**While this seems difficult to believe in the context of a law office for which Defendants have listed a total of 12 current and former employees and independent contractors, Plaintiff is willing to narrow the scope of the request to any software/apps with which she had any interactions (such as calendars, email, case management software, or anything else). Please supplement your response.**

Response: The firm employs google suite for emails. However, Ms. Coker's email address was deleted upon the termination of her employment as each email license carries a fee and it was no longer in use. Defendants also employ a custom online CRM portal which is used for client notes and all client appointments/calendaring. Ms. Coker had no client appointments calendared during her employment so if she employed a different calendaring system for her own personal use, we are unaware of it and do not have access to it. The system does not track billable hours as our office does mostly pro–bono cases and operates all paid cases on a flat fee basis.

**REQUEST NO. 3: All firm billing logs or time entries for any case- or client-related work Plaintiff performed (work product, attorney-client, or other privileged information may be redacted).**

Response: Objection. This request is vague, overly broad, unduly burdensome, and inherently calls for materials that are Attorney-Client privileged, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**Defendants have refused to produce these logs. However, they are extremely relevant as they would tend to describe the types of activities Plaintiff engaged in. Further, Plaintiff has already offered that privileged information may be redacted. In particular, client names or other identifying information may be redacted. Please supplement.**

Response: The firm operates on a mostly pro-bono and fully flat fee basis so there are no billing logs. We only have an internal notes system to provide internal records of case progression. As such it is impossible to separate the privileged information and attorney work product from records of work done. We are providing additional communication between Plaintiff and Defendant that demonstrate the types of tasks completed by Ms. Coker (see exhibit C). We are also happy to provide additional affidavits from staff and Ms. Goldberg regarding Ms. Coker's tasks and responsibilities, including her supervisory responsibilities. Moreover, one of issues that led to Ms. Coker's termination is that Ms. Coker grossly misrepresented her skills and her experience during the interview process and so most of the tasks she was given went uncompleted and had to be reassigned, including the tasks she was supposed to disperse to others and supervise. You'll see in the whatsapp text exchange with Ms. Goldberg and Ms. Coker that Ms. Goldberg brought up this discrepancy multiple times.

**REQUEST NO. 4: All task lists, assignments, or other communications regarding projects or tasks Plaintiff was asked to perform while working for Defendants, including communications via apps or software, text, email, or any other means.**

Response: To the extent that responsive, non-privileged documents are/were in Plaintiff's possession, custody, or control during Plaintiff's tenure working for the Defendants, responsive documents are already in the possession of the Plaintiff. Defendants also reserve the right to supplement this request, should more documents be located

**Plaintiff does not currently have access to Defendant's software programs. Aside from that the fact that she may potentially have access to some information responsive to this request does not abnegate Defendants' responsibility to provide what they have in their possession. Please supplement.**

Response: Plaintiff was assigned tasks on a rolling basis through direct verbal communication or whatsapp messages. Plaintiff should by all means have access to the same phone whatsapp messaging records that Defendant does. Moreover, there is no additional software that was used

to assign Ms. Coker tasks. Ms. Goldberg uses several phones to separate business and personal and we had to retrieve an old device to pull the full whatsapp exchanges between Ms. Coker and Ms. Goldberg. We were finally able to procure these on 10/27/2022 and we have provided all whatsapp transcripts we have in our possession in this supplement with the appropriate privileged information redacted. Unfortunately, the audio and photo messages are still undergoing a privilege review as audio messages are far more difficult to redact. See attached Exhibit E.

**REQUEST NO. 7: All electronic mail (e-mail) communications, text messages, SMS/IM/DM or other written messaging messages, letters, memos, or notes, regarding, pertaining to, authored by, received by, copied to, or otherwise mentioning Plaintiff**

Response: In response to this Request, Defendants incorporate all previous objections. Without waiving said objections, see documents attached hereto with Bates stamps Defendants' JLF 034043, as a complete response to Plaintiff's request. Defendants also reserve the right to supplement this request, should more documents be located.

**Defendants have produced some but not all documents responsive to this request. Please produce ALL texts, WhatsApp messages, and emails, not just the ones about the disputes. In particular, upon information and belief, Defendant Goldberg regularly communicated with Plaintiff via text to communicate task assignments and check-ins which would be salient to the claims at issue.**

Response: As stated above, Defendant Goldberg has multiple mobile telephones that she uses for in office communication as well as a private personal number. We were finally able to access the old phone containing the rest of the whatsapp messages between Plaintiff and Defendant Goldberg and have provided them here which is why we reserved the right to supplement should more documents be located. We were just now able to locate them. We have redacted privileged text and are still reviewing the audio and visual messages for privileged information that will be provided as soon as possible. Further, we have produced all direct communications between Ms. Coker and any other employee that were made available to us by staff from their personal devices, but we cannot compel individuals to provide their personal data. We are also awaiting emails from several sources. We just uncovered additional emails between Ms. Coker on our company server that are still being reviewed for privilege. There are additional emails between Ms. Coker and Gabe Silva who is the recruiter we used to place Ms. Coker with us and not an employee. While we have made the request several times for the emails, we do not have access to Mr. Silva's server, and he is delayed in sending them to us.

**REQUEST NO. 10: All bank statements for all bank accounts maintained by the corporate Defendant (and, if different, any additional copies of cancelled checks) for the year 2020.**

Response: Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

*-and-*

**REQUEST NO. 11: All profit and loss statements and tax returns for the firm for the year 2020**

Response: Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**Regarding Requests 10 and 11 for financial documents: In response to paragraph 10 of the Complaint, Defendant in its Answer denied having gross revenues of $500,000. As such. Plaintiff is entitled to examine Defendant's financial documents. If Defendant's denial of the gross revenue threshold was in error and/or Defendants wish to stipulate to FLSA coverage, Plaintiff would be willing to not pursue these documents. If that is not the case Defendants should supplement their response.**

Response: We believe that this was done in error. Gross revenues did exceed $500,000. Profits did not exceed this amount and Defendant believes there was a miscommunication on our end to this point and we are waiving this part of our response.

**REQUEST NO. 12: All documents, electronic data, or other form of information related to any communication between Defendants and any state or federal Department of Labor (excluding any such communications pertaining to unemployment compensation claims).**

Response: Objection. This request is vague, overly broad, unduly burdensome, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

*-and-*

**REQUEST NO. 13: All documents, electronic data, or other form of information related to any communication between Defendants and any professional (including but not limited to accountants, tax professionals, attorneys) regarding how to properly classify or pay employees pursuant to the FLSA or NYLL.**

Response: Objection. This request is vague, overly broad, unduly burdensome, and inherently calls for materials that are Attorney-Client privileged, irrelevant, and/or not reasonably calculated to lead to admissible evidence.

**Regarding Requests 12 and 13: In paragraph 83 (20th of 28 affirmative defenses) Defendants assert a "good faith" defense. As such, queries into Defendant's communications with departments of labor, accountants, or attorneys are indeed relevant. Please supplement or else indicate a stipulation to waive this defense.**

<u>Response:</u> Defendants will provide information regarding their correspondence and research regarding classification of employees for FLSA and NYLL purposes. Defendants conducted a consultation with an employment lawyer in 2013 when the office in NY was established, and another one in July of 2017 when the office hired a full time HR person. During the course of the 2017 meeting, defendants were instructed to use this website to maintain compliance with FSLA overtime classification regarding salary minimums and standards for job descriptions: dol.ny.gov. NY DOL produces an "Administrative Employee Overtime Exemption Frequently Asked Questions (FAQ)" PDF that Defendants use to review salary and other requirements for exemption status. The page is updated regularly. This should be sufficient to support our good faith defense. However, we will not claim to provide ALL documentation or correspondence with the Department of Labor as requested in Interrogatory # 12. Even excluding Unemployment claims, Dept of Labor communications go back over a decade and include other types of claims and unrelated correspondence, including Covid-19 related leave requests, family leave requests, notices regarding insurance and general unemployment, and miscellaneous advertisements.

**REQUEST NO. 18 Any and all photographs, videos, movies, or sound recordings related to the Plaintiff, whether they were taken on behalf of the Defendant or not.**

<u>Response:</u> Objection. This request is vague, overly broad, unduly burdensome, and/or not reasonably calculated **to lead to admissible evidence.**

**Defendants object on relevance and overbreadth grounds. It seems unlikely that Defendants would be in possession of such a great quantity of photos, videos, and audio recordings involving the Plaintiff that the request would be deemed overbroad. However, if it does have some of these items, they should be produced. If Defendants are in possession of a recorded conversation involving plaintiff, or a video or photo, these could certainly have bearing on the issues at hand.**

<u>Response:</u> Defendant maintains video security surveillance of the New York Office where Ms. Coker was employed for safety reasons and to protect against theft after previous incidents. Given that the recordings operate 24 hours a day and Ms. Coker worked in the office on multiple occasions, the constant video feed would indeed well exceed days of footage making the request overbroad. Moreover, the video surveillance equipment only retains video for a set period of one month, which has since passed. We did check the video footage at the time of Ms. Coker's termination after she tried to claim hours she did not work, and other employees reported her for not working and stealing food. Our IT tech has told us that we are unable to recover this footage, but we are hiring a specialist to review the system and see if any of this is recoverable. Moreover, Defendant asserts that there are no official videos, photos, or general recordings of Plaintiff in our possession, but whether or not individual employees have a photo or video together of Plaintiff in their course of being colleagues, Defendants do not have access, and requesting access to personal communication devices and media would constitute an overbroad request.

Dated: New York, New York
       October 28, 2022

                                                          T. Bryce Jones, Esq.
**Jones Law Firm, P.C.**
1270 6th Avenue, 7th Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for Defendants*

TO:
Penn A. Dodson, Esq.
**AndersonDodson, P.C.**
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639
penn@andersondodson.com
*Attorneys for Plaintiff*

10