UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SADE COKER,**

                Plaintiff,

v.

**GOLDBERG & ASSOCIATES P.C.**, and
**JULIE GOLDBERG, ESQ.,** an individual,

                Defendants.

Case No. 21-cv-01803-JLR

---

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS**

    **COMES NOW** the Plaintiff, by and through counsel, and submits these Interrogatories to Defendants, demanding that they be timely answered pursuant to Fed. R. Civ. Proc. 33 and correlative caselaw.

## INTRODUCTION

    In answering these Interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your agents, employees, officers, directors, shareholders, member, attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.

    In answering these Interrogatories, you must make a diligent search of your records and of other materials in your possession or available to you or your representatives.

    The Interrogatories are continuing, and the answers thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

    These Interrogatories seek answers as of the date on which responses are made thereto, except that the responses must be supplemented and/or amended as provided for by applicable laws and rules.

## DEFINITIONS

    In preparing your responses to the Interrogatories set forth herein, the following definitions

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

should control unless indicated otherwise by the context:

- "*Knowledge*" includes first-hand information and information derived from any other source, including hearsay knowledge.

- Unless direct reference to each party's proper name is used, the words "*you*" and "*your*" refer to this Defendant and its respective agents, officers, employees, attorneys, and all other persons acting on behalf of Defendant.

- To "*identify*" a person or if the answer to an interrogatory refers to a person or requests the name of a person, state with respect to each such person:

    (1) His or her name;

    (2) His or her last known residence, business address and telephone number;

    (3) His or her company or business affiliation at the date of the transaction, correspondence or meeting referred to; and

    (4) His or her title and duties in the company or business with which he or she was affiliated.

- "*Person*" shall mean and include an actual person, association, partnership, sole proprietorship, firm, public entity, corporation, or any other business or legal entity, its agents or employees.

- The words "*documents,*" "*writings*," and "*materials*" are used in the broadest sense and refer to any and all written, recorded, electronic, or graphic matters, however produced or reproduced, whether or not it now exists, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or notes of any and all of the following: correspondence, e-mails, records, notes, summaries, schedules, contracts, agreements, offers, data files, statements, certificates, deeds, drawings, sketches, orders or acknowledgments, diaries, reports, forecasts or appraisals, memoranda or telephone memoranda, pamphlets or brochures, letters, telegrams, computer printouts, faxes, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data, material, typewritten material, electronic material, printed material, photocopies, photographs, or other graphic symbolic recorded or written materials of any nature whatsoever. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-JLR

P's 2nd Rogs to Ds
Page 2

- enclosure, comment, notation, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, are to be considered a separate document.

- In each instance wherein you are asked to "*identify*" or describe a document, your description should be sufficient to satisfy the requirements of federal law, and should include but not be limited to:

    (1) The name, address, telephone number, occupation, job title, and employers of the present custodian of the document;

    (2) The date of the making of the document and the name, address, telephone number, occupation, job title, and employers of each such person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence.

## INSTRUCTIONS

A.  Answer each interrogatory separately and fully in writing and under oath, unless it is objected to, in which event the reason for the objection must be stated in lieu of the answer.

B.  In responding to the below-listed interrogatories, please indicate, as to each specific answer, the source or sources of the information you relied upon in setting out such answer.  If the information obtained in whole or in part from an individual, please set forth the name, title, and business and home addresses of the individual concerned.  If such information was obtained in whole or in part from a document, as defined above, please identify such document and state:

    (1) its location;
    (2) the name of the custodian of the document;
    (3) the date(s) of the document;
    (4) the author of the document;
    (5) the length of the document; and
    (6) a summary of the content of the document.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-JLR

P's 2nd  Rogs to Ds
Page 3

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

C. You may provide a copy of the document in lieu of the above information. If you choose to do so, however, **you must precisely identify the document by its Bates Stamp Number(s)** so that Defendant knows to what exact document(s) you are referring.

D. These interrogatories are deemed to be continuing in nature and should you, your counsel, or anyone representing your interest, acquire any additional knowledge or information which affects the accuracy or completeness of any answer or which relates to the matter in which these interrogatories inquire, such knowledge, information, and documents should be immediately transmitted to Plaintiff's attorney by way of supplemental answers. Failure to supplement an answer within a reasonable time can subject a party to sanctions. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

E. The information requested in these interrogatories includes all information available to you or subject to reasonable inquiry by you, including information in the possession of you, your agents, representatives, employees, insurers, and attorneys. Regardless of the manner in which these interrogatories are addressed and regardless of their form, your answers and responses are to include all information known or available to you, your attorneys, and/or their representatives.

F. If an interrogatory has sub-parts, answer each subpart separately and in full, and do not limit the answer to the interrogatory as a whole. If an interrogatory or its subpart cannot be answered in full, answer to the extent possible and specify the reason for the inability to answer the remainder, stating whatever information and knowledge you have regarding the unanswered portion.

G. Each interrogatory shall be construed independently. No interrogatory shall be construed by reference to any other interrogatory for the purpose of limiting the response to such interrogatory.

H. An evasive or incomplete answer to an interrogatory is deemed to be a failure to answer.

I. In construing these interrogatories:

    (1)    the singular shall include the plural and plural shall include the singular; and

    (2)    a masculine, feminine, or neuter pronoun shall not exclude the other genders.

J. If you object to any discovery request as being vague or ambiguous, identify each word or phrase that you consider to be vague or ambiguous, define that term as you understand it, and answer the discovery request according to your understanding.

K. If you object to any discovery request as being overly broad, state what you believe to be a proper limitation of the breadth of the discovery request and answer it according to that limitation.

### CLAIMS OF PRIVILEGE

All objections or responses that fail or refuse to fully respond to a request for discovery on the grounds of any claim of privilege of any kind whatever shall:

A. State the nature of the claim of privilege and the facts relied upon in support of such claim;

B. Identify all documents relating to said claim and, for each document withheld from production, provide the following information: the nature of the documents (such as, for example, a letter, telegram, memorandum, or otherwise); the date; the identity of the addresses or recipients of either the documents or copies of the documents; and a description of the general subject matter of the documents;

C. Identify all persons having knowledge of any facts related to such claim; and

D. Identify all events, transactions, or occurrences related to the claim.

### INTERROGATORIES

**INTERROGATORY NO. 9:** What are the contents of the audio files referenced in WhatsApp Production [JLF 76-133] but not produced? For example, if appropriate please state that these are voice memos from Defendant Goldberg sent to Plaintiff Coker containing case notes that Plaintiff was expected to transcribe and include in the case file.

*[Note: in the alternative Defendants may produce all of the file in question in their native format. However, because at least some of the information contained in these files may contain attorney-client communications or work product, Plaintiff seeks a description of the contents of the files in lieu of their production by way of compromise to avoid the necessity to get into audio equivalents of redactions, privilege logs, etc.]*

Respectfully submitted, this **9th** day of **November, 2022.**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates P.C. et al*
Case No. 1:21-cv-01803-JLR

P's 2nd Rogs to Ds
Page 5

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.

*[signature: Penn Dodson]*

**Penn A. Dodson (2244)**
*penn@andersondodson.com*
Attorney for Plaintiff
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**Sade Coker,**

        Plaintiff,

v.

**Goldberg & Associates P.C.**, and
**Julie Goldberg, Esq.,** an individual,

        Defendants.

Case No. 21-cv-01803-ER

---

### CERTIFICATE OF SERVICE

I hereby certify that on this **9th** day of **November, 2022**, I sent the foregoing Plaintiff's First Interrogatories to Defendants to counsel for the defendants via first class mail with adequate postage affixed thereon and by pdf attachment to email, addressed as follows:

> Louis Lombardi, Esq.
> Austin Brown, Esq.
> Jones Law Firm, P.C.
> 1270 6th Ave 7th Floor
> New York, NY 10020
> *louis@joneslawnyc.com*
> *austin@joneslawnyc.com*

AndersonDodson, P.C.

*[signature]*

**Penn A. Dodson (2244)**
*penn@andersondodson.com*
Attorney for Plaintiff
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
646.998.8051 fax