Jones
Law Firm P.C

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
<u>Via ECF Only</u>

May 17, 2023

   Re: *Coker v Goldberg & Associates P.C.* 1:21-cv-1803
   <u>Defendants' Response to Motion for Sanctions Based on Discovery Deficiencies</u>

Your Honor:

Our office has worked hard to provide the extensive discovery that plaintiff has demanded, demands that are extraordinarily disproportionate to the amounts demanded in the plaintiff's claims. We have provided discovery as it has become available, given that both our office and the defendant's offices have had some turnover, and again, that plaintiff is demanding a significant amount of discovery, including from parties over whom we have no control.

Additionally, plaintiff has brought their case against a defendant law firm that handles sensitive information about immigrants and refugees and must be scrupulous in reviewing documents and disclosure about parties who face harsh risks from accidental disclosure. If immediate turnover is necessary, we ask that the court receive the disclosure under seal to review documents for privilege issues.

The relief the plaintiff demands in this motion is both extreme and unnecessary. The defendant is not refusing to turn over any documents, we are merely experiencing delays in a manner that is not unusual, given the circumstances. Drawing an adverse inference, striking a pleading, or defaulting a defendant over discovery delays that are in no way willful is not favored by the Second Circuit or policy.

"Striking a defense, while not at the level of an order entering default judgment against a party or dismissing a case, is still an extreme sanction… such extreme sanctions should only be imposed when lesser sanctions would be ineffective." *Lodge v United Homes Llc*, 787 F Supp 2d 247, 262-63 [EDNY 2011]

At this time, it appears that there is no additional material that is in the defendants' possession other than what has already been turned over, is already in the possession of all parties, or is protected by attorney-client privilege.

Please see the declaration of Ms. Goldberg, and previous discovery responses, attached.

Sincerely,

/s/
T. Austin Brown, Esq.
Of-Counsel, Jones Law Firm, P.C.
(212) 258-0685 | austin@joneslawnyc.com
joneslawnyc.com
1270 Avenue of the Americas, 7th Fl
New York, NY 10020

Prior discovery sent by email 4/17/23

- Accountant contact information (name, address, email, phone). Current and previous (one is recently deceased.)

Current accountant that died:
Barry Ira Goldstein
Barry Ira Goldstein & Company, An Accountancy Corp
2029 Century Park East, 4th Floor
Century City, CA 90067
310-494-7996

- Bank Account info (TD Bank and Bank of America)

Ms. Goldberg would like to object to proving this information based on attorney/client confidentiality, not relevant to a two-week employee, overburdensome, and any and all applicable objections.

- Written firm policy on when employees are and are/not exempt, if one exists.

Attached.

- Internal communications between and amongst HR, exec team and/or attorney re: exemption status.  [Note: even if an attorney was involved, this would not be privileged if the Defendants intend to rely on it at all for the good faith defense. (The caselaw is quite clear on this.)]

During this time the firm used WhatsApp. Those employees which would have those communications responsive to this request are no longer employed by the firm and thus Ms. Goldberg has no control over their messaging devices. Ms. Goldberg has reached out to them and has asked for their cooperation but has not heard back. Ms. Goldberg is continuing to follow up and will provide as soon as those documents become available.

- Any and all documents relied upon for forming the HR policy regarding employee exemption generally, and Sade's specifically.

Attached.

- Identity and contact info of lawyer upon whose advice firm relied for determining exemption status

Steven Goldburd
Partner
Goldburd McCone LLP
42 West 38th Street, Suite 901
New York, NY 10018
Tel: 212-302-9400 x131
Fax: 212-302-8973
email: steven@goldburd.net

- Identity and contact info of accountant upon whose advice firm relied for determining exemption status

Steven Goldburd
Partner
Goldburd McCone LLP
42 West 38th Street, Suite 901
New York, NY 10018
Tel: 212-302-9400 x131
Fax: 212-302-8973
email: steven@goldburd.net

- She will check whether time keeping was part of her software when Sade was there

Sade was not registered with time keeping software. She had no reason to.

- Audio files from What'sApp

Attached.

- Image files from What'sApp

Attached.

- Verify responses to Rogs and RFPs

Already verified.

- Record of paid time off for Sade

Sade already has access to this because it is registered through her account.

- Answer to question "was Daily Audit" removed from SOP prior to Sade's employment

Yes, long before she worked at G&A.

- Internal email, Whats App, and/or Slack communications re: Sade (Performance, "Food Incident," Playing Games at Work, "Stealing," Discipline, Termination)

 Attached.

- Any and all written warnings or other communications to Sade re: the same

Already turned over.

- Sade's personnel file

Attached.