UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADE COKER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GOLDBERG & ASSOCIATES P.C., and<br>JULIE GOLDBERG, an individual,<br><br>　　　　　　　　　Defendants. | Case No. 1:21-cv-1803-JLR |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT**

**Penn A. Dodson, Esq.**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
*penn@andersondodson.com*
Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................................

II.  SUMMARY JUDGMENT STANDARD OF REVIEW ..................................................

III.  FACTUAL BACKGROUND ............................................................................................

IV.  ARGUMENT .......................................................................................................................

    A.  PLAINTIFF WAS NOT SUBJECT TO THE ADMINISTRATIVE EXEMPTION. ......................

        i.  Burden of Proof and Standards for Exemptions Post-*Encino*
        ii.  Primary Duty
        iii.  Discretion and Independent Judgment
        iv.  Matters of Significance
        v.  Management or Business Operations
        vi.  Caselaw regarding exemption status of executive assistants

    B.  TIMEKEEPING RECORDS; HOURS WORKED ................................................................

    C.  LIQUIDATED DAMAGES ARE APPROPRIATE ................................................................

    D.  DAMAGE CALCULATIONS ............................................................................................

        i.  Overtime
        ii.  Attorney fees

    E.  THE INDIVIDUAL DEFENDANT IS AN ADDITIONAL "EMPLOYER" ..............................

    F.  OTHER ALLEGATIONS ...................................................................................................

V.  CONCLUSION ...................................................................................................................

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

# TABLE OF AUTHORITIES

**U.S. SUPREME COURT**

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680  (1946)..................................................9

*Encino Motorcars, LLC v. Navarro* 138 S.Ct. 1134 (2018)..................................................2

*Skidmore v. Swift & Co.* 323 U.S. 134  (1944)......................................................................10

**SECOND CIRCUIT**

*Barfield v. New York City Health and Hospitals Corp*, 537 F.3d 132 (2d Cir. 2008) .....................x

*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir.1984) ..............................................14

*Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158   (2d Cir 2008)..................................................2

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999)........................................................14

*Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)................................................................14

*Munoz-Gonzalez v. D.L.C. Limousine Service, Inc.*, 904 F.3d 208 (2d Cir 2018) .........................3

*Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58 (2d Cir. 1997)...........11

*Young v. Cooper Cameron Corp.*, 586 F.3d 201 (2d Cir. 2009) .....................................................2

**DISTRICT COURT**

*Dineley v. Coach, Inc.* , 2017 WL 2963499 (SDNY Jul. 11, 2017)........................................... 3,8

*Giles v. City of New York*, 41 F.Supp.2d 308 (SDNY 1999) .......................................................13

*Klein v. Torrey Point Group, LLC*, 979 F.Supp.2d 417  (SDNY 2013)..........................................6

*McGlone v. Contract Callers, Inc.*, 49 F.Supp.3d 364 (SDNY 2014) .............................................9

*McLean v. Garage Mgmt. Corp.*, 10 Civ. 3950 (DLC) (SDNY Apr. 19, 2012) ...........................11

*Seltzer v. Dresdner Kleinwort Wasserstein, Inc.*, 356 F.Supp.2d 288  (SDNY 2005)....................8

**OUTSIDE NEW YORK**

*Altemus v. Fed. Realty Inv. Trust*, Case No. 11-2213  (4th Cir. 2012)...........................................8

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.AndersonDodson.com*

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

P's Memorandum of Law MSJ
Page 3

*Baldwin v. Key Equipment Finance, Inc.*, 2006 WL 2016843 (D. Colo. Jul 17, 2006) .................. 6

*Bernard v. Group Pub., Inc.*, 970 F.Supp.2d 1206 (D. Colo. Sep. 13, 2013) ............................... 7

*Koellhoffer v. Plotke-Giordani*, 10-cv-02820-WYD-CBS (D. Colo. 2012) ............................... 12

*Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822 (10th Cir. 2012) .............................................. 7


**STATUTES**

FLSA, 29 U.S.C. § 201, *et seq.* ........................................................................................................ 1

29 U.S.C. § 211 .............................................................................................................................. 9

29 U.S.C. § 213 .............................................................................................................................. 2

29 U.S.C. § 216 ............................................................................................................................ 10

NYLL § 190, *et seq.* ....................................................................................................................... 1

NYLL § 198 ............................................................................................................................. 11,13

NYLL § 663 ............................................................................................................................... 1,13

Fed. R. Civ. P. 56(a) ...................................................................................................................... 2


**REGULATIONS**

29 C.F.R. § 541.200 ..................................................................................................................... 2,4

29 C.F.R. § 541.201 ........................................................................................................................ 7

29 C.F.R. § 541.202 ..................................................................................................................... 5-6

29 C.F.R. § 541.203 ........................................................................................................................ 7

29 C.F.R. § 778.103, -.105 ........................................................................................................... 13

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

## I. INTRODUCTION

Plaintiff worked for Defendants' law firm for about five weeks as a "Personal Assistant/Executive Assistant" in the fall of 2020 and was not paid overtime. This case was brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Dkt. 1 (Complaint). 29 U.S.C. § 201 *et seq*; NYLL §§ 190 *et seq*, 663.

The central question in this case is whether the Plaintiff was exempt from overtime under the "administrative exemption." In this case Defendants cannot, as a matter of law, meet their burden as to this exemption. Thus, a finding of summary judgment in Plaintiff's favor on this point is proper.

Late in the case Defendants also took issue with the quantity of hours Plaintiff reported on the timesheet Defendants gave her to fill out, but have not proffered any evidence (aside from testimonial denials of the reported hours) about this contention. For the purposes of summary judgment, given the applicable standards, Plaintiff seeks to establish that the hours she submitted on her timesheet are the correct ones to use for purposes of establishing "hours worked" for the purposes of this case.

Given the conclusions from the above, damages can be calculated as to the overtime claims. Liquidated damages are appropriate under the applicable legal standards.

Under the relevant standards both the corporate and individual defendants bear liability as joint "employers."

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

56(a). *Conway ex rel. Her Son Kane Conway Goldgell v. Bd. of Educ. of Northport-East Northport Sch. Dist.*, 13-CV-5283 (SJF)(AYS) (EDNY Jan. 8, 2016).

### III.   FACTUAL BACKGROUND

For the factual background of this case, Plaintiff refers to, and incorporates by reference, their Statement of Undisputed Facts, and supporting materials.

### IV.   ARGUMENT

#### A.   PLAINTIFF WAS NOT SUBJECT TO THE ADMINISTRATIVE EXEMPTION.

Plaintiff was not subject to the "administrative" (or any other) exemption. 29 U.S.C. § 213 (a)(1). [5th Aff. Defense in Answer Dkt 36; Order denying Defendants' Motion to Dismiss Dkt. 33]. In order to so qualify, the employee must meet a salary threshold not in dispute here but also would have to meet the following criteria:

> (2) Whose **primary duty** is the performance of office or non-manual work ***directly related*** to the ***management or general business operations*** of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of ***discretion and independent judgment*** with respect to ***matters of significance***.

29 C.F.R. § 541.200(a) (emphasis added).

##### i.   Burden of Proof and Standards for Exemptions Post-*Encino*

As to whether an employee falls within an exemption, it is the employ<u>er</u> that bears the burden of proof. *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009), *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir.2008). This is a long-established principle and has not changed.

What has changed in recent times is that whereas the default used to be that exemptions were given a "narrow construction," now exemptions are to be given a "fair reading." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). The Second Circuit clarified Encino's

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 2

"fair reading" instruction to mean that " …we must interpret each FLSA exemption the same way we would any other statutory provision—with full attention to its text." *Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 216 (2d Cir. 2018).

In a sense this was like a shift from a beyond reasonable doubt" standard to a "preponderance" standard – i.e. before *Encino*, the employer had to overcome the default presumption that employees *were* entitled to the FLSA's protection *unless* it could show with a high level of evidence that an exemption applied, whereas now, there is more of an even keel blank slate than a presumption – maybe the exemption will apply, maybe it won't.

Nevertheless, despite this shift, it is important to keep in mind that exemptions are still affirmative defenses. As such, Defendants still do have the burden of proof. They must still affirmatively "tip the scales" in their direction in order to prevail on an exemption defense.

### ii. Primary Duty

An employee's "primary duty" depends on such factors as "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee."29 C.F.R. § 541.700(a).

Also, "The amount of time an employee spends performing exempt work, as opposed to nonexempt work, is a useful guide in determining whether exempt work is the primary duty of the employee, but time alone is not the sole test." *Dineley v. Coach, Inc.*, No. 16-CV-3197, 2017 WL 2963499, at *6 (S.D.N.Y. July 11, 2017).

A review of the record indicates that in her roles a Personal Assistant/Executive Assistant, Plaintiff's primary duty was to do what Julie Goldberg told her to do.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 3

The contemporaneous records (i.e. WhatsApp and voice memo transcripts) indicate what the "real time" interactions were like between Plaintiff and Defendant. The excerpts listed in the Statement of Facts are excerpted from the lengthier original documents not cherry-picked in the sense of leaving out examples that would tend to support an opposite conclusion. These whos Defendant telling Plaintiff exactly what to do – book this appointment, place an order for these things at this restaurant, make sure when printing you do it on this kind of paper in exactly this way, go run this errand.

### iii.  Discretion and Independent Judgment

The employee's primary duty must include "the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).

> Whether an employee exercises discretion and independent judgment is a fact-intensive inquiry that takes in account a number of factors, including
>   (i) "whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices";
>   (ii) "whether the employee carries out major assignments in conducting the operations of the business";
>   (iii) "whether the employee has authority to waive or deviate from established policies and procedures without prior approval";
>   (iv) "whether the employee has authority to negotiate and bind the company on significant matters";
>   (v) "whether the employee provides consultation or expert advice to management"; and
>   (vi) "whether the employee investigates and resolves matters of significance on behalf of management."
>
> 29 C.F.R. § 541.202(b). In essence, "the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." § 541.202(a). Further, it "must be more than the use of skill in applying well-established techniques, procedures or specific standards" or "performing other mechanical, repetitive, recurrent or routine work." § 541.202(e).

The Plaintiff's duties had ***none*** of these characteristics. Plaintiff was that of an assistant – a runner, a go-fer, a "do-as-directed"-er. She was a document assembler, a hyperlink clicker, a nail salon appointment booker, a transcriber of dictated voice messages.  SOF ¶¶ 11-19. Even on basic

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 4

tasks such as calendaring and booking travel (which do not pertain to the "operations of the business" anyway), Defendant Goldberg provided her training and direction. SOF ¶¶ 12-14. Defendant even told her what time Plaintiff was expected to be back at the office after working long nights. SOF ¶¶ 23, 12 at JLF086 (10/3/20).

Notably, the only time in the record that Defendant purports to assign some level of authority or responsibility to the Plaintiff, it is in the context of production (i.e. legal) work, on the clemency package (which again does not pertain to the "operations of the business" as contemplated by the regulations): "She was kind of responsible for overseeing everybody's part and putting it altogether….that was actually something she did really well, is to oversee everybody and kind of give encouragement." Def. Dep. 120:3-12.

Plaintiff did not have independent discretion and judgment as contemplated by this aspect of the regulations.

### iv. Matters of Significance

"The term 'matters of significance' refers to the level of importance or consequence of the work performed." *Id*. § 541.202(a). It generally refers to "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." *Id*. Identifying factors include, but are not limited to:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 5

significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

Id. § 541.202(b).

Defendants have not come forward with any evidence or even suggestions that the Plaintiff had discretion as to "matters of significance." While of course the Defendants' firm's immigration matters they handled were important, and preparing paperwork in support of those cases was important, Plaintiff herself did not have authority or discretion as to "matters of significance" (especially keeping in mind that this would pertain to "business operations"). In fact, Defendant Goldberg reprimanded Plaintiff even as she handled minutia. For example, in one WhatsApp message Defendant texted Plaintiff, "So I now have a huge issue because you made an appointment at noon and at 12:30 with and you didn't put them in my calendar … you can't make appointments for me and not put them in my calendar immediately" JLF102. Plaintiff did not even so much as set her own schedule; she was told when to come to the office and was reprimanded for not abiding by the expected schedule. *Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 429 (S.D.N.Y. 2013) ("key factors illustrating that an employee does possess the requisite independence to satisfy the administrative exemption include 'an employee's discretion to set her own schedule ….'")

### v. Management or Business Operations

"The second element—performing management or business operations—examines whether the employee performs work directly related to assisting with the running or servicing of the business, as distinguished from manufacturing or selling a product." *Baldwin v. Key Equip. Fin., Inc.*, No. 05–CV–0502–MSK–BNB, 2006 WL 2016843, at *10 (D.Colo. July 17, 2006) (<u>citing</u> 29 C.F.R. § 541.201(a)). The Regulations provide examples of typical administrative duties including accounting; budgeting; auditing; quality control; marketing; research; personnel management; public relations; computer network, internet and database administration; and legal

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 6

and regulatory compliance. See 29 C.F.R. § 541.201(b). *Bernard v. Grp. Publ'g, Inc.*, 970 F. Supp. 2d 1206, 1223 (D. Colo. 2013).

"Under the regulations, … [a]dministrative duties include work in areas like accounting, insurance, marketing, human resources, labor relations, and database administration. 29 C.F.R. § 541.201(b)." *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822, 828 (10th Cir. 2012). To oversimplify, the nature of the administrative exemption is inward-facing – it pertains to roles that service the business itself, rather than customers. Human resources, accounting, and IT administration may be examples. Plaintiff's duties simply were not of this nature.

The actual work that Plaintiff did not pertain to management or business operations. There is no dispute of evidence-supported fact but that the tasks she performed were either case-related (such as transcribing voice memos into case files, or assisting with the assembly of paperwork for clemency packages) or personal (such as booking nail and hair salon appointments, making calls related to Defendant's mother's social security, going on an errand related to a property tax dispute)

### vi. Caselaw regarding exemption status of executive assistants

Plaintiff fully acknowledges that *some* "executive assistants" can be exempt from overtime. This does not mean that *all* executive assistants are exempt, and Plaintiff's duties did not fall within the necessary parameters to meet the exemption.

"An executive assistant or administrative assistant to a business owner or senior executive of a large business generally meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance." 29 C.F.R. § 541.203(d).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 7

In the caselaw, those executive assistants who <u>have</u> been found to be exempt include the following:

- Dorothy Altemus: *Altemus v. Fed. Realty Inv. Trust*, Case No. 11-2213, at *9 (4th Cir. 2012) (unpublished): executive assistant to the CEO of a ~400 employee equity real estate investment trust, whose salary was about twice that of the company's nonexempt employees.

- Danielle Dineley: *Dineley v. Coach, Inc*. 16cv3197 (DLC), at *14 (S.D.N.Y. Jul. 11, 2017). Ms. Dinsely was an Executive Assistant for a Vice President of Human Resources and the second most senior member of the HR department (the "HR VP"), and a Senior Director of Human Resources (the "Senior Director"). During Dineley's employment, Coach had approximately 17,000 employees worldwide. Dineley was responsible for selecting and interviewing applicants for full-time and temporary administrative assistants and executive assistants, as well as making hiring recommendations.

- Honey Seltzer[1]: *Seltzer v. Dresdner Kleinwort Wasserstein, Inc*., 356 F. Supp. 2d 288, 293 (S.D.N.Y. 2005): Ms. Seltzer worked for the Defendants for 14 years, starting when she was 64 years old. She was an executive assistant to the president of the company. The company had hundreds of employees. She personally worked with the heads of many Fortune 500 companies. Her salary was significantly higher than non-exempt assistants. She was the "primary" or "lead assistant" among a number of assistants.

Unlike the EAs that the courts found to be exempt in the cases above, the company at issue was not one of hundreds of employees. Defendant testified that the firm had about 30-35 employees during the relevant time period. Def. Dep. 31:1-8. Defendants' firm is not a "large business." Plaintiff was not the right-hand-woman to the CEO of a major multinational corporation.

Defendants cannot meet their burden to prove that Plaintiff was subject to the administrative exemption. She is entitled to overtime pay for the hours over 40 she worked in a workweek.

---

[1] Great name, even though it sounds like an unappetizing beverage.

*Coker v. Goldberg & Associates*  
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief  
Page 8

ANDERSONDODSON, P.C.  
11 Broadway  
Suite 615  
New York, NY 10004  
212.961.7639  
www.andersondodson.com

## B. TIME-KEEPING RECORDS; HOURS WORKED

Employers are required by law to keep track of their employees' hours worked. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

In most wage cases where this concept is at issue, the situation is that there exist no timekeeping records or the employer has forced the employee to record inaccurate, downwardly adjusted times. See, e.g. *McGlone v. Cont. Callers, Inc*., 49 F. Supp. 3d 364, 371-372 (S.D.N.Y. 2014). In this case, by contrast, the issue is that Defendants paid Plaintiff on a salary basis but also provided time sheets for her to fill out, received them, is now contesting the accuracy of the times logged, but has not proffered different evidence instead. At the risk of oversimplifying, the following is in essence the parties' positions as to the records:

- *Plaintiff*: The Time Sheets (Ex. 7) represent Plaintiff's time worked.

- *Defendants*: The hours logged on the time sheets are inaccurate.

- *Plaintiff*: OK, so what records show the correct times instead?

- *Defendants*: There aren't any; we just think these hours are inflated.

- *Plaintiff*: OK, then instead, for the sake of argument, let's treat the time sheets as Plaintiff's best "just and reasonable inference" of hours worked, and are supported by other contemporaneous records. Now it is Defendants' turn to come forward with evidence sufficient to rebut that presumption. [*Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687–88 (1946)]

- *Defendants*: We have witnesses (coworkers) who will testify that she was "sitting at her desk doing absolutely nothing" (Def. Dep. 132:4-5, 132:21) or "sitting at the desk and not working and playing video games" (*Id*. at 138:11-12).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 9

- ***Plaintiff***: Even if it were true, arguendo, that Plaintiff was not engaged in "productive" work at all times during her workday, a) Defendants have not demonstrated that Plaintiff being at her desk in Defendants' office does not constitute compensable time [*Skidmore v. Swift*, 323 U.S. 134 (1944) (Waiting time may be compensable when an employee is engaged to wait as opposed to waiting to be engaged.) and b) Defendants still have not produced any records or evidence purporting to differently quantity of her time worked. Therefore, Defendants have not rebutted Plaintiff's presumption as to hours worked.

In other words, Plaintiff asserts that the hours she logged on her timesheet are in fact accurate, and her recorded long hours are supported by surrounding evidence such as WhatsApp and voice memo messages, even including Defendant's contemporaneous acknowledgement of the long hours Plaintiff had been working.

However, that unto itself is not why summary judgment should be rendered on this issue. The reason why the Plaintiff's hours in this case can and should be established as a matter of law at summary judgment even though Defendants take issue with the numbers appearing on the timesheets is that, in essence, it is Defendants' burden to keep track of hours worked; Plaintiff used the form Defendants gave her; Plaintiff's recorded hours are a reasonable reflection of her time worked as indicated by supporting evidence; Defendants don't have any different records of her hours worked; therefore, because they cannot rebut Plaintiff's proffered presumptive evidence, as a matter of law, it stands.

### C. LIQUIDATED DAMAGES ARE APPROPRIATE

When wages have been unpaid or underpaid, both the FLSA and the NYLL allow for an award of the amount equal to the back wages owed as liquidated damages. 29 U.S.C. § 216(b),

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 10

NYLL § 198(1-a). Liquidated damages are appropriate because Defendant cannot meet its burden of proof of a "good faith basis" defense.

> "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). As noted, however, an exception to the FLSA's liquidated damages rule exists "where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman*, 172 F.3d at 142. "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Barfield*, 537 F.3d at 150 (<u>citing</u> *Herman*, 172 F.3d at 142).

*McLean v. Garage Mgmt. Corp.*, 10 Civ. 3950 (DLC), at *12 (S.D.N.Y. Apr. 19, 2012). The Second Circuit elaborated that:

> "Good faith" … requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them. [ ] That [defendant] did not purposefully violate the provisions of the FLSA is not sufficient to establish that it acted in good faith [] Nor is good faith demonstrated by the absence of complaints on the part of employees [] or simple conformity with industry-wide practice, [ ].

*Reich v. S. New Eng. Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (internal citations omitted).

It is important to differentiate the "good faith defense" (which is an affirmative defense for which defendants bear the burden of proof) from "willfulness" (which in FLSA actions serves to extend the statutory period from 2 to 3 years, 29 U.S.C. § § 255(a), and is the plaintiff's burden). Here "willfulness" is not relevant because the entirety of the employment took place within the two years before the filing of the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 11

Here, Plaintiff has moved the Court for an inference in her favor as to the Defendants' "good faith defense" based on discovery conduct. Dkt. 78 pp. 2-5. Plaintiff incorporates those arguments and supporting materials by reference.

Aside from the inference requested, even if one were to credit Defendant Goldberg's deposition testimony that somebody in her office may have talked to some attorney about something (Def. Dep. pp. 21-22, 75-79), that does not rise to the level of what would would not rise to the level of a good faith defense. Therefore, liquidated damages *must* be awarded. *Koellhoffer v. Plotke-Giordani*, Civil Action No. 10-cv-02820-WYD-CBS, at *17 (D. Colo. 2012) ("If the employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements, the district court is without discretion to deny liquidated damages."). The focus of liquidated damages is, after all, on making the employee whole – on compensating her for the time value of money and the hassle of having not had access to the money she should have had at the time it was earned. Merely repaying the back wages owed does not fully make her whole.

For these reasons, summary adjudication is proper on the issue of the availability of liquidated damages.

### D. DAMAGE CALCULATIONS

#### i. Overtime

Since the Plaintiff's rate of pay is not in dispute, having established the quantity of hours at issue pursuant to the above, we can then determine damages owed for her overtime claim.

In order to determine Ms. Coker's overtime rate, we must first compute her "regular rate." As the federal regulations explain, "The 'regular rate' under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 12

be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek" 29 C.F.R. § 778.109.  Thus, her regular rate would be her total compensation, which is assumed to be $85,000 per year, divided by 52 weeks, divided by 40 hours [see *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999)], which yields a regular rate of $40.87 per hour, with a corresponding overtime rate of $61.29 per hour.

Defendants paid Plaintiff on a bimonthly (i.e. twice a month) rather than weekly or biweekly basis. While there is nothing inherently illegal about this, it does mean that the hours worked per week must be first determined, since overtime is computed on a workweek basis, for the "regularly recurring period of 168 hours—seven consecutive 24-hour periods" 29 C.F.R. §§ 778.103, -105. Using the hours worked each day as per the time sheets, this results in the Plaintiff having worked a total of 61 overtime hours for which she was not compensated anything additional. See Ex. 8, summarizing information from Ex. 7, timesheets.

61 overtime hours times $40.87 per hour is $2,493.07. Liquidated damages would add another $2,493.07, for a total of $4,986.14 for the overtime aspect of the claim.

### ii. Attorney fees

Both state and federal law provide for statutory attorney fees. 29 U.S.C. § 216, NYLL §§ 198, 663. As will be further set forth in a separate motion for attorney fees, Plaintiffs' counsel has had to expend an extraordinary amount of time on this case, despite multiple attempts to streamline issues and attempt resolution. The advocacy on behalf of the plaintiffs has been excessive relative to the size of the case, but not to what has unfortunately been warranted. For the time being,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 13

Plaintiff asks that liability for fees and costs be established, with the measure of those to be determined at a later date.

### E. THE INDIVIDUAL DEFENDANT IS AN ADDITIONAL "EMPLOYER"

The FLSA's definition of "employer"[3] can and frequently does cover certain individuals as well as corporate entities. The Second Circuit has adopted the "economic reality test" for determining an employment relationship, which can include factors such as having the power to hire and fire, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and maintain employment records. *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir.1984). "No one of the four factors standing alone is dispositive. [ ] Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). Indeed, an "employer need not even be responsible for managing plaintiff employees necessarily where the person has "operational control" meaning that "his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)

Here, there can be no real dispute but that Defendant Julie Goldberg qualifies as an "employer" in this case. SOF ¶¶5, 26-29. She is the owner of the business. SOF ¶5. She set Plaintiff's work schedule. SOF ¶¶ 23, 12 at JLF086 (10/3/20). She has the authority to hire and fire, and in fact actually did hire and fire Plaintiff. SOF ¶26-27. There are no material facts in dispute on this point and she squarely meets the definition.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 14

### V.   OTHER ALLEGATIONS

In a continued effort to streamline proceedings, Plaintiff voluntarily withdraws her claims for "spread of hours" pay under the New York Labor Law as well as her retaliation claims under both state and federal law. Because of this, with the adjudication of the issues set forth herein, all claims can be resolved at this juncture and the case can be summarily adjudicated in its entirety.

### VI.   CONCLUSION

WHEREFORE, the Plaintiff requests that summary judgment be entered against the Defendants, holding that

a. Defendant is liable for Plaintiff's underpaid overtime wages

b. Liquidated damages are appropriate

c. Damages for overtime plus liquidated damages are $4,986.14

d. Defendants bear liability for Plaintiff's attorney fees, in an amount to be decided by separate motion.

e. Defendants bear joint and several liability.

Respectfully submitted, this **26th** day of **June, 2023**.
Originally submitted the **23rd** day of **June**, 2023.

ANDERSONDODSON, P.C.

*(signature)*

**Penn A. Dodson**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps MSJ Brief
Page 15