**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SADE COKER,

                Plaintiff,

v.

GOLDBERG & ASSOCIATES P.C., and
JULIE GOLDBERG, an individual,

                Defendants.

Case No. 1:21-cv-1803-JLR-BCM

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT**

Comes now Plaintiff Sade Coker, by and through counsel, and submits her Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment [Dkt 92].

### I.    DEFENDANTS CONCEDE THE NON-EXEMPT NATURE OF PLAINTIFF'S DUTIES.

Defendants concede that the duties Plaintiff performed were not of a character required for the administrative exemption to apply. Choosing to malign Plaintiff's character and abilities rather than acknowledging the realities of the situation, Defendants explicitly admit that Defendant Goldberg "provided Plaintiff with more explicit instruction than she otherwise would, limited Plaintiff's duties, and supervised Plaintiff more closely" Dkt. 93, p. 5. See also Defendants' responses to statement of facts Dkt 92-1 at Nos. 11, 12, 29.

In essence Defendants argue that they *wish* Plaintiff had had more and/or different skills and abilities that would have made her more qualified to handle more and/or different types of tasks but, according to them, she did not. Because of that, they say, Defendants never gave Plaintiff any duties that of any significant responsibility.

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR (SDNY)

Ps Reply to Ds Response to Ps MSJ
Page 2

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

The Second Circuit has stated unequivocally that "the question of entitlement to overtime pay is answered by examining the employee's *actual* duties." *Myers v. Hertz Corp.*, 624 F.3d 537, 550 (2d Cir. 2010) (emphasis added), citing 29 C.F.R. § 541.2 (job title alone is insufficient to establish the exempt status of an employee) and §541.700 ("primary duty" guidance). "Accordingly, even where an employee's job description appears to exempt him from eligibility for FLSA overtime pay, if that employee's actual duties vary from the seemingly exempt description, such that they are engaged primarily in rote, manual, and non-discretionary tasks, he would be misclassified, despite the exempt nature of his job description." *Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 638 (S.D.N.Y. 2013).

## II. DEFENDANTS' SUBMISSIONS UNDERSCORE THE LACK OF DISPUTES OF MATERIAL FACTS

On pp. 4-6 of their brief, Defendants offer a narrative "statement of facts" with no citation to, or basis in, record evidence. (Oddly, though referencing and making characterizations of the contents Plaintiff's resume, they did not attach it as an exhibit). Similarly in their response to Plaintiff's Rule 56.1 statement of facts (Dkt. 92-1), Defendants failed to cite to any record evidence supporting their denials.

Ultimately, Defendants a) do not take issue with any of the material stated facts Plaintiff asserted b) do not offer other facts, much less evidence in support thereof, that would tend to support a conclusion that the administrative exemption should apply and c) take issue only with the characterization of the undisputed facts.

## III. EMPLOYERS' OBLIGATION TO MAINTAIN ACCURATE TIME RECORDS IS NON-DELEGABLE.

The time sheets (Dkt. 87-7) are not only the best evidence of the time Plaintiff worked, but they are the *only* evidence. Saying "nuh-uh" does not create a dispute of fact. Defendants' denial

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR-BCM (SDNY)

Ps MSJ Reply
Page 3

of the hours Plaintiff listed on her timesheet, when they have not proffered any evidence, in the instant motion or throughout discovery, as to how many hours they believe she did work instead, does not render the issue improper for summary adjudication. (Dkt. 92-1 pp. 6-7).

Both the FLSA and the NYLL require employers to keep accurate records regarding hours worked and pay received by employees. 29 U.S.C. § 211(c), 29 C.F.R. § 516.2, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.1(a). Where records are inaccurate (or nonexistent), the plaintiffs' testimony is presumptively correct. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (U.S. 1946) Applying *Anderson*, the Second Circuit has emphasized that "an employer's duty under the FLSA to maintain accurate records of its employees' hours is non-delegable." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363 (2d Cir. 2011)

Where an employer has inadequate or incomplete records, "an employee suing for lost wages under the FLSA may carry his burden by submitting 'sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred.' " *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 331 (S.D.N.Y. 2005) (quoting *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir.1997)); see also *McGlone v. Cont. Callers, Inc.*, 49 F. Supp. 3d 364, 371 (S.D.N.Y. 2014) ("[I]f an employer keeps inaccurate or inadequate records, the plaintiff need only offer a reasonable estimate of his damages.").

Thus, "the first step is for the Court to determine whether [D]efendants have failed to keep accurate or adequate records." *McGlone*, 49 F. Supp. 3d at 371 (internal citations and quotations omitted). Here, Defendants have provided no actual evidence that the time sheets are inaccurate. Thus, the inquiry can end there.

However, even if the time sheets were inaccurate, since there is not another source of data on which to rely, Plaintiff would rely on her recollection. Since she was the one to fill out the time

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

sheets herself, she would rely on those to support her recollection. *Jin v. Pac. Buffet House, Inc.*, 2009 U.S. Dist. LEXIS 74901, 14-16 (E.D.N.Y. Aug. 24, 2009). Defendants would be limited to the presentation of evidence to that which would rebut or negate her inferences. See *McGlone v. Cont. Callers, Inc.*, 49 F. Supp. 3d 364, 370–72 (S.D.N.Y. 2014). Because there isn't any such other evidence, Plaintiff's recollection, which in turn relies on her timesheets, is what by law has to carry the day.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff reiterates her request that this Court grant her summary judgment motion and assist the parties in coming to a conclusion of this case, holding that

a. Defendant is liable for Plaintiff's underpaid overtime wages

b. Liquidated damages are appropriate

c. Damages for overtime plus liquidated damages are $4,986.14

d. Defendants bear liability for Plaintiff's attorney fees, in an amount to be decided by separate motion.

e. Defendants bear joint and several liability.

Respectfully submitted, this **25th** day of **August, 2023**.

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*
Case No. 1:21-cv-1803-JLR-BCM (SDNY)

Ps MSJ Reply
Page 5