UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SADE COKER, et al.,

        Plaintiffs,

-against-

GOLDBERG & ASSOCIATES P.C., et al.,

        Defendants.

21-CV-1803 (JLR) (BCM)

**ORDER REGARDING DISCOVERY SANCTIONS**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Sade Coker worked for the law firm Goldberg & Associates, P.C. (the Firm), as an executive assistant to its principal attorney Julie Goldberg, for approximately five weeks in the fall of 2020. *See* Compl. (Dkt. 1) ¶¶ 1, 24. On March 2, 2021, she sued the Firm and Goldberg under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), alleging that she was not paid time-and-a-half for her overtime hours, *id*. ¶¶ 1, 29-30, or spread-of-hours pay, *id*. ¶¶ 1, 39, and that she was fired after she asked for overtime. *Id*. ¶¶ 1, 42-44. Defendants contend that plaintiff was an exempt employee – invoking the administrative exemption – and thus was not entitled to any overtime or spread-of-hours pay on top of her $85,000 annual salary. Ans. (Dkt. 36) ¶ 26. Defendants further assert that they "acted in good faith," without "willfulness or intent" to violate the law, and therefore are shielded from liquidated damages. *Id*. ¶¶ 54, 56.

    Now before the Court is plaintiff's letter-motion dated April 28, 2023 (Pl. Mtn.) (Dkt. 78), seeking significant sanctions – up to and including the entry of a default judgment – for what plaintiff describes as defendants' incomplete production of certain documents long sought in discovery. For the reasons that follow, the motion will be granted only in part.

**I. BACKGROUND**

    During the discovery period, plaintiff filed a series of letter-applications to compel discovery, complaining – repeatedly – that defendants were dragging their feet and that their

responses to plaintiff's document requests and interrogatories were insufficient in various ways. In response, defendants assured the Court – repeatedly – that they were working on the outstanding discovery items and would comply with plaintiff's demands as soon as they were able to gather the requested materials. (*See*, *e.g.*, Dkts. 62, 64.)

On March 27, 2023, the Hon. Jennifer L. Rochon, United States District Judge, ordered defendants to produce "the items they agreed to produce forthwith, but no later than **April 7, 2023**." (Dkt. 65.) Two weeks later, during a pretrial conference on April 10, 2023, Judge Rochon ordered defendants to "produce all outstanding discovery no later than April 13, 2023," or "face possible sanctions." (Dkt. 73.) On April 12, 2023, defendants asked for an extension of time, until April 17, 2023, to complete their production (Dkt. 74), and on April 13, 2023, Judge Rochon granted the motion in a memo endorsement, ordering defendants to "complete all discovery no later than April 17, 2023," and directing their counsel to "inform their client regarding the potential for sanctions if discovery is not fully produced" by that date. 4/13/23 Order (Dkt. 75) at 1.

None of the District Judge's orders identified the specific documents, items, or categories of documents or information that defendants were required to produce.

## II. THE PENDING MOTION

On April 21, 2023, plaintiff advised the Court that she intended to move for sanctions based on deficiencies in the production that defendants made in response to the 4/13/23 Order (Dkt. 76), and on April 28, 2023, plaintiff filed her sanctions motion, in the form of a six-page letter to which she attached a one-page appendix, *see* Pl. Mtn. at 7, and 156 pages of exhibits. (Dkts. 78-1 through 78-11). Plaintiff asserts that, although defendants made a supplemental production in response to the 4/13/23 Order, they never turned over: (i) certain audio files exchanged between Coker and Goldberg via WhatsApp, *see* Pl. Mtn. at 1-2; and (ii) "information which could have [a] bearing

2

on" defendants' good-faith defense, including WhatsApp messages that may have been exchanged "between and amongst HR, exec team and/or attorney re: exemption." *Id*. at 2-5. After describing these claimed deficiencies, plaintiff complains more broadly about defendants' dilatory approach to discovery throughout the litigation, including their failure to meet various deadlines set by the District Judge prior to the 4/13/23 Order. *See id*. at 5-6. Moving even farther afield, plaintiff complains about defendants' initial motion to dismiss (which was denied), their failure to "file a notice of withdrawal of counsel for the attorney they recently said was no longer with the firm," and their strategic decision to contest the number of hours that plaintiff claims to have worked. *Id*.

Defendants' conduct, according to plaintiff, was out of compliance with "several of Rule 11(b)'s provisions," including, for example, the requirement that their factual denials be "warranted on the evidence or, if specifically so identified, [] reasonably based on belief or a lack of information." Pl. Mtn. at 6 (quoting Fed. R. Civ. P. 11(b)(4)). Plaintiff does not cite any other rule or statute as the basis for her sanctions motion. She concludes by proposing, as a "fitting sanction," that a "default judgment [as to] liability [be] assessed against the Defendants at this juncture." Pl. Mtn. at 6. In the alternative, plaintiff requests "that an inference be drawn against [defendants]," that their good-faith defense be stricken, "and/or [] any other sanctions the Court may deem warranted." *Id*. at 1.

On May 17, 2023, defendants filed a two-page responding letter-brief (Def. Ltr.) (Dkt. 84), arguing that they did the best they could to "provide the extensive discovery that plaintiff has demanded" while protecting the confidentiality of their own clients, and reiterating that they are "not refusing to turn over any documents, we are merely experiencing delays in a manner that is not unusual, given the circumstances." Def. Ltr. at 1. Defendants attached 66 pages of "previous discovery responses," *id*. at 2, and a declaration signed by defendant Goldberg, attesting that she

went through her WhatsApp messages and "turned over every single picture, message, and voice text that did not have attorney-client confidential information." Goldberg Decl. (Dkt. 84-1) ¶ 3.

Plaintiff did not file any reply letter. She did, however, file a summary judgment motion on June 23, 2023, arguing that the undisputed evidence – including the WhatsApp messages and other documents produced by defendants in discovery – shows that Coker served as a "runner, a go-fer, a 'do-as-directed'-er," working under the close supervision of Goldberg and others, and therefore that she did not qualify for the administrative exemption and should have been paid a premium for her overtime hours. *See* Pl. S/J Br. (Dkt. 88) at 2-8. Plaintiff further argues, in her summary judgment brief, that the Court should accept plaintiff's timesheets as an accurate record of her actual hours worked, including 61 overtime hours during her five-week tenure at the Firm, and award her a total of $4,986.14 ($2,493.07 in unpaid overtime wages and another $2,493.07 in liquidated damages) "for the overtime aspect of [her] claim." *Id*. at 12-13. In "a continued effort to streamline proceedings," plaintiff advises that she has withdrawn her spread-of-hours and retaliation claims, *id*. at 15, and therefore that "all claims can be resolved at this juncture and the case can be summarily adjudicated in its entirety," with the exception of plaintiff's attorney fee motion, to be made separately. *Id*. at 15.

Nowhere in her summary judgment papers does plaintiff suggest that defendants' asserted discovery deficiencies have hampered her evidentiary showing in any way.

In defendants' summary judgment opposition papers, filed on July 28, 2023, they argue – citing Goldberg's deposition testimony – that there are genuine disputes as to Coker's duties and

4

expectations, precluding summary judgment. Def. S/J Br. (Dkt. 92) at 4, 8.[1] Defendants do not attach or otherwise rely on any documents that were not produced in discovery.

In her summary judgment reply brief, filed on August 25, 2023, plaintiff argues that defendants "failed to cite to any record evidence supporting their denials," and therefore cannot avoid the entry of summary judgment. Pl. S/J Reply Br. (Dkt. 95) at 3. Plaintiff reiterates her request for a judgment in her favor in the total amount of $4,986.14. *Id*. at 4.

## III.   DISCUSSION

### A.   Rule 11

Before imposing any sanction under Rule 11, a district court "must adhere to the procedural rules which safeguard due process rights." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 57-58 (2d Cir. 2000). Chief among these rules is Rule 11(c)(2), which requires the party seeking sanctions to "describe the specific conduct that allegedly violated Rule 11(b)" in its moving papers and give the offending party 21 days, before filing the motion, to withdraw "the challenged paper, claim, defense, contention or denial." *See also* Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment ("[t]hese provisions are intended to provide a type of 'safe harbor,'" permitting a party or attorney to avoid Rule 11 sanctions by withdrawing the questionable contention within the 21-day period). "A motion that fails to comply with the safe harbor provision of Rule 11 must be denied." *Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) (collecting cases). In addition, Rule 11(d) "excludes from the purview of Rule 11 sanctions, discovery responses and motions that are subject to the provisions of Rules 26 through 37 of the Federal Rules of Civil Procedure." *Baffa*, 222 F.3d at 57-58; *see also* Fed. R. Civ. P. 11(d) (Rule

---

[1] They also claim that there is a dispute as to the accuracy of plaintiff's timesheets. However, they do not cite to any contrary evidence in the record, asserting instead that "live testimony at trial" from witnesses who never sat for deposition will resolve that issue. Def. S/J Br. at 4, 7-8.

5

11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").

Here, not only does plaintiff's motion pertain to material expressly excluded by Rule 11(d), but in filing her motion, plaintiff failed to comply with Rule 11(c)(2)'s safe harbor provision. Thus, to the extent she moves under Rule 11, no relief can be granted. *See, e.g.*, *Kumaran v. Nat'l Futures Ass'n, LLC*, 2022 WL 42863, at *2 (S.D.N.Y. Feb. 10, 2022) ("Plaintiff's failure to comply with the safe harbor provision prevents the Court from ruling on the merits of the motion because the motion must be denied.").

### B. Rule 37(b)(2)

Although plaintiff does not identify any other rule or statute under which she seeks sanctions, the Court construes her motion as made under Rule 37(b)(2), which governs sanctions for "not obeying a discovery order." Fed. R. Civ. P. 37(b)(2). The Rule provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders." Fed R. Civ. P. 37(b)(2)(A). Such orders may include: (1) directing that matters addressed in the order be taken as established by the prevailing party; (2) prohibiting the sanctioned party from supporting or opposing claims or defenses or from introducing evidence; (3) striking pleadings in whole or in part; (4) staying the proceedings until the order at issue is obeyed; (5) dismissing the action in whole or in part; (6) entering judgment against the disobedient party; and (7) treating the failure to obey the orders at issue as contempt of court (except where the orders direct the party to submit to a physical or mental examination). *Id.* "Instead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

6

The only predicates to the imposition of sanctions under Rule 37(b) are a "court order directing compliance with discovery requests" and "non-compliance with that order." *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017). Rule 37(b) applies "notwithstanding a lack of willfulness or bad faith," although such factors may be "relevant . . . to the sanction to be imposed for the failure." *Oz v. Lorowitz*, 2011 WL 803077, at *2 (S.D.N.Y. Mar. 7, 2011) (quoting *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 134989 at *4 (S.D.N.Y. Jan. 17, 2003)). In addition, "prejudice to the moving party may also be a significant consideration, though not an absolute prerequisite in all circumstances." *Royal Park Inv. SA/NV v. U.S. Bank Nat'l Ass'n*, 319 F.R.D. 122, 127 (S.D.N.Y. 2016) (collecting cases).

Once a party has demonstrated its entitlement to sanctions, the Court has "broad discretion" in selecting an appropriate remedy among those available. *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537, at *28 (S.D.N.Y. Sept. 26, 2019) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002)), *aff'd sub nom. Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1479018 (S.D.N.Y. Mar. 26, 2020); *see also Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990) (the decision to impose a particular discovery sanction "is committed to the sound discretion of the district court and may not be reversed absent an abuse of that discretion"). There are, however, "two basic limitations" that cabin the court's discretion. *Daval Steel Prods.* v. *M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991); *accord Sentry Ins.*, 720 F. App'x at 640. First, "the sanctions must be 'just[.]'" *M/V Fakredine*, 951 F.2d at 1366. Second, the sanctions "must relate to the particular claim to which the discovery order was addressed." *Id.*

> In considering what sanction to impose, district courts appropriately consider:
>
> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance;

7

and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (quoting *S. New England*, 624 F.3d at 144).

The harshest sanctions, such as dismissal or default, are reserved for extreme situations, such as those involving willfulness or bad faith. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (affirming dismissal sanction against *pro se* litigant where he refused to follow orders issued by the presiding magistrate judge over a six-month period). However, even where the disobedience is willful, courts "should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 3671036, at *21 (S.D.N.Y. July 18, 2017) (quoting *Grammar v. Sharinn & Lipshie, P.C.*, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016)), *report and recommendation adopted*, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). Orders imposing sanctions "are ordinarily considered non-dispositive, and therefore fall within the grant of [Fed. R. Civ. P.] 72(a), unless the sanction employed disposes of a claim," *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2018 WL 4760345, at *6 (S.D.N.Y. Sept. 28, 2018) (cleaned up), or includes contempt sanctions, which must be certified to the district judge. *Id.* at *7; *see also* 28 U.S.C. § 636(e)(6)(B).

1. **WhatsApp Audio Files**

In this case, although the 4/13/23 Order did not explicitly direct defendants to produce the audio files underlying their WhatsApp messages, it did direct them to "complete all discovery." 4/13/23 Order. A party has not completed all discovery if it has withheld responsive documents on privilege grounds but has failed to produce a privilege log. Fed. R. Civ. P. 26(b)(5) requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is

8

privileged," it must "describe the nature of the documents, communications, or tangible things not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." In addition, Local Civ. R. 26.2 requires that a party withholding a document on privilege grounds set forth:

> (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]

Local Civ. R. 26.2.

Defendants admit in their opposition letter that they withheld portions of the WhatsApp communications between plaintiff and Goldberg (namely, certain audio files) because they are "protected by attorney-client privilege," Def. Ltr. at 2; *see also* Goldberg Decl. ¶ 3, but they never supported their privilege claim with a log, as required, and they do not argue that they were somehow unable to do so. Nor does Goldberg's cursory, after-the-fact affidavit contain the information that Fed. R. Civ. P. 26(b)(5) and Local Civ. R. 26.2 requires to support a claim of privilege. I therefore conclude that defendants violated the 4/13/23 Order as to those audio files, such that sanctions are in order under Rule 37(b)(2)(A).

That leaves the question of what sanction would be "just" for defendants' failure to log the privileged WhatsApp audio files. The dispositive sanctions that plaintiff requests, namely, a default judgment or an order striking an affirmative defense, *see* Pl. Mtn. at 1, would be wholly disproportionate to the sanctionable misconduct. Plaintiff's alternative request – that the jury be instructed to draw a negative inference as to the content of the withheld audio files – would also be inappropriate, as there is no indication that the files have been destroyed, and thus there is no need to "infer" their contents. *See id.* Moreover, there is no indication that the lack of those audio files has prejudiced plaintiff in any way: in her summary judgment motion, she argues that the

9

WhatsApp messages she *does* have are so overwhelmingly favorable as to entitle her to judgment in her favor on the misclassification issue. *See* Pl. S/J Reply Br. at 4 ("The contemporaneous records (i.e. WhatsApp and voice memo transcripts) indicate what the 'real time' interactions were like between Plaintiff and Defendant.").

After weighing the relevant factors, I conclude that defendants cannot maintain their privilege defense as to the remaining WhatsApp audio files. Rather, they will be deemed to have waived their claim of privilege, and therefore must now produce the files. *See, e.g., S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014) (holding that "the SEC's unjustified failure to serve indices of privileged documents in a timely and proper manner operates as a waiver of any applicable privilege"); *FB Hemisphere Assoc's, L.L.C. v. Republique Du Congo*, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) ("[T]he unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege."); *Amadei v. Nielsen*, 2019 WL 8165492, at *5-7 (E.D.N.Y. Apr. 17, 2019) (same). However, because those files may well contain sensitive information about the Firm's clients and their immigration cases, the audio files shall be produced on an attorneys'-eyes-only basis. If, after reviewing the files, plaintiff's counsel wishes to further disclose them (including by introducing them as evidence at trial), she must first obtain defendants' written agreement or a further order from this Court.

### 2. WhatsApp Messages

As to the documents arguably relevant to the good-faith defense, plaintiff's letter fails to convince the Court that defendants withheld any such documents – much less that by doing so, defendants violated the 4/13/23 Order. Plaintiff notes that some of the documents that defendants produced ("a New York City Legal Referral Service web page entitled 'Exempt & Non-Exempt Employees' with a date stamp of 11/13/22 . . . and another one reading 'Goldberg & Associates

10

Subject: Employment Classification Policy, Effective Date: April 17, 2023'") post-date her employment at the Firm. Pl. Mtn. at 4. However, she makes no showing that earlier versions of these documents exist and were withheld.

Plaintiff further argues that defendants must have withheld WhatsApp messages revealing the Firm's internal communications "between and amongst HR, exec team and/or attorney re: exemption status." Pl. Mtn. at 4-5. In defendants' discovery response to plaintiff's request on this topic (provided on April 18, 2023), they stated that "[d]uring this time the firm used WhatsApp," but that the "employees [who] would have those communications responsive to this request are no longer employed by the firm and thus Ms. Goldberg has no control over their messaging devices." *Id.* at 4. Like plaintiff, I am not entirely convinced. At deposition, Goldberg stated that she herself also participated in "internal communications." Pl. Mtn. Ex. 11 (Goldberg Dep. Tr.) (Dkt. 78-11) at 79:10-12. She explained that "HR" and an outside attorney performed "research on the Department of Labor of what the minimum wage, what the requirements were in order to – whether an employee was exempt or not," *id.* at 77:22-25, 78:8-10, and that "the result was we created a policy in hiring on what employees were exempt and what employees were not exempt." *Id.* at 78:19-21. According to Goldberg, determining "who was exempt and who was not" during the hiring process involved "internal communications" among "the attorney, HR and me." *Id.* at 79:5-11. It thus seems *possible* that Goldberg *may* have "internal communications" in her possession which are responsive to plaintiff's discovery demands and relevant to defendants' good-faith defense.

The *possibility* that defendants have withheld discoverable documents is not a sufficient foundation for the dispositive sanctions that plaintiff requests. However, given that good faith is an affirmative defense, as to which defendants bear the burden of proof, *see Reich v. S. New*

11

*England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997), a preclusion order would be appropriate, so as to prevent defendants from benefitting from any failure to produce relevant evidence timely, and to protect plaintiff from unfair surprise. Consequently, defendants will be precluded from "us[ing] that information . . . to supply evidence" at trial. Fed. R. Civ. P. 37(c)(1).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion (Dkt. 78) is GRANTED to the extent that (1) defendants shall produce the withheld WhatsApp audio files sent to or received from plaintiff no later than **February 7, 2024**, on an attorneys'-eyes-only basis; and (2) defendants are precluded from using or relying on any previously undisclosed WhatsApp communications to support their good-faith defense. Given that the Court has rejected Rule 11 as the proffered basis for the sanctions plaintiff requested and has declined to award the bulk of the relief sought, I conclude that the circumstances here "make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Consequently, each party will bear her or its expenses, including attorneys' fees, incurred in connection with the motion.

Dated: New York, New York
      January 24, 2024         SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**