February 13, 2024

*via CM/ECF*

Jones
Law Firm P.C

The Honorable Jennifer L. Rochon
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20B
New York, NY 10007

      **Re:**    **Letter Motion to Stay Discovery Order and Objections to Magistrate's Discovery Order in SDNY Case No. 21-cv-01803,** *Coker v. Goldberg & Associates P.C. et al*

Dear Judge Rochon:

I write in regards to Magistrate Moses's order Dkt. **120** ("Order") regarding discovery sanctions to seek a stay pending this Court's full consideration of the below Objections. This Court's existing extension for compliance with the order expires 2/14/2024.

## Argument for a Stay

The irreparable harm from compliance with this Order is simply explained: the Order requires that the Defendant Goldberg, an attorney, turn over her own clients' privileged information to the Plaintiff's attorney. According to Magistrate Moses, Defendant ostensibly waived her clients' privilege by failing to provide a privilege log to Plaintiff. The release of third parties' privileged information cannot be undone. Thus, a stay is appropriate pending a full consideration of the below Objections.

## Objections

The purpose of attorney-client privilege was fleshed out in *Spectrum Sys. Intl. Corp. v. Chemical Bank*, 78 N.Y.2d 371, 377 (1991) as a salient protection that "fosters the open dialogue between lawyer and client that is deemed essential to effective representation". It follows that attorney-client privilege should, as far as possible, be upheld.

There are exceptions to attorney-client privilege, most importantly, the exception of waiver. It should go without saying that the privilege of being able to "waive" the right to attorney-client privilege should be that of the right-holder, being the client. Attorney-client privilege was not introduced to protect the attorney, but rather to protect the client and make the client feel safe in disclosing pertinent and private information to their attorneys. It is thus only the client that can waive this right. To

allow an attorney to waive attorney-client privilege on behalf of their client would render the entire purpose of privilege redundant.

It is a cardinal rule of privilege analysis that privilege belongs to and can only be waived by the client in an attorney-client relationship. These non-party clients have had no notice or opportunity to be heard in this matter. Nothing Defendant Goldberg allegedly did or failed to do could possibly operate as a waiver of their rights.

Furthermore, the cases cited by Magistrate Moses are distinguishable from the matter at hand in precisely this respect: they deal with waiver of a litigation party's privilege, not the privilege of third parties.

Specifically, in *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014), the court held that the SEC's unjustified failure to serve indices of privileged documents in a timely and proper manner operates as a waiver of any applicable privilege, with the exception of the SARs (Suspicious Activity Report) privilege. This exception is crucial because in the case of SAR privilege, as is here, it was not the SEC's privilege to waive. Thus, the *SEC* case cited actually supports Defendants' own position because the SARs are exempted. The SEC was deemed to have waived privilege with respect to its own legal work-product doctrine, law enforcement-investigative privilege, intergovernmental investigative privilege, deliberative process privilege, and attorney-client privilege. Here, like the SARs in *SEC*, our client is not asserting its own privilege on behalf of a lawyer or the law firm but a privilege on behalf of non-parties, in this case their clients. It is not our client's privilege to waive, just as it is not SEC's privilege to waive with respect to SAR privilege.

Similarly, *FB Hemisphere Assoc's, L.L.C. v. Republique Du Congo*, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) is distinguishable. Although the court held that Congo had waived any privilege, the privilege at concern was Congo's documents and of not those of a third-party client. The comparison between *Congo* and the matter at hand is apples-to-oranges because here we are dealing with a defendants who are a lawyer and law firm. Defendants are not claiming their own privilege over these documents. It is the third-party clients' documents at issue, and defendants here are unable to waive the privilege just as the SEC was not able to waive the SAR privilege as in *SEC*.

Furthermore, in Congo, the court had previously ordered Congo to produce a privilege log and failed to comply. Here, although defendant is willing to produce a privilege log, Plaintiff's counsel has declined my offer to provide such a log and demands the underlying client-privileged recordings.

Respectfully, Magistrate Judge Moses overlooked the nuance in this case, being that Goldberg as Defendant was raising privilege not for itself, but rather for its client. It is not possible for Goldberg to waive the rights to privilege on behalf of their clients, who are not even joined to this matter.

If Goldberg were to "waive" privilege, they would be breaching one of the most important attorney-client rules, and although it is permitted for an attorney to disclose privileged information where the court has ordered this, case law clearly indicates that this does not amount to a waiver. *Transamerica Computer Co., Inc. v. IBM Corp.*, 573 F.2d 646, 650-51 (9th Cir. 1978).

A more appropriate sanction, if any is in fact needed, would be to simply order Defendants to provide a privilege log. Defendants have already offered to produce such a privilege log and been rebuffed by the Plaintiff. We respectfully request a reasonable period of time to produce such a log.

Respectfully,

/s/ Deeban Siva
Deeban Siva, Esq.
**Jones Law Firm, P.C.**
1270 6th Avenue, 7th Floor
New York, NY 10020
(212) 258-0685
deeban@joneslawnyc.com
*Attorneys for Defendants*

Given the risk of irreparable harm to Defendants, the Court GRANTS Defendants' request for a stay of Magistrate Judge Moses's order (ECF No. 120) pending the Court's final decision on Defendants' objections as stated herein. *Cf. JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023) ("A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." (quotation marks and citation omitted)). To be clear, the Court expresses no view at this time about the merits of Defendants' objections; this stay is entered solely to preserve the status quo. Plaintiff may file a response to Defendants' objections by **February 27, 2024**. *See* Fed. R. Civ. P. 72(b).

Dated: February 14, 2024
      New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**