April 3, 2024

Jones
Law Firm P.C

*via EM/CF*

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Extension to File Opposition to Plaintiff's Motion for Attorney Fees and Costs in SDNY Case No. 21-cv-01803, Coker v. Goldberg & Associates P.C.

Dear Hon. Judge Rochon:

Defendants respectfully request a one-day extension to file an opposition to Plaintiff's motion for attorney fees and costs. During an internal calendar audit today, we determined that our opposition to Plaintiff's motion for attorney fees and costs was due yesterday.

FRCP 6(b) grants the court power to extend deadlines, for good cause, on a motion made after the expiration of time when a party demonstrates excusable neglect. *In re Buckskin Realty Inc.,* 525 B.R. 4, 9 (Bankr. E.D.N.Y. 2015). Factors to consider when determining whether if excusable neglect principles permit relief are as follows: (1) the danger of prejudice [to the opposing party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

Here, since the opposition is only one day late, the delay is unlikely to impact judicial proceedings or prejudice plaintiff in any way.

Our law office procedures provide that every reasonable effort, if not more, must be made to ensure deadlines are calendared correctly. We take calendaring very seriously at our office, so seriously that we require two staff members to independently calendar entries every single day to reduce the possibility of any error. The first person is to make the initial entry and the second person, as a quality control check, verifies the entry and makes edits if necessary.

On the day when the calendaring of this deadline should have occurred, our support staff were training a new person. Instead of following the

usual protocol, the person responsible for calendaring that day decided, on her own initiative and without informing any attorney, that it would be sufficient as a second "check" for the trainee to watch her do the calendaring. When asked why this happened, the staff members replied that they wanted to save time for the firm.

Unfortunately, the first person made a mistake and the trainee did not catch it. There was no second experienced person who did a check that day, as the firm requires, and ultimately our opposition due date was not calendared. Short of firing all our support staff and having the attorneys do 100% of the calendaring themselves, I can think of no other reasonable procedure that could be in place that would have prevented this error. None of this was the fault of or within the control of Defendants themselves.

Finally, the delay was due to staff error in not following procedures and was not a calculated bad faith act.

Once the office error was spotted, we moved immediately to reach out to Plaintiff's counsel first by phone and then via email to seek consent to the late filing. We were not able to get in touch with them.

Accordingly, we respectfully request an extension of one day to file our opposition to Plaintiff's motion for attorney fees and costs, and for Plaintiff to be given an additional day to file her reply brief.

Respectfully,

/s/ Bryce Jones
/s/ Deeban Siva
Bryce Jones, Esq.
Deeban Siva, Esq.
**Jones Law Firm, P.C.**
1270 6th Avenue, 7th Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com
deeban@joneslawnyc.com
*Attorneys for Defendants*