UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADE COKER,<br><br>*Plaintiff,*<br><br>—against—<br><br>GOLDBERG & ASSOCIATES P.C., and<br>JULIE GOLDBERG, ESQ., an individual,<br><br>*Defendants.* | Case No. 21-cv-1803-JLR |

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & COSTS

Respectfully Submitted by,

Deeban Siva, Esq.
**Jones Law Firm, P.C.**
1270 6th Avenue, 7th Floor
New York, NY 10005
(212) 577-9328
deeban@joneslawnyc.com
*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. III

I. PRELIMINARY STATEMENT .......................................................................................... 4

II. ARGUMENT ........................................................................................................................ 4

    POINT I ................................................................................................................................ 4

    POINT II ............................................................................................................................... 5

    POINT III .............................................................................................................................. 7

    POINT IV .............................................................................................................................. 9

    POINT V ............................................................................................................................... 9

III. CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Casual Water E v. Casual Water Ltd*, 2013 NY Slip Op 31687 .................................................. 10

*Goldberg v. Blue Ridge Farms*, 1:04-cv-05098, EDNY, 2005 ...................................................... 5

*Goldwire v. City of Riviera Beach*, 18-81285-CIV-DIMITROULEAS/MATTHEWMAN
    (S.D. Fla. Dec 15, 2023). ......................................................................................................... 8

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2nd Cir. 1998) .................................................. 4, 5

*Lee Enterprises v. City of Glen Falls,* 63270 NY LJ 1202783796377, S. Ct.
    (Warren County, 3/31/17) ........................................................................................................ 8

*Miro v. City of Bridgeport,* 3:20-cv-346 (VAB) (D. Conn. Jan 26, 2024). .................................... 4

*Ragin v. Harry Macklowe Real Estate Co*., 870 F. Supp 510 SDNY 1994 ................................... 6

*Simmons v. New York City Tr Auth*, 575 F2d 170, 2d Cir, 2009 ................................................. 10

*Young v. Kim*, 2012 Slip Op 83437 S. Ct. NY ............................................................................... 6

I.      **PRELIMINARY STATEMENT**

Defendants Goldberg and Associates, P.C., and Julie Goldberg, Esq., by and through their attorneys, Jones Law Firm, P.C., hereby respectfully submit the following Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs. As will be discussed in detail below, there are numerous issues with Plaintiff's request for Attorneys' Fees and Costs.

Firstly, Plaintiff initially had four claims against the Defendant, but later voluntarily dropped three of the claims. Plaintiff is thus not entitled to claim fees and costs incurred in pursuance of the three dropped claims. Secondly, other established fee reducing grounds exist, such as vagueness, duplicative entries, and unreasonable time expended on certain tasks.

Accordingly, Plaintiff Coker's motion should be denied entirely or lowered to an amount at the discretion of the Court. In further support of their opposition to the instant motion, the Defendants hereby respectfully state as follows:

II.     **ARGUMENT**

**POINT I**

**PLAINTIFF CAN ONLY CLAIM ATTORNEYS' FEES INCURRED WITH RESPECT TO THE PREVAILING CLAIM**

It is trite to say that a Plaintiff can only claim attorneys' fees incurred with respect to the claim in which Plaintiff prevailed. Thus, "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." In order for a Defendant to succeed in this argument, it needs to be evident that the unsuccessful claim "is distinct in all respects from [Plaintiff's] successful claims".  See *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2nd Cir. 1998). Claims are indistinct where they "involve a common core of facts or were based on related legal theories". See *Miro v. City of Bridgeport,* 3:20-cv-346 (VAB) (D. Conn. Jan 26, 2024).

4

In this matter, Plaintiff sued Defendants on March 2, 2021, asserting four claims: (1) failure to pay overtime pay under the FLSA; (2) failure to pay overtime and spread-of-hours pay under the NYLL; (3) retaliation under the FLSA; and (4) retaliation under the NYLL. In or around June 2023, Plaintiff subsequently and voluntarily withdrew claims 2, 3 and 4. Thus, Plaintiff's sole remaining claim was for failure to pay overtime under the FLSA.

Plaintiff succeeded with the first claim and now demands payment of her attorneys' fees in their entirety. Notwithstanding the fact that Plaintiff was only successful in one out of the four pleaded claims, Plaintiff has failed to reduce or apportion the attorneys' fees attributed to those claims. As proffered by the Court in *LeBlanc-Sternberg v. Fletcher*, the hours spent on the other three claims should be excluded in determining the fees that Plaintiff is now claiming from Defendants, as the three unsuccessful claims are based on different legal theories.

It is neither fair nor reasonable to expect Defendants to pay for the fees incurred by Plaintiff in concocting unsubstantiated and baseless claims. If the Court were to order Defendants to pay the fees incurred for the other three claims, this would open the floodgates for plaintiffs and their attorneys to create numerous groundless claims, instead of carefully analyzing the law and facts, as they would be able to claim the fees from a losing defendant.

For these reasons, it is respectfully submitted that Plaintiff's Motion be denied in its entirety, or lowered to an amount of no more than $30,546.00 at the discretion of the Court.

## POINT II

## PLAINTIFF'S TIME ENTRIES ARE VAGUE AND UNINTELLIGBLE

Courts will disallow time entries that have a lack of detail or are conclusory. "Entries merely labeled "drafted papers," or "revised memorandum of law"… such entries do not meet the specificity required for a fee award." [*Goldberg v. Blue Ridge Farms*, 1:04-cv-05098, EDNY,

2005]. See also *Ragin v. Harry Macklowe Real Estate Co*., 870 F. Supp 510 SDNY 1994, declining to award fees for entries described as "draft and edit brief" or "review files." See *Young v. Kim*, 2012 Slip Op 83437 S. Ct. NY, "an entry which states, without more, 'review emails,' 'write in response,' exemplify the type of entries that are too vague to allow this court to conclude that the record supports their inclusion on plaintiff's award of attorney's fees." See also Justice Schechter's Decision in the *Windsor Action* (155985/14, DKT 1298) wherein she assesses the attorney's time entries: "For the most part… plaintiff has not provided sufficient detail of the nature and extent of services rendered that would permit this court to conclude that the fees sought… are reasonable as to be recoverable… There are countless vague entries similar to… "review revised affirmation" [and] "review files."

Numerous entries documented in Plaintiff's attorneys' activity log are vague and indistinct. Altogether, at least 10% of the entries in the activity log have been identified as vague. See all yellow highlighted items in **"Exhibit A"** to Defendant's Declaration in Opposition to Plaintiff's request for Attorneys' Fees and Costs.

In particular, many entries are very general and simply state phrases such as "assign tasks" or "managed tasks" or "delegated out". See items 14, 241, and 246. Item 492 is described simply as "MSJ" and includes a bill of $1,710. These entries fail the specificity requirements for a fee award, as it is unclear what "tasks" are being assigned and managed, and what exactly has been "delegated out."

Similarly, numerous entries document emails sent to various parties, however, the items do not list the subject matter of the email at all. For example, item 35 reads "EM to OP". See also, for example, items 47, 55, 89 and 92. Assumably, this is shorthand for "email sent to opposing party." However, even this is not clear. Certain phone calls, such as those recorded in item 58, are

also vague and do not specify the subject matter of the phone call. The primary issue with entries like these is that they do not confirm that the work done was actually for the subject case. It could be that the emails exchanged were simple pleasantries or perhaps even related to another case. It is of course not fair to expect the opposition to pay fees unrelated to the subject matter.

Another questionable trend in the activity log is the recording of multiple entries stating "read corr" (assumed to mean "read correspondence"). As with the other items mentioned above, these entries, of which there are over 12, lack the specificity required for a fee award. Once again, how can Defendants be sure that this correspondence even relates to this matter, when most of these entries do not even specify between which parties the correspondence took place?

Equally vague entries include item 52, "Evaluate for taking into court," item 321, "JV ecf filed dkt," and item 328, "JV nagged OC." Another perplexing entry is item 379, a charge for $105 for "JV researched naturopathic doctor stuff based on OC's claim client is seeing a doctor." The scope and relevance of this as legal work for the subject case is not evident.

Items 94-97 contain various nonsensical entries of tasks which are unclear. For example, item 95, "OC to File Pre-Mtn Ltr by 5-3 - EM OC to check status on this" appears to be a reminder instead of a task actually performed in pursuance of the subject case. Item 195, "If MTD not withdrawn, can file R11 Motion. Decision?" also appears to be a reminder.

Accordingly, Plaintiff's Motion should be denied in its entirety or lowered to an amount of no more than $30,546.00 at the discretion of the Court.

**POINT III**

**PLAINTIFF'S TIME ENTRIES ARE DUPLICATIVE**

Courts will disallow time entries that reflect "double-billing," that is, billing by two different attorneys for the same task or where the same task has been billed for twice. Attorneys

can't bill for simultaneous performance of identical services, such as time spent "conferring" with another attorney. See *Lee Enterprises v. City of Glen Falls,* 63270 NY LJ 1202783796377, S. Ct. Warren County, 3/31/17. Yet, there are multiple duplicate entries in Plaintiff's activity log, including identical work done by different paralegals and/or attorneys and tasks that have been billed for twice.

As duplicate entries have been identified by Defendants (highlighted items in green in Exhibit A to Defendant's Declaration in Opposition to Plaintiff's request for Attorneys' Fees and Costs), as detailed below, Plaintiff now bears the burden of proving that "the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation". *Goldwire v. City of Riviera Beach*, 18-81285-CIV-DIMITROULEAS/MATTHEWMAN (S.D. Fla. Dec 15, 2023).

Firstly, there are multiple duplicated entries of two different legal professionals attending to the same task, with no explanation as to what further contribution the second legal professional has made to the task. Items 168 and 169, billed at $807.00 and $855.00 respectively, are both for preparation and attendance of mediation by two attorneys of the Plaintiff. Both of these attorneys are partners, charging their full rate. It is unclear why two partners were needed to prepare for and attend a simple mandatory mediation. Items 439-443 are again duplications of the same task, billed for by both partners at their full rate.

Secondly, there are multiple duplications of the same task performed more than once, with no explanation as to why the task is billed in duplication. For example, items 22 and 24 are both recorded as "Draft demand letter(s)." These entries are duplicative and vague as it is unclear what letters are being drafted and how these letters are relevant to the subject case.

Given the numerous duplications in Plaintiff's activity log, Plaintiff's Motion should be denied in its entirety or lowered to an amount of no more than $30,546.00 at the discretion of the Court.

## POINT IV

## PLAINTIFF'S TIME ENTRIES ARE IRRELEVANT TO THE SUBJECT CASE

Plaintiff's activity log also contains reference to various tasks that appear to be unrelated to the subject case. See red highlighted items in Exhibit A to Defendant's Declaration in Opposition to Plaintiff's request for Attorneys' Fees and Costs

For example, item 506, "JV went over courtesy copy process with lucy" appears to be some kind of training done by one of the Plaintiff's paralegals. It is unclear who Lucy is and whether this task was relevant and/or necessary to the subject case. Item 397 is an entry containing a background check on Defendant's counsel. This is irrelevant to the outcome of the subject case and should not be billed for. Plaintiff's Motion should thus be denied in its entirety or lowered to an amount of no more than $30,546.00 at the discretion of the Court.

## POINT V

## PLAINTIFF'S CLAIMS ARE EXCESSIVE

The activity log also contains entries for tasks that took much longer than should reasonably be spent on the relevant task. See purple highlighted items in Exhibit A to Defendant's Declaration in Opposition to Plaintiff's request for Attorneys' Fees and Costs.

For example, item 282 records an entry for 24 minutes billed for "securing" a client signature on discovery responses. Surely, requesting a signature takes no more than a 6-minute phone call or email? To bill 24 minutes for this is excessive. Item 517 records a staggering 1 hour and 24 minutes for the preparation of a copy. Firstly, it is unclear from this entry what exactly has

9

been copied, and secondly, it is inconceivable that preparing a copy can take longer than 30 minutes. See <u>Casual Water E v. Casual Water Ltd</u>, 2013 NY Slip Op 31687, "the hourly rate should take into account the uncomplicated nature of the contempt application." See <u>Simmons v. New York City Tr Auth</u>, 575 F2d 170, 2d Cir, 2009. "The Court finds that the time spent by counsel was not entirely reasonable or productive. The services rendered were… relatively simple. The services did not involve any novel or complex issues…It has held that a loser 'should not have to pay for a limousine, where a sedan could have done the job.'"

Respectfully, Defendants should not bear the burden for Plaintiff's Counsel's inefficiencies. Accordingly, the Motion should be denied in its entirety or lowered to an amount of no more than $30,546.00 at the discretion of the Court.

### III.   **CONCLUSION**

Not only is there a large disproportionality between the judgment amount awarded and the attorney's fees and costs claimed, but there are also a number of issues with the time entries recorded and claimed by Plaintiff's Counsel. For these reasons, Defendants respectfully request that the Court deny the Motion entirely or decrease the amount to no more than $30,546.00, at the discretion of the Court.

Dated: April 3, 2024
     New York, New York

_____
Deeban Siva, Esq.
**Jones Law Firm, P.C.**
1270 6th Avenue, 7th Floor
New York, NY 10020
(212) 258-0685
deeban@joneslawnyc.com
*Attorneys for Defendants*