UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADE COKER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GOLDBERG & ASSOCIATES P.C., and<br>JULIE GOLDBERG, an individual,<br><br>　　　　　　　　　Defendants. | Case No. 1:21-cv-1803-JLR-BCM |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Comes now Plaintiff Sade Coker, by and through counsel, and submits her reply to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees [Dkt 112].

## I. INTRODUCTION

On February 29, 2024, Hon. Jennifer Rochon entered an Order granting Plaintiff's Motion for Summary Judgment [Dkt. 106-107]. On March 12, 2024, Plaintiff filed her motion for attorney's fees [Dkts. 109-110]. On April 3, 2024, Defendants filed a motion to extend time to file their response 8 days late. [Dkt . 111] A response and reply to that letter motion were filed, and that motion to extend is still pending. [Dkt. 113, 114] Defendants also filed their opposition to Plaintiff's Motion for Attorney Fees and Costs on April 3. [Dkt. 112]. Although it is unclear whether the Court will accept this out of time submission, in an abundance of caution Plaintiff timely files her reply thereto.

The crux of Defendants' argument is that not all of the requested fees should be awarded. For the following reasons, their arguments are without merit.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## II. A REDUCTION IS NOT WARRANTED BASED ON PLAINTIFF VOLUNTARILY DISMISSING CERTAIN PERIPHERAL CLAIMS ALONG THE WAY.

"The lodestar figure may be adjusted upward or downward, however, there is a strong presumption that the lodestar figure represents a 'reasonable' fee." *United States Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir.1989). Defendants bear the burden to establish that a downward adjustment from the lodestar calculation is warranted. *Id.*

In some cases, where a plaintiff has achieved only partial or limited success, a reduction might be appropriate. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). When a plaintiff has achieved partial success but "the plaintiff's claims involve a common core of facts or are based on related legal theories and are therefore not severable, attorney's fees may be awarded for [work done on] unsuccessful claims as well as successful ones." *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004). In those cases courts should look to "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*; see also *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("So long as the plaintiff's unsuccessful claims are not wholly unrelated to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the [reasonable fee] amount.").

In this case, Plaintiff was fully successful on the relief requested. In her motion for summary judgment, she concluded as follows:

> WHEREFORE, the Plaintiff requests that summary judgment be entered against the Defendants, holding that
>     a. Defendant is liable for Plaintiff's underpaid overtime wages
>     b. Liquidated damages are appropriate
>     c. Damages for overtime plus liquidated damages are $4,986.14
>     d. Defendants bear liability for Plaintiff's attorney fees, in an amount to be decided by separate motion.
>     e. Defendants bear joint and several liability.

Dkt. 88 p. 19. Plaintiff prevailed on all points, subject to the motion for fees (i.e. point d. above) still being in pending status. Dkt. 106.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

The fact that Plaintiff included other allegations in her original complaint two years ago does not change this success. Further, of the claims included, all were based on the wage statutes and none involved different or separate discovery or other efforts. In summary judgment Plaintiff stated, "In a continued effort to streamline proceedings, Plaintiff voluntarily withdraws her claims for 'spread of hours' pay under the New York Labor Law as well as her retaliation claims under both state and federal law." This was not a failure of these claims, but a strategic decision. Indeed, those claims could and would have gone to trial absent this voluntarily withdrawal, and may have been successful as well. Bringing finality to the case at summary judgment was preferable, and arguably even more of a success than if Plaintiff had continued to pursue her claims through trial.

As quoted above, *United States Football League* allows that the lodestar can even be upwardly adjusted. Although it remains in the Court's discretion to do so, Plaintiff has not requested an upward adjustment despite the tenacity required in this case and the success stemming from it. However the amount certainly should not be downwardly adjusted in this case based on an affirmative proactive decision not to prolong the case through trial when earlier finality was apparent.

### III. THE FIRM'S TIME RECORDS ARE ADEQUATE; THE TIME SPENT WAS JUSTIFIABLE; AND PLAINTIFF'S COUNSEL HAS ALREADY REMOVED OR REDUCED CERTAIN ENTRIES.

Defendants ironically argue that certain time entries are unintelligible while making use to line numbers that do not actually appear in the exhibits (making it nearly impossible to identify which entries they are talking about) and suggest a reduction from to $30,546 without any indication of how they came up with that number.

The time entries were reasonably specific. There is not a requirement that time entries be so specific that their publicly filed submission *de facto* shows a road map of the firm's work

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

product and internal strategies. Also, to the extent that Defendants argue that some entries regarding communications between the firm and its client should have been more specific, that is inappropriate as the content of those communications would be privileged. Further, counsel have already marked certain entries as unbillable, where appropriate.

There were no duplicative entries. Time entries showing similar tasks often related to the fact that work gets interrupted and needs to be continued later rather than all in one continuous stretch. The very few times when two attorneys participated in a discrete activity (namely only mediation and one deposition) the efforts were not excessive or redundant. Notably, for example, although both Christopher Anderson and Penn Dodson were present at Defendants' deposition on 3/6/23, there is only a time entry for Mr. Anderson's participation, not Ms. Dodson's. The combined 8.5 hours time entries for preparation leading up to that deposition were reasonable, collaborative, and not redundant.

The time entries are also relevant to this case and not excessive. The excess of time spent on this case has been caused by Defendants' actions, inactions, and reactions, not Plaintiff's counsel's billing entry methodology.

### IV. PLAINTIFF'S COUNSEL HAS INCURRED ADDITIONAL TIME BRIEFING THIS ISSUE

"It is well-settled law in this Circuit that reasonable time spent on an attorney's fee application is compensable." *De La Paz v. Rubin & Rothman, LLC*, No. 11 CIV. 9625 ER, 2013 WL 6184425, at *15 (S.D.N.Y. Nov. 25, 2013)

Plaintiff's previous submission of time logs ended on 3/2/24 with the unbilled entry of a paralegal reviewing her time logs in anticipation of the firm's motion for fees. Since then the firm has logged an additional 17.1 hours for a combined claimed amount of $3,909, after excluding $294.50 worth of entries. Ex. 1, additional time logs. Adding this to the $53,667 previously

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*  P's Reply to D's Opposition To P's Mtn For Attorney's Fees
Case No. 1:21-cv-1803-JLR-BCM (SDNY)  Page 4

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
www.andersondodson.com

described, Plaintiff now asks the Court to award a total fee award of $57,576 (plus costs of $1593.97, plus interest).

V.     <u>**Conclusion**</u>

For the foregoing reasons, Plaintiff reiterates her request that this Court grant her Motion for Attorney's fees, and award $57,576 in fees and costs of $1,593.97 ($59,169.97 total), plus interest.

Respectfully submitted, this **10th** day of **April 2024**.

AndersonDodson, P.C.

*[signature]*

**Penn A. Dodson**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Coker v. Goldberg & Associates*     P's Reply to D's Opposition To P's Mtn For Attorney's Fees
Case No. 1:21-cv-1803-JLR-BCM (SDNY)     Page 5