UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SADE COKER,<br><br>                           Plaintiff,<br><br>-against-<br><br>GOLDBERG & ASSOCIATES P.C. and JULIE GOLDBERG, ESQ.,<br><br>                           Defendants. | Case No. 1:21-cv-01803 (JLR)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Folashade "Sade" Coker ("Plaintiff") sued Goldberg & Associates P.C. and Julie Goldberg (together, "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Law, N.Y. Lab. Law § 1 *et seq.* (the "NYLL"). ECF No. 1 (the "Complaint" or "Compl."). The Court ultimately granted Plaintiff's motion for summary judgment. *Coker v. Goldberg & Assocs. P.C.*, No. 21-cv-01803 (JLR), 2024 WL 869412 (S.D.N.Y. Feb. 29, 2024) ("*Coker II*").

Plaintiff now seeks attorneys' fees and costs as a prevailing party. ECF No. 109 ("Br."). As explained below, Plaintiff's motion is GRANTED in part.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts as set forth in *Coker II*. Briefly stated, Plaintiff worked for Defendants for about a month in 2020 before being fired. *See* 2024 WL 869412, at *1-2. Plaintiff sued Defendants on March 2, 2021, asserting four claims: (1) failure to pay overtime pay under the FLSA; (2) failure to pay overtime and spread-of-hours pay under the NYLL; (3) retaliation under the FLSA; and (4) retaliation under the NYLL. Compl. ¶¶ 31-52. Defendants unsuccessfully moved to

1

dismiss the Complaint. *See generally Coker v. Goldberg & Assocs. P.C.*, No. 21-cv-01803 (ER), 2022 WL 874719 (S.D.N.Y. Mar. 24, 2022) ("*Coker I*").

On June 23, 2023, Plaintiff moved for summary judgment on her FLSA overtime-pay claim. ECF No. 85. In her brief, Plaintiff "voluntarily withdr[ew] her claims for 'spread of hours' pay under the New York Labor Law as well as her retaliation claims under both state and federal law." ECF No. 88 at 19. Thus, Plaintiff proceeded – and, ultimately, prevailed – on summary judgment on a single claim under the FLSA for failure to pay overtime. *Coker II*, 2024 WL 869412, at *2, *8. Judgment was entered in Plaintiff's favor for $4,986.14 (an amount that included liquidated damages). *Id.* at *8; ECF No. 107.

On March 12, 2024, Plaintiff moved for an award of attorneys' fees and costs. Br. Defendants filed their opposition brief on April 3, 2024. ECF No. 112 ("Opp.").[1] Plaintiff filed her reply on April 10, 2024. ECF No. 115 ("Reply").

## LEGAL STANDARD

Under the FLSA, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008). "The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Fisher v. SD Prot., Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). But "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563

---

[1] Because Defendants' opposition brief was filed eight days late, Defendants belatedly moved under Federal Rule of Civil Procedure 6(b) for an extension of time to file their brief. ECF No. 111. The Court grants this motion given the lack of prejudice to Plaintiff, the relatively short length of the extension, the apparent lack of bad faith by Defendants, and the Court's interest in deciding matters with full briefing. *See Wang v. Omni Hotels Mgmt. Corp.*, 607 F. Supp. 3d 219, 222 (D. Conn. 2022) ("With respect to extending time, a district judge has broad discretion."); *Kernisant v. City of New York*, 225 F.R.D. 442, 431 (E.D.N.Y. 2005) ("[A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." (citation omitted)).

U.S. 826, 838 (2011) (quotation marks and citation omitted), and a district court enjoys "considerable discretion in determining what constitutes reasonable attorney's fees in a given case," *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 105 (2d Cir. 2022) (citation omitted). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838.

## DISCUSSION

Plaintiff seeks $57,576 in attorneys' fees and $1,593.97 in costs (equaling a total of $59,169.97), plus interest. *See* Reply at 5. The Court will address fees first, costs second, and interest third.

### I. Attorneys' Fees

The "presumptively reasonable fee" is calculated by multiplying the reasonable hourly rate by the reasonable number of hours for the case. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted). Defendants do not dispute that the hourly rates charged by Plaintiff's counsel and paralegals were reasonable. *See generally* Opp. Defendants also (properly) do not argue that Plaintiff's recovery of attorneys' fees must be proportional to the amount of damages that Plaintiff recovered. *Id.*; *see Fisher*, 948 F.3d at 604 ("[W]e have long held – and we reiterate today – that a fee may not be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." (quotation marks and citation omitted)); *Millea*, 658 F.3d at 169 ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery. Thus, the district court abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded."); *Najera v. Kurtishi*,

3

No. 21-cv-01309 (ER), 2024 WL 180867, at *4 (S.D.N.Y. Jan. 17, 2024) (collecting cases "reject[ing] the notion that fee awards in wage-and-hour cases must be proportional to the plaintiff's recovery").

Instead, Defendants argue that the total award of fees and costs should be reduced to no more than $30,546 (roughly half of the sum sought by Plaintiff) for two reasons: (1) Plaintiff voluntarily dismissed three of her four claims and thus prevailed only on her FLSA overtime-pay claim; and (2) Plaintiff's time records are vague, duplicative, and reflect unreasonable time spent on certain tasks. *See* Opp. at 4. The Court will address these arguments in turn.

Defendants' first argument is that the claimed attorneys' fees should be reduced because Plaintiff brought four claims against Defendants yet voluntarily dismissed all but one of those claims. *See id.* at 5. The only claim on which Plaintiff obtained summary judgment was her overtime-pay claim under the FLSA. *See id.*

The parties agree that attorney-fee awards for prevailing parties may be reduced where a plaintiff achieves only partial success on their claims. *See id.* at 4-5; Reply at 2. Indeed, in an FLSA case, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Holick*, 48 F.4th at 106 (citation omitted). Courts should look to both "the quantity and quality of relief obtained" to determine the degree of success achieved and size of a reasonable fee "under the circumstances of the case." *Barfield*, 537 F.3d at 152 (citations omitted). "When a plaintiff succeeds on some claims but not others, courts must also consider whether the claims brought are based on different facts and legal theories, or if the claims involve a common core of facts or are based on related legal theories." *Holick*, 48 F.4th at 106 (brackets, quotation marks, and citation omitted). "Where the work on successful claims is unrelated to work on

4

the unsuccessful claims, the work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id.* (quotation marks and citation omitted). "But where there is a common core of facts, or related legal theories, much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* (brackets, quotation marks, and citation omitted). Therefore, "attorney's fees may be awarded for unsuccessful claims as well as successful ones where they are inextricably intertwined and involve a common core of facts or are based on related legal theories." *Id.* (brackets and citation omitted).

Plaintiff argues that fees should not be reduced because she prevailed on all parts of her summary-judgment motion and obtained final judgment in this case. *See* Reply at 2-3. According to Plaintiff, she voluntarily withdrew her NYLL claims and her FLSA retaliation claim as a "strategic decision" to "streamline proceedings," rather than as "a failure of these claims." *Id.* at 3.

Even if Plaintiff strategically decided to withdraw her claims, the fact remains that she voluntarily withdrew them and therefore did not prevail on them. *See, e.g.*, *Green v. Torres*, 361 F.3d 96, 100 (2d Cir. 2004) (per curiam) (district court acted within its discretion in reducing fee award based on claims that plaintiff voluntarily dismissed before trial); *Cruz v. Space NY 50th St. LLC*, No. 17-cv-04936 (JLC), 2019 WL 4061492, at *6 (S.D.N.Y. Aug. 28, 2019) (court reduced fee award to account for voluntarily dismissals by two plaintiffs, given the lack of success on their claims). Therefore, the attorneys' fees related to the withdrawn claims would not be recoverable unless those claims were inextricably intertwined and involved a common core of facts with the remaining FLSA overtime claim or were based on related legal theories. In turn, Plaintiff's voluntarily dismissed NYLL overtime and spread-of-hours claims are sufficiently intertwined with Plaintiff's successful FLSA unpaid-overtime

5

claim, as the claims involved common factual and legal issues about the amount and nature of Plaintiff's work and her compensation for that work. *See, e.g.*, *Holick*, 48 F.4th at 107 (minimum-wage, commission, and overtime claims under the FLSA and the NYLL were sufficiently intertwined and arose from a common core of facts for purposes of assessing success on claims in awarding attorneys' fees).

      Plaintiff's retaliation claims under the FLSA and NYLL are a different story. Plaintiff's retaliation claims were litigated at the motion-to-dismiss stage, *see Coker I*, 2022 WL 874719, at *5-6, subjected to discovery, and then voluntarily dismissed at the summary-judgment stage. The retaliation claims center on whether Plaintiff was fired in retaliation for complaining about unpaid wages, and thus involve proving that Plaintiff complained to her employer, an adverse action was taken by the employer, and there was a causal connection between the complaint and Plaintiff's termination. *See id.* at *5 (describing elements of FLSA retaliation claim). Those elements are sufficiently legally and factually distinct from her separate claim of whether Plaintiff was actually paid her requisite overtime. The Court also notes that the damages for a retaliation claim are distinct from the damages available for an unpaid-overtime claim. *See* 29 U.S.C. § 216(b) (employers who perform acts of retaliation against an employee "shall be liable for such legal or equitable relief as may be appropriate to effectuate the [anti-retaliation provision], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages"). Still, there is some overlap with whether Plaintiff was actually paid the correct overtime under the FLSA – which would presumably form the basis for any complaint and resultant retaliation – such that the Court will not reduce the requested fees of $53,667 by 50 percent (given that the retaliation claims are two of her four claims), but instead by 15 percent based on a lack of success on those claims. *See, e.g.*, *Poulos v. City of New York*, No.

6

14-cv-03023 (LTS) (BCM), 2018 WL 3750508, at *13 (S.D.N.Y. July 13, 2018) (applying 50 percent reduction where billing entries included mix of recoverable and non-recoverable matters), *report and recommendation adopted*, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018). A smaller reduction is also warranted since fees expended at the summary-judgment stage were not spent on the retaliation claims given their voluntary dismissal in Plaintiff's opening brief.

  Defendants' second argument is that the requested fee award should be further reduced because Plaintiff's time entries are vague and unintelligible, duplicative, irrelevant to the case, and excessive. *See* Opp. at 5-10. The Court has reviewed closely the time records submitted by Plaintiff's counsel. While attorney-billing time seems to have been partly held in check by using paralegals, a reduction in fees is warranted for three reasons. First, many entries are too vague for the Court to find them reasonable. *See, e.g.*, ECF No. 112-2 at 4 ("JV read corr"); *id.* at 8 ("JV managed tasks"); *Montalvo v. Paul Bar & Rest. Corp.*, No. 22-cv-01423 (JLR), 2023 WL 5928361, at *6 (S.D.N.Y. Sept. 13, 2023) (reducing same firm's fees requested based on vague time entries). Second, timekeepers billed to this case almost every day and sometimes multiple times during a day in small increments, which was excessive. *See, e.g.*, ECF No. 112-2 at 2 (two entries on 12/23/2020 for 0.2 and 0.1 for sending a follow up email and checking in by email to see if opposing counsel intended to reply); *id.* at 10 (four entries on 9/16/22 of 0.1 or 0.2 for "email[ing] client," "managed tasks," and "read corr" (the latter twice)); *id.* at 13 (five entries on 11/22/22 of 0.1 or 0.2 for tasks that included emailing a reporter for a new deposition date and updating the calendar); *Montalvo*, 2023 WL 5928361, at *6 (reducing same firm's fee request for repeated use of 0.1 and 0.2 entries for tasks that would take less time). Third, some of the entries reflect an unreasonably long duration for a task or are administrative, *see, e.g.*, ECF No. 112-2 at 10 (0.4 for securing a client's signature

7

on 9/5/22), or should not be otherwise recoverable as related to the litigation, *see, e.g.*, *id.* at 14 (background research on opposing counsel on 11/29/22); *id.* at 17 (training another person on the courtesy-copy process on 7/28/23).

Rather than engaging in itemized deductions, the Court will reduce the fee award requested by another 10 percent for excessiveness, vagueness, and inclusion of unrelated and/or purely administrative tasks. *See Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) ("To address . . . redundancy or vagueness [in billing records], the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." (quotation marks and citation omitted)); *see, e.g.*, *Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, No. 15-cv-02158 (RA) (AJP), 2015 WL 5710320, at *10 (S.D.N.Y. Sept. 25, 2015) (reducing fees sought by Plaintiff by 10 percent for vague entries, excessive work, and administrative tasks, and citing similar cases), *report and recommendation adopted*, 2017 WL 818469 (S.D.N.Y. Mar. 1, 2017); *Agudelo v. E & D LLC*, No. 12-cv-00960 (HB), 2013 WL 1401887, at *3 (S.D.N.Y. Apr. 4, 2013) ("Rather than making minute-by-minute deductions, to remedy these billing practices I instead reduce all of counsel's time charges by 50 percent.").[2]

In all, the Court reduces the $57,576 fee request by a total of 25 percent to $43,182 and finds that this constitutes a reasonable attorneys' fee award for Plaintiff as a prevailing party here.

---

[2] The Court is unpersuaded by Plaintiff's argument that a total of $798 for three hours of time that was written off as non-billable out of over $50,000 in claimed fees is adequate to address all "administrative tasks" or otherwise unrecoverable fees. *Cf.* ECF No. 110-1 at 23.

## II. Costs

"An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (brackets, quotation marks, and citation omitted).  Here, Plaintiff requests reimbursement of $1,593.97 in costs.  ECF No. 110-2.  These are costs associated with items such as printing, service of process, and deposition transcripts.  *Id.*  Defendants do not take issue with any of the costs requested.  *See generally* Opp.  The Court finds that these costs are sufficiently documented and are recoverable.  *See, e.g.*, *Najera*, 2024 WL 180867, at *5 (awarding costs for filing, service, and transcript fees).

## III. Post-Judgment Interest

Finally, Plaintiff seeks post-judgment interest on the attorneys' fees awarded from the date of this Court's decision on fees.  Br. at 15.  Defendants do not oppose this request.  *See generally* Opp.  The Court grants post-judgment interest from the date of entry of the present order.  *See, e.g.*, *Lei v. A & C Seafood Int'l Grp. Corp.*, No. 21-cv-03471 (OEM), 2023 WL 8828839, at *2 (E.D.N.Y. Dec. 21, 2023) (awarding post-judgment interest on FLSA award that included attorneys' fees and costs).

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiff's motion for attorney's fees and costs and accordingly awards Plaintiff $43,182 in fees and $1,593.97 in costs, as well as post-judgment interest from the date of this Order.  The Clerk of Court is respectfully

9

directed to enter judgment in the aforesaid amount and terminate the motions at ECF Nos. 108, 109, and 111.

Dated:  May 20, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge