UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SADE COKER,

Plaintiff,

-against-

GOLDBERG & ASSOCIATES P.C. and JULIE GOLDBERG, ESQ.,

Defendants.

Case No. 1:21-cv-1803 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Folashade "Sade" Coker ("Plaintiff") sued Goldberg & Associates P.C. and Julie Goldberg (together, "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Law, N.Y. Lab. Law § 1 *et seq.* (the "NYLL"). Dkt. 1 ("Compl.") The Court ultimately granted summary judgment in favor of Plaintiff on February 29, 2024 on her claims for unpaid overtime under the FLSA in an amount of $4,986.14. *Coker v. Goldberg & Assocs. P.C.*, No. 21-cv-01803 (JLR), 2024 WL 869412 (S.D.N.Y. Feb. 29, 2024) ("*Coker II*"). On May 20, 2024, the Court thereafter awarded Plaintiff $43,182 in attorneys' fees and $1,593.97 in costs. *See Coker v. Goldberg & Assoc. P.C.*, No. 21-cv-01803 (JLR), 2024 WL 2274035 (S.D.N.Y. May 20, 2024) ("*Coker III*"). Defendants appealed and the Second Circuit affirmed on October 28, 2025. *Coker v. Goldberg & Assocs. P.C.*, No. 24-1658-cv, 2025 WL 3012274 (2d Cir. Oct. 28, 2025) (summary order) ("*Coker IV*").

Plaintiff now seeks $103,570.95 for attorneys' fees and costs expended on appeal and for collection efforts to recover on the prior judgment. Dkt. 129 ("Mot.") at 9. For the following reasons, Plaintiff's motion is GRANTED, in part, and DENIED in part.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts. Briefly stated, Plaintiff worked for Defendants for about a month in 2020 before being fired. *See Coker II*, 2024 WL 869412, at *1-2. Plaintiff sued Defendants on March 2, 2021, asserting four claims: (1) failure to pay overtime pay under the FLSA; (2) failure to pay overtime pay and spread-of-hours pay under the NYLL; (3) retaliation under the FLSA; and (4) retaliation under the NYLL. Compl. ¶¶ 31-52. Defendants unsuccessfully moved to dismiss the Complaint. *See generally Coker v. Goldberg & Assocs. P.C.*, No. 21-cv-01803 (ER), 2022 WL 874719 (S.D.N.Y. Mar. 24, 2022) ("*Coker I*").

On June 23, 2023, Plaintiff moved for summary judgment on her FLSA overtime-pay claim. Dkt. 85; Dkt. 87; Dkt. 88 ("Br."). In her brief, Plaintiff "voluntarily withdr[ew] her claims for 'spread of hours' pay under the [NYLL] as well as her retaliation claims under both state and federal law." Br. at 19. Thus, Plaintiff proceeded and ultimately prevailed on summary judgment on a single claim under the FLSA for failure to pay overtime. *Coker II*, 2024 WL 869412, at *2, *8. Judgment was entered in Plaintiff's favor for $4,986.14 (an amount that included liquidated damages). *Id.* at *8. On May 20, 2024, this Court granted, in part, Plaintiff's request for attorneys' fees and costs. Plaintiff requested a total of $59,169.97, plus interest; instead, the Court awarded $44,775.97, reducing the requested attorneys' fees amount by 15% due to the voluntary withdrawal of Plaintiff's NYLL and retaliation claims, and by 10% due to excessiveness, vagueness, and inclusion of unrelated and/or purely administrative tasks in the time entries. *See Coker III*, 2024 WL 2274035, at *2-5.

On June 19, 2024, Defendants filed a Notice of Appeal. Dkt. 121. On October 28, 2025, the Second Circuit affirmed the judgment of this Court. *Coker IV*, 2025 WL 3012274, at *2. Plaintiff thereafter filed a motion for additional attorneys' fees and costs on April 16, 2026, for

expenses related to responding to Defendants' appeal. *See* Mot. In her motion, Plaintiff also requests an additional award to compensate the collections firm she hired to assist in recovering on the judgment from Defendants. *See id.* at 9. Defendant did not file an opposition brief to Plaintiff's motion.

For the following reasons, the Court grants Plaintiff's motion in part and denies it in part.

**LEGAL STANDARD**

Under the FLSA, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs, to be paid by the defendant. *See* 29 U.S.C. § 216(b) (providing that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action"); *see Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008). A reasonable attorneys' fee "contemplates reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). A district court enjoys "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." *Holick v. Cellular Sales of N.Y., LLC,* 48 F.4th 101, 105 (2d Cir. 2022) (citation omitted).

"Reasonableness is the touchstone when determining whether to award attorneys' fees." *Viafara v. MCIZ Corp.*, No. 12-cv-07452 (RLE), 2014 WL 1777438, at *10 (S.D.N.Y. May 1, 2014). In determining the reasonableness of a requested fee award, the court assesses the "adequate documentation supporting the request[]" submitted by counsel. *Fisher v. S.D. Prot., Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Such records should document "for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). An award of attorneys' fees need not be proportional to the judgment to be reasonable, *see Young v. Cooper Cameron Corp.*, No. 4-cv-05968 (SC) (GWG),

2009 WL 10739105, at *3 (S.D.N.Y. Mar. 30, 2009) (collecting cases), and "the court may adjust the fee upward or downward based on other considerations," *Wolinsky*, 900 F. Supp. 2d at 336.

**DISCUSSION**

Plaintiff seeks $29,358.00 in attorneys' fees and $39.49 in costs for the work completed in connection with Defendants' appeal, plus post-judgment interest. Mot. at 9. Plaintiff asserts that the "lodestar" figure for this work, totaling $29,358.00 and representing 120.5 attorney and paralegal hours multiplied by various hourly rates, is reasonable. *See* Dkt. 129-3 ("Billing Log") at 20; *see also* Mot. at 4-6. Plaintiff also requests an additional $74,173.46 to compensate the collections firm hired to recover on the judgment from Defendants. *See* Mot. at 6-9. The Court will address each request in turn.

**I. Attorneys' Fees**

This Court has authority to award post-judgment attorneys' fees to prevailing parties in FLSA cases. *See* 29 U.S.C. § 216(b) (authorizing attorneys' fees and costs to prevailing plaintiff in FLSA action); *Young v. Cooper Cameron Corp.,* 586 F.3d 201, 208 (2d Cir. 2009) (holding that FLSA plaintiff's "entitlement to fees and costs extends to [an] appeal"); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 315 (S.D.N.Y. 2002) ("[P]revailing plaintiffs in FLSA cases are entitled to attorneys' fees for prosecuting or defending appeals"). "[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." *Barfield*, 537 F.3d at 152 (quotation marks and citation omitted).

Plaintiff succeeded in full on appeal. The Second Circuit held that it lacked jurisdiction to consider Defendants' appeal of the Court's order granting Plaintiff summary judgment on her

FLSA claim because of flaws related to Defendant's notice of appeal and affirmed the Court's award of attorneys' fees to Plaintiff. *Coker IV*, 2025 WL 3012274, at *1-2.

The fees awarded must also be reasonable and the "presumptively reasonable fee" is calculated by multiplying the reasonable hourly rate by the reasonable number of hours for the case. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted). Plaintiff asserts that the requested sum, a lodestar figure of $29,358.00, is reasonable, and attaches timesheet entries in support of the request. *See* Mot. at 2-3; Billing Log. Defendants did not file any opposition to this motion, and therefore do not contest the hourly rates charged by Plaintiff's counsel and paralegals. The Court finds that the rates charged are reasonable but that a reduction in the requested fees is warranted for several reasons.

Many of counsel's time entries carry the same defects as those in Plaintiff's original request in that they are too vague. *See* Billing Log at 3-5, 7, 9-11, 13-15, 17-20 (entries that state "check status generally," and are devoid of further detail); *id.* at 4 (1.0 hour entry for "reviewed case wholistically"); *see also Montalvo v. Paul Bar & Rest. Corp.*, No. 22-cv-1423 (JLR) (SN), 2023 WL 5928361, at *6 (S.D.N.Y. Sept. 13, 2023) (reducing firm's fees based on vague time entries). Indeed, some entries marked as billable are essentially indistinguishable from other entries marked as unbillable. *See* Billing Log at 20 (two entries for "Check status generally" marked unbillable and billable, respectively, with the only difference between the two being the "Activity category").

In addition, some entries reflect an unreasonably long duration for a task, are administrative in nature, or should not otherwise be recoverable as related to the litigation. *See, e.g.*, *id.* at 2, 9-10 (0.5 hours billed for assigning an employee to follow up with a task; 0.4 hours billed for emailing opposing counsel; 0.8 hours billed for emailing opposing counsel's paralegal and sending Slack messages relaying the information; 0.5 hours billed for calendaring a due date;

0.3 hours billed for tasking out next steps in "Anana application"). Indeed, the partner in this case, Ms. Dodson, billed 1.6 hours to "create[ing] a label for the appeals court to mail the briefs and cover letter" on March 12, 2024, *id.* at 1, and 5.4 hours and 2.4 hours on February 8, 2025 and October 17, 2025, respectively, to "[c]heck status generally," *id.* at 11, 15. There are also many timekeepers and an excessive amount of time spent overall on the appeal and fee application.

Rather than engaging in itemized deductions, the Court will again reduce the requested fee award by 10 percent for excessiveness, vagueness, and inclusion of unrelated and/or purely administrative tasks. *See Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) ("To address . . . redundancy or vagueness [in billing records], the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." (quotation marks and citation omitted)); *see, e.g.*, *Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, No. 15-cv-02158 (RA) (AJP), 2015 WL 5710320, at *10 (S.D.N.Y. Sept. 25, 2015) (reducing fees sought by plaintiff by 10 percent for vague entries, excessive work, and administrative tasks, and citing similar cases), *report and recommendation adopted*, 2017 WL 818469 (S.D.N.Y. Mar. 1, 2017); *Agudelo v. E & D LLC*, No. 12-cv-00960 (HB), 2013 WL 1401887, at *3 (S.D.N.Y. Apr. 4, 2013) ("Rather than making minute-by-minute deductions, to remedy these billing practices I instead reduce all of the counsel's time charges by 50 percent."). Therefore, the Court will grant Plaintiff's request for attorneys' fees in the amount of $26,422.20.

## II. Costs

The FLSA entitles prevailing plaintiffs to recover costs. *See Lee v. New Kang Suh, Inc.*, No. 17-cv-09502 (PED), 2023 WL 2024805, at *4 (S.D.N.Y. Feb. 15, 2023). "An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which

are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (alteration adopted) (quotation marks and citation omitted). Here, Plaintiff requests reimbursement of $39.49 in costs. Mot. at 9. These are costs associated with mailing and filing. Dkt. 129-5. The Court finds that these costs are sufficiently documented and are recoverable. *See, e.g.*, *Najera v. Kurtishi*, No. 21-cv-01309 (ER), 2024 WL 180867, at *5 (S.D.N.Y. Jan. 17, 2024) (awarding costs for filing, service, translations, and transcript fees).

## III. Anticipated Collection Agent Costs

Finally, Plaintiff requests a "premium" in the amount of $74,173.46 to compensate a collections firm to assist in collecting on the judgment from Defendants. *See* Mot. at 3, 9. Under Plaintiff's present proposed arrangement, the collections firm will charge a contingency fee in the amount of 50% of the recovered attorneys' fees. *Id.* at 3. Therefore, Plaintiff asks this Court to double her attorneys' fees award in order to compensate for the collection firm. *See id.* at 3-4, 8-9. The Court will not grant this request.

Under the FLSA, Plaintiff is entitled to recover reasonable attorneys' fees and costs as a prevailing party. 29 U.S.C. § 216(b). Plaintiff has not pointed to any statutory entitlement to recovery of anticipated fees that Plaintiff expects to pay a collections firm to attempt to recover the monies owed under this Court's judgments. Nor does Plaintiff cite a single case that supports this novel request. The sole case that Plaintiff relies upon in support of her request, *Silva Run Worldwide Limited. v. Gaming Lottery Corporation*, Nos. 96-cv-03231 (RPP) & 96-cv-05567 (RPP), 2003 WL 1798255, at *7 (S.D.N.Y. Apr. 4, 2003), is inapposite. *Silva Run* involved a request for damages and sanctions in connection with a finding of civil contempt by the court, *id.* at *2, *8, a far cry from a request for reasonable attorneys' fees and costs awarded to a prevailing party under the FLSA. In awarding attorneys' fees, the Second Circuit has cautioned that the Court must be careful to "avoid either the reality or the appearance of awarding windfall[s]."

*N.Y. State Ass'n for Retarded Child. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983) (quotation marks and citation omitted). Thus, the Court will not grant Plaintiff's request for over $70,000 to pay anticipated costs for a collection firm to attempt to recover amounts from Defendants.

**CONCLUSION**

For the following reasons, Plaintiffs motion for attorneys' fees and costs is granted in the amount of $26,422.20 in attorneys' fees and $39.49 in costs. The Court will also award post-judgment interest pursuant to 28 U.S.C. § 1961(a) from the entry date of the present order. The Clerk of Court is respectfully requested to terminate the motion at Dkt. 129.

Dated: October 21, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge